**Leo Blas**
24245 Temple Dr.
Chugiak, AK 99567
Telephone: 907-350-5369
Email: leoblas@gmail.com

RECEIVED
SEP 19 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEO BLAS<br>Defendant<br><br>V<br><br>BANK OF AMERICA<br><br>Alleged Plaintiff | Case: 3:24-CV-00183-SLG<br><br>**ANSWER**<br><br>**Article III Core issues of Deprivation of Life Liberty and Property requires Competent Court, and Seventh Amend Requires Jury Trial, and Fifth Amend requires Due Process** |

# ANSWER
# AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BANK OF AMERICA FRIVOLOUS 7TH FORECLOSURE

## Preamble:

1. The bank's Counsel is attempting to argue assumed facts that are not in evidence.

Counsel is offering only hearsay testimony, speculation and espouses numerous disputed preliminary facts as legal conclusions which in themselves defeat their complaint.

Under the professional rules of conduct, Counsel should not be allowed to testify to facts which are beyond their knowledge especially while advocating relentlessly on behalf of their client. **(Trinsey v Pegliaro)**

## I. Introduction:

2. I, Leo Blas, am the Defendant in this action and submit this Answer to the Complaint filed by Aldridge Pite Law Firm alleging to represent Bank of America.
Aldridge Pite Law Firm, is also doing business as Clear Recon Corp, self-describing itself as trustees, and is also a defendant in this matter in a prior 2024 ongoing foreclosure case filed

earlier this year by the defendant in the Alaska State Superior Court involving the same parties and same issues.

This is the seventh foreclosure case initiated against me by Bank of America since 2010, following six non-judicial foreclosures initiated by Bank of America and the deed of trust trustee, all of which were terminated by Bank of America after 14 years of harassment.

## II. **Jurisdiction and Special Defense**:

3. Plaintiff access to invoke jurisdiction of the federal court is precluded by The Prior Pending Action Doctrine relevant to ongoing foreclosure state Superior Court case this year since 4/24/2024, and The Younger Doctrine (case # 3AN-24-05974CI).

Notwithstanding all the allegations of the plaintiff even if proven true no judgment can flow favoring the plaintiff by virtue of The Prior Pending Action Doctrine.

The same goes for Unclean Hands by the plaintiff based on the 2012 Consent Judgment with the FDIC, OCC, Federal Reserve and all 50 states AGS against Bank of America.

Notwithstanding all the allegations of the plaintiff even if proven true no judgment can flow favoring the plaintiff by virtue of Unclean Hands.

## III. Response to Allegations:

4. I deny the allegations in paragraph [1] I deny the allegations in paragraph [2]

I deny the allegations in paragraph [3] I deny the allegations in paragraph [4]

I deny the allegations in paragraph [5] I deny the allegations in paragraph [6]

I deny the allegations in paragraph [7] I deny the allegations in paragraph [8]

I deny the allegations in paragraph [9] I deny the allegations in paragraph [10]

I deny the allegations in paragraph [11] I deny the allegations in paragraph [12]

I deny the allegations in paragraph [13] I deny the allegations in paragraph [14]

I deny the allegations in paragraph [15] I deny the allegations in paragraph [16]

I deny the allegations in paragraph [17] I deny the allegations in paragraph [18]

I deny the allegations in paragraph [19] I deny the allegations in paragraph [20]

I deny the allegations in paragraph [21] I deny the allegations in paragraph [22]

I deny the allegations in paragraph [22]

I deny the allegations in paragraph [23]

I deny the allegations in paragraph [24]

I deny the allegations in paragraph [25]

I deny the allegations in paragraph [26]

I deny the allegations in paragraph [27]

I deny the allegations in paragraph [28]

I deny the allegations in paragraph [29]

I deny the allegations in paragraph [30]

I deny the allegations in paragraph [31]

I deny the allegations in paragraph [32]

I deny the allegations in paragraph [33]

I deny the allegations in paragraph [34]

I deny the allegations in paragraph [35]

I deny the allegations in paragraph [36]

I deny the allegations in paragraph [37]

I deny the allegations in paragraph [38]

I deny the allegations in paragraph [39]

I deny the allegations in paragraph [40]

I deny the allegations in paragraph [41]

