IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

BANK OF AMERICA, N.A.,

        Plaintiff,

    v.

LIOR BLAS, *et al.,*

        Defendants.

Case No. 3:24-cv-00183-SLG

**ORDER ON MOTION FOR FILING BY EMAIL AND MOTION TO STAY CASE WHILE ON APPEAL**

There are many motions currently pending before the Court in this case. This order addresses two of the motions: at Docket 30, Defendant Leo Blas's Motion for Filing by Email; Plaintiff Bank of America, N.A. ("BANA") responded in opposition at Docket 35; and at Docket 18, Mr. Blas's Motion to Stay Case While on Appeal at Docket 18; BANA responded in opposition at Docket 26.

**I.    Motion for Filing by Email**

Mr. Blas seeks to file documents with the Court by email. He contends that BANA's attorneys are able to file documents electronically while he has to "battle

snow storms" to conventionally file documents with the Clerk's Office.[1]  He maintains that permitting him to file by email would "even the playing field a little."[2]

District of Alaska Local Rule 79.2(c) provides that "[s]elf-represented litigants must file all documents conventionally, unless otherwise permitted by the court's order."  Mr. Blas can file documents conventionally be either hand-delivering them to the Clerk's Office or by mailing them to the Clerk's Office.  Mr. Blas can avoid driving to the courthouse by mailing his documents to the Court.  Therefore, the Court **DENIES** Mr. Blas's Motion for Filing by Email at Docket 30.

Mr. Blas can mail documents to the Court at the following address:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

When Mr. Blas mails a document to the Court, he will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.  All litigants are responsible for keeping copies of everything filed with the Court.  As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed.  However, litigants should not send important original documents or

---

[1] Docket 30 at 1.

[2] Docket 30 at 1.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas et al.*
Order on Motion for Filing by Email and Motion to Stay Case While on Appeal
Page 2 of 6

Case 3:24-cv-00183-SLG    Document 42    Filed 01/07/25    Page 2 of 6

documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

## II. Motion to Stay Case While on Appeal

Mr. Blas seeks a stay of the instant case while his appeal of an order entered in Case No. 3:24-cv-00030-SLG ("*Blas I*")—another case involving the same parties and the same sequence of events—is pending before the Ninth Circuit.[3] The factual and procedural history of the dispute underlying this case is more fully recounted in the Court's prior orders.[4] As relevant here, the dispute here involves a decades-long disagreement between the parties over property located at 24245 Temple Drive, Chugiak, Alaska.[5] *Blas I* involved an appeal from an order of the United States Bankruptcy Court for the District of Alaska. Mr. Blas had filed several bankruptcy actions in an attempt to prevent the foreclosure of the Temple Drive property.[6] The Bankruptcy Court dismissed Mr. Blas's latest Chapter 13 proceeding because it found that he had initiated the proceeding in bad faith and made material misrepresentations to the Bankruptcy Court.[7] Mr. Blas appealed that order to this Court, after which BANA sought in the Bankruptcy Court a Motion for Relief from Stay such that BANA could initiate nonjudicial foreclosure

---

[3] Docket 18 at 3; *Blas v. Bank of America, N.A.*, Case No. 24-5737 (9th Cir.).

[4] Docket 17 at 1-6 (Case No. 3:24-cv-00030-SLG).

[5] Docket 17 at 1 (Case No. 3:24-cv-00030-SLG).

[6] Docket 17 at 2-5 (Case No. 3:24-cv-00030-SLG).

[7] Docket 17 at 4 (Case No. 3:24-cv-00030-SLG).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas et al.*
Order on Motion for Filing by Email and Motion to Stay Case While on Appeal
Page 3 of 6
Case 3:24-cv-00183-SLG    Document 42    Filed 01/07/25    Page 3 of 6

proceedings of the subject property.[8] The Bankruptcy Court granted BANA's Motion for Relief from Stay.[9] This Court ultimately affirmed—in a separate appeal and order—the Bankruptcy Court's dismissal of Mr. Blas's Chapter 13 proceeding[10] and, in *Blas I*, found that Mr. Blas's appeal to this Court of the Bankruptcy Court's order as to BANA's Motion for Relief from Stay was moot.[11] Mr. Blas did not appeal the Court's order affirming the dismissal of the Chapter 13 proceeding, but Mr. Blas has filed a notice of appeal from the Court's order in *Blas I*.[12]

BANA filed the instant suit for judicial foreclosure of 24245 Temple Drive and declaratory relief.[13] Mr. Blas's instant Motion to Stay Case While on Appeal seeks a stay of this case while his appeal from *Blas I* is pending before the Ninth Circuit,

Four factors are relevant to determining whether a stay pending appeal is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

---

[8] Docket 17 at 5 (Case No. 3:24-cv-00030-SLG).

[9] Docket 17 at 5 (Case No. 3:24-cv-00030-SLG).

[10] *Blas v. Jipping*, Case No. 3:23-cv-00051-JMK, 2024 WL 1199715 (D. Alaska Mar. 20, 2024).

[11] Docket 17 at 7-9 (Case No. 3:24-cv-00030-SLG).

[12] Docket 19 (Case No. 3:24-cv-00030-SLG).

[13] Docket 1 at ¶¶ 71-76.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas et al.*
Order on Motion for Filing by Email and Motion to Stay Case While on Appeal
Page 4 of 6
Case 3:24-cv-00183-SLG   Document 42   Filed 01/07/25   Page 4 of 6

parties interested in the proceeding; and (4) where the public interest lies."[14] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[15] "A stay is not a matter of right, even if irreparable injury might otherwise result."[16]

The Court finds that, for the reasons outlined in its prior order dismissing Mr. Blas's appeal as moot, he has not made a strong showing that he is likely to succeed on the merits of his appeal in *Blas I*.[17] Further, the Court finds that Mr. Blas will not be irreparably injured absent a stay, as his appeal of the order in *Blas I* regarding BANA's Motion for Relief from Stay does not impugn the Court's determination that the underlying Chapter 13 proceeding was properly dismissed, an order from which Mr. Blas did not appeal. The Court further finds that, while a stay would not substantially injure BANA or other interested parties, a stay would further delay the resolution of this longstanding dispute. The public interest is neutral. In assessing the required factors, the Court finds that Mr. Blas has not met his burden to show that the circumstances justify a stay in this case while his

---

[14] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[15] *Id.* at 433–34.

[16] *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

[17] *See* Docket 17.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas et al.*
Order on Motion for Filing by Email and Motion to Stay Case While on Appeal
Page 5 of 6
Case 3:24-cv-00183-SLG   Document 42   Filed 01/07/25   Page 5 of 6

appeal in different but related case, *Blas I*, is pending.[18]  The Court therefore **DENIES** Mr. Blas's Motion to Stay Case While on Appeal at Docket 18.[19]

DATED this 7th day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] Mr. Blas moved for a stay of this case in the Ninth Circuit, Mot. to Stay, Blas v. Bank of America, N.A., Case No. 24-5737 (9th Cir. Nov. 20, 2024), ECF No. 12, which remains pending.

[19] Mr. Blas first moved for a stay in the Bankruptcy Court, which the Bankruptcy Court denied. *In re Blas*, Case No. 22-00100 (Bankr. D. Alaska Nov. 25, 2024), ECF No. 181.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas et al.*
Order on Motion for Filing by Email and Motion to Stay Case While on Appeal
Page 6 of 6

Case 3:24-cv-00183-SLG     Document 42     Filed 01/07/25     Page 6 of 6