I deny the allegations in paragraph [42]

I deny the allegations in paragraph [43]

I deny the allegations in paragraph [44]

I deny the allegations in paragraph [45]

I deny the allegations in paragraph [46]

I deny the allegations in paragraph [47]

I deny the allegations in paragraph [48]

I deny the allegations in paragraph [52]

I deny the allegations in paragraph [53]

I deny the allegations in paragraph [54]

I deny the allegations in paragraph [55]

I deny the allegations in paragraph [56]

I deny the allegations in paragraph [58]

I deny the allegations in paragraph [59]

I deny the allegations in paragraph [60]

I deny the allegations in paragraph [61]

I deny the allegations in paragraph [62]

I deny the allegations in paragraph [63]

**<u>There's no Exhibit D!!!</u>**

I deny the allegations in paragraph [64]

I deny the allegations in paragraph [65]

I deny the allegations in paragraph [66]

I deny the allegations in paragraph [67]

I deny the allegations in paragraph [68]

I deny the allegations in paragraph [69]

I deny the allegations in paragraph [70] I deny the allegations in paragraph [71]

I deny the allegations in paragraph [72] I deny the allegations in paragraph [73]

I deny the allegations in paragraph [74] I deny the allegations in paragraph [75]

I deny the allegations in paragraph [76].

I lack sufficient information to admit or deny the allegations in paragraph [49]

I lack sufficient information to admit or deny the allegations in paragraph [50]

I lack sufficient information to admit or deny the allegations in paragraph [51]

I lack sufficient information to admit or deny the allegations in paragraph [57]

## III. **Affirmative Defenses**:

5. **Statute of Limitations**: This action is time-barred by the statute of limitations as determined by the Alaska Bankruptcy Court's decision on the Wrongful Foreclosure adversary proceeding between the same parties dated July 27, 2022. The plaintiff is time-barred from executing on the deed of trust per the 9/1/2022 Bankruptcy Court Order:

**Bank of America already initiated untimely nonjudicial foreclosure on May 6, 2022 per Bankruptcy Court order dated 9/1/2022:**

**'BANA's foreclosure was untimely in 2022' therefore 'Bank of America's motion must be denied'.**

> 'Assuming, without deciding, that Mr. Blas breached his payment obligations 30 days after his last payment under the loan contract was received on October 30, 2012 (injury/default date), **the calculation of a six-year limitations period under AS 45.03.118(a) would be as follows:**

| | | |
|---|---|---|
| Last Payment (per Alaska Supreme Court) | 10/30/2012 | |
| Payment unpaid when due | | 11/29/2012 |
| Applicable Statute of Limitations - Promissory Note - 6 Years | | 11/29/2018 |
| Days in Applicable Limitations Period | 2191 | |
| Bankruptcy Filed Tolling Limitations Period | | 11/30/2017 |
| Time Elapsed in Limitations Period at Bankruptcy | 1827 | |
| Stay Lifted for Foreclosure | | 12/17/2019 |
| Days Remaining to File Action/Foreclosure | 364 | |
| Revised limitation period after bankruptcy | | 12/15/2020 |
| Covid Moratorium Start | | 3/18/2020 |

| | |
|---|---|
| Days Elapsed (Bankr-Moratorium) from Limitations | 92 |
| Days Remaining to File Action/Foreclosure at Moratorium | 272 |
| Covid Moratorium End | 7/31/2021 |
| **Last day of limitations period with bankruptcy and moratorium** | **4/29/2022** |
| **Notice of Foreclosure Recorded** | **5/6/2022** |

**Based on the above dates, the statute of limitations cause of action under AS 45.03.118(a) has expired before Bank of America commenced the current foreclosure.**

'The court has attempted to calculate the accrual of the right of foreclosure in a manner favorable to Bank of America for the limited purpose of the motion to dismiss. But even under Bank of America's arguments, there are additional questions surrounding the significance of the parties' 2017 settlement, and whether it affects the accrual of its current right to foreclose its secured debt. '**Bank of America's motion must be denied' (Bankruptcy Court's order on 9/01/2022).**

6. **Res Judicata**: The claims asserted by Bank of America are precluded by the prior judgment in the Alaska Bankruptcy Court on September 1, 2022 which denied Bank of America motion to dismiss wrongful foreclosure (initiated 5/6/2022) complaint was time-barred as of 4/29/2022 (or earlier).

7. **Violation of RESPA**: Bank of America failed to comply with the requirements of the Dodd-Frank Act update to RESPA in Section 6A item 7A by:

- **Not initiating the federally required under RESPA loss mitigation process directly with the defendant prior to filing for foreclosure.**

- **Failing the federal requirement under RESPA to record the results of any mitigation efforts in the local land records before initiating foreclosure proceedings.**

8. **Breach of Contract**: Bank of America breached the Deed of Trust by failing to comply with Section 22, which requires sending a letter of intent to accelerate and a determination of default to the borrower before initiating foreclosure proceedings.

9. **Lack of Standing to Foreclose**: Bank of America, as the lender, does not have standing to initiate foreclosure proceedings as the Deed of Trust places the property in the hands of the Trustee. Only the Trustee has the authority to file for foreclosure against the borrower.

10. **Misrepresentation by Attorney Shannon K Calt**: Attorney Calt illegally misrepresents to the court that a notice of intent to accelerate and a notice of default letter were sent to the defendant before initiating this foreclosure and after the so-called **de-acceleration and termination notice** of the previous foreclosure was recorded on 5/30/2024 in order to fraudulently initiate the foreclosure without legal authority.

This fatal flaw robs the federal Court of Alaska of jurisdiction in this case, as it confirms that the attorney who initiated the judicial foreclosure did not have standing to do so.

11. **Unclean Hands**: Bank of America was caught engaging in improper noncompliant foreclosure practices under the consent judgments in 2012 with the Federal Reserve, OCC, FDIC, and all 50 state Attorneys General. Therefore, they are acting with unclean hands in this matter and should be barred from obtaining relief through this court.

12. **Ongoing Appeal**: There is a current appeal to the Ninth Circuit Court regarding the bankruptcy court's order lifting the stay dated January 16, 2024. This order is not final, and Bank of America could not have initiated the judicial foreclosure complaint before the previous appeal to this court (BAP) was completed and the order lifting the stay becomes final.

13. **Unauthorized Representation**: Aldridge Pite Law Firm, which is a defendant in the state court case and the attorneys filing for Bank of America in the federal District Court, lacks authorization to represent Bank of America or FannieMae. They are predatory charge-offs Zombie debt collectors, misrepresenting themselves to the court as representatives of the bank without any authority to do so.

14. **Misconduct by Counsel**: Shannon K. Calt, the attorney writing the complaints for Aldridge Pite, is implicated in submitting fraudulent documentation regarding the assignment from Bank of America to BACHL in 2010. This matter was identified by IFR auditors and led to a consent judgment against Bank of America by the FDIC, Federal Reserve and the Office of the Comptroller of the Currency (OCC), involving all 50 state attorneys general.

15. **Previous Rulings:** The District Court of Alaska previously ruled against Aldridge Pite, doing business as Clear Recon Corp, in the case of **Kelly v. Clear Recon Corp**, denying their motion to dismiss on the grounds that they failed to send the required letter of intent to accelerate under the Deed of Trust prior to initiating foreclosure just like in this case.

**Bank of America already received two final rulings on foreclosure in previous Superior Court cases one from Honorable Judge Aarseth in the 2014 case and one from Judge Miller in the 2017 case and cannot abuse the federal courts to relitigate the same matters at their convenience.**

16. **Improper Notarization**: The Deed of Trust dated February 22, 2008, is not properly notarized, as the paragraph identifying the signer is completely missing. The notary paragraph stating that someone appeared before them to sign is entirely absent from the document.

17. **Racketeering:** The actions of Bank of America and Aldridge Pite Law Firm constitute a pattern of racketeering activity, including fraudulent documentation, misrepresentation, and predatory debt collection practices aimed at unlawfully foreclosing on my property.

18. **Adverse Possession:** Plaintiff has been in actual, open, notorious, and continuous adverse possession of the Property since 11:59 PM on June 19, 2017 per settlement with the plaintiff.

## IV. Counterclaims:

19. **Counterclaim for Wrongful Foreclosure**:

a. No original or certified copies of supporting evidence were provided, all the exhibits are heavily redacted and do not comply with the Rules of Evidence or Best Evidence Rule.

b. The foreclosure is conducted in violation of Federal and Alaska Statutes and regulations, and without sending the required proper notices that are condition precedent to foreclosure to the defendant.

c. Under Alaska law AS 34.20.0701 the homeowner challenges the foreclosure based on lack of service, missing notices of intent to accelerate of default, violations of the foreclosure process, and misconduct by the lender.

d. The homeowner believes they are wrongfully foreclosed upon, and seek legal remedies and damages.

20**. Counterclaim for Fraud:**

Exhibit B is a forgery false Robosigned and Robonotarized assignment in **violation of UCC 9-203** and submitted by Bank of America and Shannon K. Calt in violation of **18USC 1001** and **18USC 1341** and **18USC 1343** and **18USC 1623** and **18USC 1519** criminal codes.

21. Counterclaim for Negligence:

**There is no Exhibit D with any such notices as was misrepresented to the court.**

21. Counterclaim for **Violation of RESPA**:

The debt in question is associated with a federally backed mortgage securitized debt. Defendant has failed to comply with federal regulations and guidelines governing the servicing and collection of such debts, including but not limited to, the Real Estate Settlement Procedures Act (**RESPA**) and related consumer protection statutes.

22. **Counterclaim for Breach of Contract**: Bank of America's failure to send the required notices of intent to accelerate and default in accordance with Section 22 of the Deed of Trust before initiating this foreclosure complaint constitutes a breach of contract, resulting in damages to me (see Kelly v. Clear Recon Corp).

23. **Counterclaim for Deceptive and Unfair Practices**: Defendant's actions to collect a time-barred debt are **deceptive and unfair**, in violation of the **Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 F6&I sec.**

24. **Counterclaim for Unauthorized Collection Practices**: Aldridge Pite Law Firm's actions as predatory debt collectors, without authorization to represent Bank of America, constitute unfair and deceptive practices under applicable consumer protection laws.

25. **Counterclaim for Legal Misconduct**: Shannon K Calt's involvement in submitting fraudulent assignments as part of his representation raises serious ethical concerns and constitutes legal misconduct, further damaging my interests in this matter.

26. **Counterclaim for Racketeering**: I assert a counterclaim for racketeering against Bank of America and Aldridge Pite Law Firm, based on their coordinated efforts to engage in fraudulent and unlawful practices to unjustly enrich themselves at my expense.

27. **Counterclaim for ADVERSE POSSESSION**

a. The defendant has been in actual, open, notorious, and continuous adverse possession of the Property since 11:59 PM on June 19, 2017 per settlement adhesion contract written and signed by the plaintiff.

b. Under Alaska law AS 09.45.052 the homeowner meets (before the foreclosure sale) the required open, uninterrupted, adverse and notorious possession of his real property under color and claim of title for seven years per settlement agreement signed by Bank of America dated 4/28/2017

c. This settlement was presented to the Bankruptcy Court as evidence by Bank of America in their AP 18-90003 evidentiary hearings alleging breach of contract by the homeowner which was **dismissed with prejudice by the court.**

d. Per p. 3 of 11, item V of this settlement titled Enforcement of Possession, the homeowner was deemed to be trespasser on the property as of midnight 6/19/2017 which is seven years on midnight before 6/20/2024 which voided the nonjudicial sale scheduled 10 hours later on that date by operation of law.

## V. PRAYER FOR RELIEF

WHEREFORE, the defendant respectfully requests that this Honorable Court will:

Dismiss the Complaint against the defendant based on the statute of limitations, res judicata, RESPA violations, and breach of contract, lack of standing, the ongoing appeal, unauthorized representation, legal misconduct, and racketeering.

Award damages for my counterclaims.

Determine that plaintiff's attempts to collect a time-barred debt and are in violation of the FDCPA 15USC 1692f6.

Determine that plaintiff has failed to comply with federal regulations governing federally backed mortgage securitized debt.

Determine Adverse Possession.

Award actual damages, punitive damages, and attorney's fees and costs to defendant.

Grant such other and further relief as this Court deems just and proper.

Respectfully

Leo Blas

Dated: 9/19/2024