# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BANK OF AMERICA, N.A.,

            Plaintiff,

    v.

LIOR BLAS, *et al.*

            Defendants.

Case No. 3:24-cv-00183-SLG

LIOR BLAS,

            Counterclaimant,

    v.

BANK OF AMERICA, N.A.,

            Counterdefendant.

## <u>ORDER ON PENDING MOTIONS</u>

This order addresses the following 25 motions currently pending before the Court:

1.  At Docket 13 is Defendant and Counterclaimant Lior Blas's Motion for Summary Judgment. Plaintiff and Counterclaim Defendant Bank of America, N.A. ("BANA") responded in opposition at Docket 19. Mr. Blas did not file a reply.

2.  At Docket 22 is Mr. Blas's Motion to Dismiss Foreclosure Claims. BANA responded in opposition at Docket 29. Mr. Blas did not file a

reply.

3.　At Docket 23 is BANA's Motion to Dismiss Defendant's Affirmative Defenses and Counterclaims.　Mr. Blas responded in opposition at Docket 27, and BANA replied at Docket 33.

4.　At Docket 28 is Mr. Blas's Motion for Order to Show Cause. BANA did not file a response.

5.　At Docket 32 is Mr. Blas's second Motion to Dismiss.　BANA responded in opposition at Docket 37.　Mr. Blas did not file a reply.

6.　At Docket 34 is Mr. Blas's Motion to Strike Complaint. BANA responded in opposition at Docket 37.　Mr. Blas did not file a reply.

7.　At Docket 36 is Mr. Blas's Motion to Identify the Plaintiff.　BANA responded in opposition at Docket 43.　Mr. Blas did not file a reply.

8.　At Docket 41 is Mr. Blas's Motion to Challenge Lawsuit for Lack of Jurisdiction.　BANA responded in opposition at Docket 45.　Mr. Blas did not file a reply.

9.　At Docket 47 is Mr. Blas's Motion Addressing Constitutional Matters of Deprivation of Civil Rights.　BANA responded in opposition at Docket 51. Mr. Blas did not file a reply.

10.　At Docket 50 is Mr. Blas's Supplemental Motion re Discrepancies and Inconsistencies Surrounding the Chain of Title. BANA did not file a response but later moved to strike the motion.

11. At Docket 52 is Mr. Blas's Supplemental Motion re Bank of America Status as a Section 25A Federal Reserve Edge Act Corporation. BANA did not file a response but later moved to strike the motion.

12. At Docket 53 is Mr. Blas's Supplemental Quantum Meruit Motion and Counterclaim by Lior Blas. BANA did not file a response but later moved to strike the motion.

13. At Docket 56 is BANA's Motion to Strike ECF 50. Mr. Blas did not file a response.

14. At Docket 57 is BANA's Motion to Strike ECF 52. Mr. Blas did not file a response.

15. At Docket 58 is BANA's Motion to Strike ECF 53. Mr. Blas did not file a response.

16. At Docket 59 is Mr. Blas's Motion to Compel Production of Evidence from Bank of America's Accounting System. BANA responded in opposition at Docket 60. Mr. Blas did not file a reply.

17. At Docket 62 is Mr. Blas's Motion for Plaintiff Lack of Minimal Contact and Lack of Disclosure of the Securitization Nature of Alleged Initial Transaction. BANA did not file a response but later moved to strike the motion.

18. At Docket 63 is Mr. Blas's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Conflict of Interest and Failure to Condition Precedent

Notice.  BANA did not file a response but later moved to strike the motion.

19. At Docket 64 is BANA's Motion to Strike ECF 62.  Mr. Blas did not file a response.

20. At Docket 65 is BANA's Motion to Strike ECF 63.  Mr. Blas did not file a response.

21. At Docket 66 is Mr. Blas's Rooker-Feldman Preclusion Jurisdictional Motion.  BANA did not file a response but later moved to strike the motion.

22. At Docket 67 is BANA's Motion to Strike ECF 66.  Mr. Blas did not file a response.

23. At Docket 68 is Mr. Blas's Motion for Summary Judgment, Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Request for Sanctions, which the Court docketed as a Motion for Summary Judgment pursuant to Local Rule 7.1(f), which requires that "each motion must be filed separately." BANA did not file a response but later moved to strike the motion.[1]  Mr. Blas filed a supplemental addendum at Docket 71 without leave of Court.

24. At Docket 69 is Mr. Blas's Motion for Summary Judgment, Motion to

---

[1] BANA's Motion to Strike ECF 68, 69, 70, and 71; or, In the Alternative, Motion for a More Definite Statement at Docket 81, is not yet ripe.

Dismiss for Lack of Subject Matter Jurisdiction, and Request for Sanctions, which is identical to Docket 68 and was docketed as a Motion to Dismiss pursuant to Local Rule 7.1(f). BANA did not file a response but later moved to strike the motion.

25. At Docket 70 is Mr. Blas's Motion for Summary Judgment, Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Request for Sanctions, which is also identical to Docket 68 and was docketed as a Motion for Sanctions pursuant to Local Rule 7.1(f). BANA did not file a response but later moved to strike the motion.

Mr. Blas has also filed multiple notices with the Court:

1. At Docket 6, Notice to Court.

2. At Docket 12, Notice of Conflicting Ongoing Cases.

3. At Docket 38, Judicial Notice of Prior Ongoing Superior Court Hearing Among Same Parties on Same Matters.

4. At Docket 39, Notice of Related Case Under Abstention Doctrines and Ethical Violations. BANA filed a response in opposition at Docket 46.

5. At Docket 44, Notice of Discovery Requests.

6. At Docket 48, Notice of Defendant Answers to Plaintiff Requests for Admissions.

7. At Docket 49, Judicial Notice Bank of America Action is Untimely.

8. At Docket 74, Notice of Motion for Violation of the Discharge Order in

Bankruptcy from 5/31/2019 Filed Today in the Alaska Bankruptcy Court.

Oral argument was not requested and was not necessary to the Court's determinations.

## BACKGROUND

### I. Factual Background[2]

This case is the latest chapter in a more than decade-long dispute between Mr. Blas and BANA over property located at 24245 Temple Drive, Chugiak, AK 99567.[3] As relevant here, on or about February 22, 2008, Mr. Blas executed a $300,000 promissory note ("Note") to BANA, which was secured by a deed of trust ("Deed of Trust") against the Chugiak property.[4] The Deed of Trust provided that the borrower was Lior Blas and the lender was BANA.[5] After defaulting on the Note, Mr. Blas sought and received a loan modification on July 1, 2011.[6] Mr. Blas made payments consistent with the terms of the loan modification through May 2012, but defaulted on the loan again in June 2012.[7] Mr. Blas has made no

---

[2] The following facts are taken from the Complaint and are accepted as true for the purposes of Mr. Blas's motions to dismiss.

[3] *See* Docket 1 at ¶ 4 (Compl.).

[4] Docket 1 at ¶ 5–7, 11–12; *see also* Docket 1-1 (Deed of Trust), Docket 1-3 (Note).

[5] Docket 1-1 at 1.

[6] Docket 1 at ¶ 13.

[7] Docket 1 at ¶¶ 13–14.

payments to BANA since October 2012.[8]  BANA has since initiated multiple non-judicial foreclosure proceedings against the Chugiak property,[9] and Mr. Blas has filed approximately a dozen different lawsuits in different forums related to BANA's attempts to foreclose.[10]

## II.    Prior Proceedings

Three unreported decisions from the Alaska Supreme Court document Mr. Blas's initial efforts to avoid payment to, and foreclosure by, BANA: *Blas v. Bank of America, N.A.* ("*Blas I*"), Case No. No. S-16174, 2017 WL 1379317 (Alaska Apr. 12, 2017), *Blas v. Bank of America, N.A.* ("*Blas II*"), Case No. S-16933, 2019 WL 1199170 (Alaska Mar. 13, 2019), and *Blas v. Bank of America, N.A.* ("*Blas III*"), Case No. S-17253, 2019 WL 5061383 (Alaska Oct. 9, 2019).

After Mr. Blas's initial state court challenges were unsuccessful, Mr. Blas filed for bankruptcy under Chapter 13 to stay the pending foreclosure.[11]   The Bankruptcy Court denied Mr. Blas's objection to BANA's Proof of Claim for the amount of the mortgage loan secured by the Chugiak property after an evidentiary hearing.[12]   Mr. Blas appealed the decision to this Court, which affirmed the

---

[8] Docket 1 at ¶¶ 16–17.

[9] *See* Docket 1 at ¶¶ 19, 29, 51–53,

[10] Docket 1 at ¶¶ 20–24, 30–48, 54–56.

[11] *In re Blas*, Case No. 17-00411-GS, 2018 WL 3343490, at *1 (Bankr. D. Alaska July 5, 2018).

[12] *In re Blas*, 2018 WL 3343490, at *1; *In re Blas*, Case No. 17-00411 GS, 2019 WL 7602219, at *1–4 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, Case No.19-CV-00324, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

Bankruptcy Court.[13]

On February 13, 2019, Mr. Blas converted his original Chapter 13 proceeding to a Chapter 7 liquidation, and the Bankruptcy Court thereafter entered a Chapter 7 discharge.[14]  The Bankruptcy Court then granted BANA's request for relief from the automatic stay imposed by the Chapter 7 discharge, noting that "[Mr. Blas's] repeated refusal to acknowledge the courts' rejection of his arguments against BANA's foreclosure evidences an intent to unreasonably deter and harass BANA, and is further proof of his bad faith in pursuing this case."[15]  Mr. Blas appealed, and the Bankruptcy Court's decision to lift the stay was affirmed by this Court.[16]

In October 2020, the Chapter 7 Trustee settled all existing claims Mr. Blas held, or may have held pre-petition, against BANA, and the Bankruptcy Court approved the settlement.[17]  Mr. Blas appealed that Bankruptcy Court decision to

---

[13] *Blas v. Bank of Am. N.A.*, Case No. 3:19-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

[14] *In re Blas*, Case No. 17-00411-GS, Docket 183 at 1 (Bankr. D. Alaska Feb. 13, 2019); *In re Blas*, Case No. 17-00411-GS, Docket 221 at 1 (Bankr. D. Alaska May 31, 2019); *see also In re Blas*, Case No. 22-00100-GS, Docket 88 at 2 (Bankr. D. Alaska Mar. 2, 2023).

[15] *In re Blas*, 614 B.R. 334, 343 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am., N.A.*, Case No. 3:19-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

[16] *Blas*, 2020 WL 10319361, at *2–3.  The original proceeding was closed by the Bankruptcy Court on November 26, 2024, following the resolution of Mr. Blas's appeals. *See In re Blas*, Case No. 17-00411-GS, Docket 415 at 2 (Bankr. D. Alaska Jun. 4, 2024) ("The case only remains open due to Blas's pending appeals.").

[17] *In re Blas*, Case No. 17-00411-GH, Docket 316 at 1 (Bankr. D. Alaska Oct. 16, 2020).

this Court, which again affirmed the Bankruptcy Court's order.[18]  Mr. Blas appealed this Court's decision to the Ninth Circuit, which similarly affirmed.[19]

In May 2022, Mr. Blas commenced another adversary proceeding against BANA in the Chapter 7 case, where he sought to enjoin BANA's pending non-judicial foreclosure of the Chugiak property.[20]  Before the Bankruptcy Court ruled in the adversary proceeding, Mr. Blas filed yet another case, a second Chapter 13 reorganization.[21]  The Bankruptcy Court ultimately dismissed Mr. Blas's Chapter 7 adversary proceeding, which left the second Chapter 13 reorganization as the last remaining bankruptcy proceeding.[22]

On March 2, 2023, the Bankruptcy Court granted the Trustee's Motion to Dismiss the second Chapter 13 proceeding, finding that Mr. Blas had filed the Chapter 13 proceeding in bad faith and had made material misrepresentations to

---

[18] *Blas v. Bank of Am., N.A.*, Case No. 3:20-cv-00271-RRB, 2021 WL 4433166, at *1 (D. Alaska Sept. 27, 2021), *aff'd*, *Blas v. Bank of Am., NA,* Case No. 21-35832, 2023 WL 4703173 (9th Cir. July 24, 2023).

[19] *Blas,* 2023 WL 4703173, at *1.

[20] *Blas v. Bank of Am., N.A.*, Case No. 22-90003, Docket 1 (Bankr. D. Alaska May 12, 2022); *see* also *In re Blas* Case No. 22-00100, Docket 88 at 2 (Bankr. D. Alaska Mar. 2, 2023).

[21] *In re Blas* Case No. 22-00100, Docket 88 at 2–3 (Bankr. D. Alaska Mar. 2, 2023).

[22] *Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 48 at 6 (Bankr. D. Alaska Sept. 1, 2022) (granting in part BANA's motion to dismiss Chapter 7 adversarial proceedings); *Blas v. Bank of Am., N.A.*, Case No. 22-90003, Docket 80 at *4–6 (Bankr. D. Alaska Mar. 1, 2023) (finding that the bankruptcy court did not have jurisdiction to hear Mr. Blas's statute of limitations challenge to BANA's non-judicial foreclosure); *see* also *In re Blas*, Case No. 22-00100, Docket 88 at 3 (Bankr. D. Alaska Mar. 3, 2023).

the Bankruptcy Court.[23]  Mr. Blas appealed that dismissal to this Court.[24]  On March 20, 2024, this Court affirmed the Bankruptcy Court's decision to dismiss the underlying Chapter 13 proceeding and entered a final judgment.[25]  Mr. Blas did not appeal this Court's decision to the Ninth Circuit and the time to appeal that decision expired.[26]

While that appeal was pending in this Court, the parties filed several additional motions with the Bankruptcy Court.  First, on September 22, 2023, BANA filed a Motion for Relief from Stay, seeking to proceed with a non-judicial foreclosure of the Chugiak Property.[27]  And second, on October 2, 2023, Mr. Blas filed a Motion to Dismiss and Motion to Show Cause and Motion for 362(k) Sanctions.[28]  On January 16, 2024, while Mr. Blas's appeal of the Chapter 13 dismissal was still pending in this Court, the Bankruptcy Court issued an "Order 1) Denying [Mr. Blas's] Motion to Dismiss and Motion to Show Cause and Motion for 362(k) Sanctions . . . and 2) Granting [BANA's] Motion for Relief from Stay."[29]  The

---

[23] *In re Blas*, Case No. 22-00100-GS, Docket 88 at 6–9 (Bankr. D. Alaska Mar. 2, 2023).

[24] *In re Blas*, Case No. 22-00100-GS, Docket 89 (Bankr. D. Alaska Mar. 2, 2023); *Blas v. Jipping*, Case No. 3:23-cv-00051-JMK, 2024 WL 1199715, at *1 (D. Alaska Mar. 20, 2024).

[25] *Blas v. Jipping*, Case No. 3:23-cv-00051-JMK, 2024 WL 1199715 (D. Alaska Mar. 20, 2024).

[26] *See* Fed. R. App. P. 4(a)(1)(A), 6(b)(1).

[27] *In re Blas*, Case No. 22-00100-GS, Docket 119 (Bankr. D. Alaska Sept. 22, 2023).

[28] *In re Blas*, Case No. 22-00100-GS, Docket 123 (Bankr. D. Alaska Oct. 2, 2023).

[29] Docket 1-3 at 1.

Bankruptcy Court noted that the pendency of the appeal of the Chapter 13 dismissal in conjunction with the motion practice created a "strange procedural posture where the bankruptcy should be concluded, but is not."[30]  The Bankruptcy Court found that BANA was entitled to relief from the stay because Mr. Blas had filed the Chapter 13 proceeding in bad faith.[31]  In denying Mr. Blas's motions, the Bankruptcy Court also found that Mr. Blas's assertions were "frivolous" and "unpersuasive."[32]

Mr. Blas appealed the January 16, 2024, Bankruptcy Court order to the District Court.[33]  On September 13, 2024, after providing notice of its intent to dismiss, this Court dismissed Mr. Blas's appeal as moot.  The Court explained that "the finalized dismissal of the underlying Chapter 13 proceeding in March 2024 . . . . mooted the issue of whether relief from automatic stay should have been granted in January 2024 when the appeal was still then pending."[34]  Mr. Blas appealed. On February 26, 2025, the Ninth Circuit affirmed this Court's judgment.[35]

---

[30] Docket 1-3 at 3.

[31] Docket 1-3 at 3.

[32] Docket 1-3 at 4–5.

[33] Docket 1-2 at 1.

[34] *Blas v. Bank of Am., N.A.,* Case No. 3:24-cv-00030-SLG, Docket 17 at 8 (D. Alaska Sept. 13, 2024).

[35] *Blas v. Bank of Am., N.A.,* Case No. 24-5737, Docket 21.1 (9th Cir. Feb. 26, 2025).

### III. This Judicial Foreclosure Action

On August, 21, 2024, BANA filed this action seeking Judicial Foreclosure and Declaratory Relief against Mr. Blas and anyone else who claims an interest in the Chugiak Property.[36] BANA filed the Complaint in federal court based on diversity jurisdiction.[37] On September 19, 2024, Mr. Blas filed an answer, in which he denied the allegations in the Complaint, asserted various affirmative defenses, and raised counterclaims for wrongful foreclosure, fraud, violation of the Real Estate Settlement Procedures Act (RESPA), breach of contract, deceptive and unfair practices, unauthorized collection practices, legal misconduct, and racketeering. On October 18, 2024, the Court entered a Scheduling and Planning Order.[38]

Since filing his answer and counterclaims, Mr. Blas has filed more than 20 motions in this case, including multiple motions to dismiss and motions for summary judgment. In an order filed January 7, 2025, at Docket 42, the Court denied Mr. Blas's Motion for Filing by Email and Motion to Stay Case While on Appeal. This order addresses 25 pending motions.[39]

---

[36] Docket 1.

[37] Docket 1 at ¶¶1–3.

[38] Docket 14.

[39] Additional motions pending before the Court will be addressed in a separate order (or orders) in due course.

**DISCUSSION**

1.    Mr. Blas's **Motion for Summary Judgment at Docket 13** is DENIED.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[40] A party seeking summary judgment must set out specific facts in sworn declarations, deposition testimony, sworn answers to interrogatories, or authenticated documents, as provided in Rule 56(c). If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[41] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[42]

Mr. Blas contends that he is entitled to summary judgment in his favor for two reasons: first, BANA initiated six previous non-judicial foreclosure actions, each of which were later terminated, which Mr. Blas asserts is proof of BANA's "unclean hands"; and second, BANA did not satisfy its mitigation obligations pursuant to RESPA and the Dodd-Frank Wall Street Reform and Consumer

---

[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[41] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[42] *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Protection Act.[43]

BANA responds, first, that it has been repeatedly trying to foreclose based on what appears to be an uncontested default for more than 12 years because Mr. Blas is a serial litigant, and that it has standing to foreclose on the Chugiak property.[44] Second, BANA asserts that it was exempt from the requirement to offer Blas loss mitigation options before the present judicial foreclosure.[45] BANA further contends that Mr. Blas is a vexatious litigant and that the Court should award BANA attorney's fees and expenses in the amount of $13,786.91 pursuant to 28 U.S.C. § 1927.[46]

Mr. Blas has not shown that he is entitled to summary judgment in this judicial foreclosure action. First, BANA is not barred from bringing this foreclosure action by the doctrine of unclean hands. Unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct."[47] The doctrine "requires a finding of inequitableness or bad faith,"[48] and further "requires balancing the alleged wrongdoing of the plaintiff against that of

---

[43] Docket 13 at 1–2.

[44] Docket 19 at 3–5.

[45] Docket 19 at 5–6.

[46] Docket 19 at 6.

[47] Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989).

[48] Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 602 (9th Cir. 1991).

the defendant."[49]  Here, the Court finds no indication that BANA has engaged in any inequitable conduct. Mr. Blas has presented no evidence that BANA's prior attempts to foreclose through non-judicial foreclosure procedures "violated conscience, good faith or other equitable principles."[50]  On the contrary, in various cases related to the foreclosure of the Chugiak property, courts have found that Mr. Blas—not BANA—repeatedly acted in bad faith,[51] brought "frivolous" motions,[52] and engaged in actions "evidenc[ing] an intent to unreasonably deter and harass BANA."[53]

Second, Mr. Blas has not shown that it is undisputed that BANA did not comply with regulations that entitle borrowers to loss mitigation options.  12 C.F.R. § 1024.41(f)(1)(i) provides that a mortgage servicer "shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless" the "mortgage loan obligation is more than 120 days delinquent." BANA maintains that Mr. Blas's last payment was in October 2012.[54]  As such, the

---

[49] *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015).

[50] *Dollar Sys.*, 890 F.2d at 173. Assertions of fact in support of a motion for summary judgment must be based on admissible evidence, such as affidavits or declarations made with personal knowledge, sworn testimony, discovery responses, or authenticated documents. *See* Fed. R. Civ. P. 56(c); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

[51] Docket 1-3 at 3; *In re Blas*, 614 B.R. 334, 343 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am., N.A.*, Case No. 3:19-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

[52] Docket 1-3 at 4–5.

[53] *In re Blas*, 614 B.R. at 343.

[54] Docket 1 at ¶ 16; *see also Blas I*, 2017 WL 1379317, at *1.  Mr. Blas does not appear to assert

mortgage had been delinquent for much longer than the required 120-day waiting period for BANA to initiate a judicial or non-judicial foreclosure process when this action was filed, and Mr. Blas has not satisfied his initial burden to put forward specific facts, supported by admissible evidence, showing that he completed a loss mitigation application before the 120th day of delinquency or before BANA made the first foreclosure filing in this case.[55]

The Court also finds that sanctions are warranted pursuant to 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section

---

that he has made any payments to BANA since he began his legal challenges against BANA's attempts to foreclose.

[55] *See* 12 C.F.R. § 1024.41(f)(2) (prohibiting a servicer from initiating any judicial or non-judicial foreclosure "[i]f a borrower [has] submit[ted] a complete loss mitigation application during the pre-foreclosure review period set forth in paragraph (f)(1) of this section or before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process," unless certain conditions are met). BANA asserts that Mr. Blas entered into a loss mitigation agreement with BANA and then defaulted on that agreement, such that BANA has an obligation to accept an application for loss mitigation from Mr. Blas pursuant to 12 C.F.R. § 1024.41(f)(2)(iii) and 12 C.F.R. § 1024.41(g)(3), which provide that a mortgage servicer may proceed with a foreclosure notwithstanding receipt of a complete loan modification application if the borrower has previously "fail[ed] to perform under an agreement on a loss mitigation option." The Court need not address this assertion because Mr. Blas fails to carry his initial burden of production as the party moving for summary judgment. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

1927 sanctions may be imposed upon a pro se plaintiff."[56]  An award of sanctions under § 1927 requires "a finding of recklessness or bad faith."[57]  Recklessness suffices for frivolous filings and arguments, while intent to harass is required for non-frivolous filings.[58]

Mr. Blas has "unreasonably and vexatiously" multiplied the proceedings in this case.  Mr. Blas's motion for summary judgment must be viewed in light of his many subsequent motions.  Of the 25 motions addressed in this order, 16 are dispositive motions filed by Mr. Blas.[59]  As discussed in this order, many of Mr. Blas's motions repeat the same assertions, and many of those assertions have already been rejected in Mr. Blas's prior actions.  Such repetitive motion practice can only reasonably be viewed as Mr. Blas's attempt to harass BANA and to multiply the proceedings in bad faith.  Accordingly, BANA may submit a fee affidavit within **14 days** of the date of this order for the fees and costs it incurred in responding to Mr. Blas's motion at Docket 13, and Mr. Blas may file a response as to the reasonableness of the amount of fees sought within **14 days** thereafter.  The amount of reasonable expenses awarded by the Court shall be included as a credit or debit in the final judgment, as applicable.

---

[56] *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990).

[57] *Gomez v. Vernon*, 255 F.3d 1118, 1134–35 (9th Cir. 2001) (citing 28 U.S.C. § 1927).

[58] *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).

[59] *See* Dockets 13, 22, 28, 32, 34, 36, 41, 47, 50, 52, 53, 62, 63, 66.

2.     Mr. Blas's **Motion to Dismiss Foreclosure Claims at Docket 22** is DENIED.   In this motion to dismiss, Mr. Blas asserts that this Court lacks jurisdiction, that BANA's counsel "has failed to provide any evidence of authorization from Bank of America to represent them in this case . . . rais[ing] significant questions regarding their standing and legitimacy in pursuing this foreclosure action," that BANA's counsel has fabricated the amount owed to Bank of America by Mr. Blas, that Mr. Blas is the target of harassment and identify theft by BANA and their counsel, that BANA failed to comply with contractual and statutory notice obligations, and that the Deed of Trust is not validly notarized.[60]

The Court reads Mr. Blas's jurisdictional and standing-related arguments as seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).[61]   Rule 12(b)(1) provides that a party may seek dismissal of an action based on the assertion that the court lacks subject matter jurisdiction.   "A Rule 12(b)(1) jurisdictional attack may be facial or factual."   In a facial attack, "the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."   In a factual attack, the challenger "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly

---

[60] Docket 22 at 1–3.

[61] *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (holding that standing "pertain[s] to federal courts' subject matter jurisdiction" and is "properly raised in a Rule 12(b)(1) motion to dismiss").

before the court." When resolving a factual attack on jurisdiction, a court may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."[62]

Mr. Blas first makes a factual attack on jurisdiction, as he relies on material outside the Complaint. Mr. Blas asserts that this Court lacks jurisdiction because (1) "the appeal of the bankruptcy court's 1/16/2024 order to lift the stay remains pending in the Ninth Circuit Court of Appeals," (2) there are previous state court actions regarding the same property and involving the same parties, and (3) there is ongoing state litigation among the same parties on the same matters.[63]

The premises of Mr. Blas's three assertions are incorrect. The pendency of a related appeal does not divest this Court of jurisdiction. Although a related appeal may, in some circumstances, warrant a stay, this Court considered and denied Mr. Blas's motion for a stay at Docket 42. And in any event, the appeal referenced by Mr. Blas has now concluded and this Court's dismissal affirmed.[64] Although federal courts must abstain from exercising jurisdiction to avoid district court review of state court decisions and to avoid certain types of interference with pending state court proceedings, abstention is not warranted here because this

---

[62] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)

[63] Docket 22 at 1–2.

[64] *See Blas v. Bank of Am., N.A.,* Case No. 24-5737, Docket 21.1 (9th Cir. Feb. 26, 2025).

action is not a direct or de facto appeal of a state court decision and the Court finds no indication that this Court's exercise of jurisdiction will impermissibly interfere with a pending state court proceeding.[65]

Mr. Blas next asserts that Aldridge Pite, BANA's counsel, lacks standing because it has not "provide[d] . . . evidence of authorization" to represent BANA in this action.[66] This assertion is without merit. Aldridge Pite is not a party to this action and hence need not have standing or provide "evidence" of its authorization to represent BANA at the pleading stage (or at any other point in the litigation, unless so ordered by the Court). It is sufficient for BANA's counsel to sign the Complaint on behalf of BANA, as Aldridge Pite has done.[67]

The Court reads Mr. Blas's other contentions in this motion as seeking dismissal pursuant to Federal Rule of Civil procedure 12(b)(6). A party may seek dismissal under Rule 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[65] *See* discussion *infra* Section 16 (analyzing and rejecting the applicability of *Rooker-Feldman* doctrine to this action); Anti-Injunction Act, 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts may not enjoin ongoing state court criminal proceedings).

[66] Docket 22 at 2.

[67] D. Alaska L. Civ. R. 11.1(a); Docket 1 at 15.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Pending Motions
Page 20 of 62

to relief that is plausible on its face.'"[68]   A Rule 12(b)(6) motion tests only the sufficiency of the allegations in a complaint.[69] "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[70]

Mr. Blas's remaining contentions do not warrant dismissal under Rule 12(b)(6) as BANA's Complaint is legally and factually sufficient to state a claim for relief.  First, Mr. Blas's assertions that Aldridge Pite has "fabricated" facts and is "counterfeiting" customer signatures are not based on the Complaint.  Second, with respect to notice, BANA has alleged that it complied with various notice requirements, and the Court must "accept[] as true" those factual allegations on a motion to dismiss.[71]  Third, alleged non-compliance with RESPA is an affirmative defense inappropriate for resolution on a motion to dismiss.[72]  Fourth, BANA's filing of a foreclosure complaint based on a deed of trust secured by Mr. Blas's property after Mr. Blas defaulted is not "harassment."  And fifth, although the Deed of Trust is attached to the Complaint and thus may be considered by the Court on a motion to dismiss, Mr. Blas has not cited any authority that establishes that the notary

---

[68] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[69] *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

[70] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[71] *See* Docket 1 at ¶ 63; *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[72] *See* Rule 8(c) (listing affirmative defenses including illegality).

Case 3:24-cv-00183-SLG     Document 90     Filed 05/20/25     Page 21 of 62

stamp on the deed is improper or, even if it were, that the defect would warrant dismissal of this judicial foreclosure action.

3. BANA's **Motion to Dismiss Defendant's Affirmative Defenses and Counterclaims at Docket 23** is GRANTED in part and DENIED in part as set forth below. A defendant's counterclaims must meet the same pleading standards as claims in a plaintiff's complaint.[73] Accordingly, a party may move to dismiss a counterclaim for "failure to state a claim upon which relief can be granted."[74] To survive the motion to dismiss, the counterclaim must meet the Rule 12(b)(6) standard: It must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[75] The motion may be granted if the counterclaim lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.[76]

With respect to affirmative defenses, a court "should be cautious prior to granting a motion to dismiss affirmative defenses."[77] A party asserting affirmative defenses "should be given the opportunity to prove his allegations if there is any

---

[73] *King County v. Rasmussen,* 299 F.3d 1077, 1090 (9th Cir. 2002) (affirming Rule 12(b)(6) dismissal of defendant's counterclaims).

[74] Fed. R. Civ. P. 12(b)(6).

[75] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[76] *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988)).

[77] *Simpson v. Alaska State Comm'n for Hum. Rts.*, 423 F. Supp. 552, 554 (D. Alaska 1976), *aff'd*, 608 F.2d 1171 (9th Cir. 1979).

possibility that the defense might succeed on the merits."[78]   However, if "the availability of the affirmative defenses is purely a question of law" a court may resolve the question at the pleading stage.[79]

The Court addresses Mr. Blas's ten counterclaims and fourteen affirmative defenses in turn.

### a. Counterclaims

***Wrongful Foreclosure.***   Mr. Blas asserts a counterclaim for "wrongful foreclosure."[80]   This Court has previously rejected claims for "wrongful foreclosure," as the Court "is not aware of any decision by the Alaska state courts recognizing a wrongful foreclosure claim and Plaintiff has cited none."[81]  "Even if a wrongful foreclosure is a valid claim in Alaska, Plaintiff cannot state such a claim" where, as here, "there has been no foreclosure yet, and Plaintiff has not alleged that []he was not in default or that other procedural issues caused . . . damages."[82] Mr. Blas's wrongful foreclosure counterclaim is therefore DISMISSED.

***Fraud.***   Mr. Blas's counterclaim for fraud does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that

---

[78] *Id.* (first citing *Purex Corp. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970); and then citing 5 Wright & Miller, *Federal Practice and Procedure*, § 1381, at 800-801).

[79] Id.

[80] Docket 7 at 6–7.

[81] *Nicadao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1068 (D. Alaska 2012).

[82] Id.

Case 3:24-cv-00183-SLG    Document 90    Filed 05/20/25    Page 23 of 62

a party pleading fraud "must state with particularity the circumstances constituting fraud or mistake." Mr. Blas states only that the 2010 Assignment of the Deed of Trust attached to the Complaint at Exhibit B is "a forgery false Robosigned and Robonotarized assignment in violation of UCC 9- 203 and submitted by Bank of America and Shannon K. Calt."[83] This allegation lacks any particular facts supporting the fraud claim. Hence, Mr. Blas's fraud counterclaim is DISMISSED.

*Negligence.* Mr. Blas's negligence counterclaim is supported by a single sentence: "[t]here is no Exhibit D with any such notices as was misrepresented to the court."[84] The Court reads this allegation as an assertion that BANA failed to attach a Notice of Acceleration to the Complaint.[85] This allegation does not support a negligence claim because Mr. Blas does not allege BANA's duty of care, a breach of that duty, and proximate cause that injured Mr. Blas.[86] As such, Mr. Blas's negligence counterclaim is DISMISSED.

*RESPA.* Mr. Blas asserts violations of RESPA as both a counterclaim and an affirmative defense.[87] Mr. Blas alleges that "[t]he debt in question is associated with a federally backed mortgage securitized debt. [BANA] has failed to comply

---

[83] Docket 7 at 7.

[84] Docket 7 at 7.

[85] *See* Docket 1 at ¶ 63.

[86] *Regner v. N. Star Volunteer Fire Dep't, Inc.*, 323 P.3d 16, 21 (Alaska 2014) (explaining elements of negligence under Alaska law).

[87] Docket 7 at 5 (citing Dodd-Frank Wall Street Reform & Consumer Protection Act, Pub. L. No. 111–203, 124 Stat. 1376 (2010)); Docket 7 at 7 (citing RESPA, 12 U.S.C § 2601 *et seq.*).

with federal regulations and guidelines governing the servicing and collection of such debts, including but not limited to, the Real Estate Settlement Procedures Act (RESPA) and related consumer protection statutes."[88] This allegation is purely a legal conclusion. Mr. Blas does not provide any factual basis for his assertion that BANA failed to comply with RESPA; he does not identify which disclosures were lacking or otherwise problematic; nor does he identify anything misleading about the information BANA provided about the loan; nor does he allege concrete harm "caused by the RESPA violation itself" and not "generally resulting from the default and foreclosure process."[89] A court need not accept as true legal conclusions. Thus, Mr. Blas fails to plausibly allege a claim for violations of RESPA and this counterclaim is DISMISSED.

However, the Court declines to dismiss Mr. Blas's affirmative defense based on RESPA. Mr. Blas contends, as an affirmative defense, that BANA did not fulfill certain loss mitigation obligations under RESPA.[90] BANA responds that BANA was exempt from the requirement to offer Mr. Blas loss mitigation options before the present judicial foreclosure for at least two reasons—namely, because the mortgage has been delinquent for much longer than the 120-day waiting period for BANA to commence foreclosure pursuant to RESPA and because BANA

---

[88] Docket 7 at 7.

[89] *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012) (collecting cases supporting separate RESPA injury requirement).

[90] Docket 7 at 5.

previously entered into a settlement agreement with Mr. Blas which included a loan modification agreement and Mr. Blas defaulted on those obligations under the loan modification agreement, such that even if Mr. Blas completed a loss mitigation application, BANA would be under no obligation to accept it.[91] This RESPA inquiry turns on questions fact; it is not "invalid as a matter of law" and thus will not be dismissed at this stage.[92]

***Breach of Contract.*** Mr. Blas's breach of contract counterclaim is partially contravened by documents subject to judicial notice. In support of this counterclaim, Mr. Blas repeats his allegation that BANA "fail[ed] to send the required notices of intent to accelerate and default in accordance with Section 22 of the Deed of Trust before initiating this foreclosure."[93] The Court takes judicial notice of the Notice of Default, recorded with the Anchorage Recording District on March 11, 2024, as instrument number 2024-006023-0, at Docket 25-11.[94] A court need not accept as true allegations that are contradicted by documents properly

---

[91] Docket 23 at 7-8 (first citing 12 C.F.R. § 1024.41(f)(1)(i); and then citing 12 C.F.R. §§ 1024.41(f)(2)(iii), (g)(3)).

[92] *Simpson*, 423 F. Supp. at 554.

[93] Docket 7 at 7.

[94] Matters of public record are proper subjects for judicial notice. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citation omitted). Courts routinely take judicial notice of recorded property documents. *E.g.*, *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1040 (C.D. Cal. 2015) (collecting cases); *Kirkpatrick v. Wells Fargo Bank, N.A.*, 699 F. App'x 751 (9th Cir. 2017); *Campbell v. Carrington Mortg. Servs. LLC*, Case No. 2:16-cv-02011-MC, 2017 WL 1398324, at *2 (D. Or. Apr. 18, 2017); *Segle v. PNC Mortg.*, Case No. 10-5655RJB, 2011 WL 1098936, at *2 (W.D. Wash. Mar. 25, 2011).

subject to judicial notice.[95]  Here, the recorded Notice of Default shows that there was no breach of the contractual provision requiring notice of default.[96]  Mr. Blas's breach of contract counterclaim and affirmative defense are therefore DISMISSED in part insofar as they are based on lack of notice of default.

BANA also filed a Notice of Acceleration as an exhibit to BANA's counsel's declaration in support of the motion.[97]  However, BANA does not provide any authority for the Court to take judicial notice of the Notice of Acceleration, which, unlike the Notice of Default, is not a recorded document.  Nor does BANA point to where the Notice of Acceleration may be in public records or was judicially accepted in Mr. Blas's prior cases.  The Court therefore finds that Mr. Blas may maintain his breach of contract counterclaim and affirmative defense based on the alleged lack of notice of acceleration at this stage.

**FDCPA.**  Mr. Blas alleges that BANA's actions are "deceptive and unfair, in violation of the Fair Debt Collection Practices Act (FDCPA)."[98]  The FDCPA expressly regulates only "debt collectors."[99]  A loan servicer does not qualify as a "debt collector" under the FDCPA unless it started servicing the loan after the

---

[95] *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[96] *Cf. Kelly v. Clear Recon Corp.*, Case No. 3:19-cv-00185-TMB, 2019 WL 6040439, at * 3 (D. Alaska Nov. 14, 2019) (reviewing Alaska case law and finding that lender was required to provide the borrower with notice before accelerating their loan, even though the borrower was in default).

[97] *See* Docket 24-3

[98] Docket 7 at 7.

[99] 15 U.S.C. § 1692c–f; *see Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).

borrower defaulted.[100]  Mr. Blas does not allege that BANA falls within the definition of a "debt collector."   As such, Mr. Blas has not plausibly alleged any claim pursuant to the FDCPA, and the FDCPA counterclaim is DISMISSED.[101]

**Unauthorized Collection Practices.** Mr. Blas asserts an "Unauthorized Collection Practices" counterclaim based on "Aldridge Pite Law Firm's actions as predatory debt collectors, without authorization to represent Bank of America."[102] Aldridge Pite is not a party to this action, and Mr. Blas cannot seek relief against a non-party by way of a counterclaim. This cause of action is DISMISSED. Additionally, because Mr. Blas's "Unauthorized Collection Practices" claim is "invalid as a matter of law," Mr. Blas's substantially similar affirmative defense for "Unauthorized Representation"[103] is also DISMISSED.

**Legal Misconduct.** Mr. Blas's counterclaim for "Legal Misconduct" fails for

---

[100] *See* 15 U.S.C. § 1692a(6)(F) (exempting "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor").

[101] Any other conclusion appears barred by issue preclusion, as the Alaska Supreme Court previously held, in another action related to BANA's attempts to non-judicial foreclosure of the Chugiak property that "Bank of America is not a 'debt collector' as defined by the FDCPA because Bank of America did not send mail to 'collect[ ] or attempt[ ] to collect, directly or indirectly, debts owed' by Blas, and it falls within the exemptions listed in 15 U.S.C. § 1692a(6)(F)." *Blas I*, 2017 WL 1379317, at *4. Mr. Blas has not alleged any facts to distinguish BANA's actions here from BANA's actions in his prior case.

[102] Docket 7 at 7.

[103] Docket 7 at 6. *See also supra* Section 2 (explaining that Aldridge Pite is not required to provide evidence of authorization to represent BANA in this action).

similar reasons.[104]   In his legal misconduct claim, Mr. Blas asserts that BANA's prior counsel, Shannon Calt, "submitt[ed] fraudulent assignments as part of his representation."[105]   Mr. Blas does not specify what the allegedly fraudulent assignments were, or to whom, where, or when they were submitted.  Moreover, Mr. Calt is not a party to this action, and as explained above, Mr. Blas cannot seek relief against a non-party by way of a counterclaim.  And even if Mr. Calt were a named party, there is no evidence to suggest that Mr. Blas was ever a client of Mr. Calt's or that Mr. Calt otherwise owed him a duty of care, as would be required for Mr. Blas to maintain a legal malpractice claim.[106]  Mr. Blas's counterclaim for "Legal Misconduct" is therefore DISMISSED.  Because this claim is invalid as a matter of law, Mr. Blas's substantially similar affirmative defenses regarding Mr. Calt for "Misconduct by Counsel" for "submitting fraudulent documentation regarding the assignment"[107] and for "Misrepresentation by Attorney Shannon K Calt"[108] are also DISMISSED.

*RICO.* Mr. Blas asserts a RICO counterclaim, based on "coordinated efforts to engage in fraudulent and unlawful practices to unjustly enrich themselves at [his]

---

[104] *See* Docket 7 at 8.

[105] Docket 7 at 8; *see also* Docket 10 (substituting attorney Timothy R. Pomeroy for Shannon K. Calt as counsel of record for BANA).

[106] *Guerra v. Wallace*, 542 P.3d 654, 659 (Alaska 2024).

[107] Docket 7 at 6.

[108] Docket 7 at 5.

expense."[109]  To state a civil claim under the RICO, the complainant must allege well-pleaded facts that demonstrate: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the complainant's "business or property."[110]  The counterclaim is devoid of factual allegations supporting these elements. Mr. Blas does not adequately plead the existence of an enterprise, the nature of the alleged enterprise, BANA's purported role in the enterprise, or a pattern of racketeering activity. For instance, Mr. Blas does not allege any facts which, accepted as true, would establish that BANA, a lending institution, constitutes a RICO "enterprise."[111]  Nor does Mr. Blas specifically allege the predicate acts that form the basis of the pattern of racketeering activity. Mr. Blas's RICO counterclaim is therefore DISMISSED.

**Adverse Possession.** Mr. Blas alleges that he "has been in actual, open, notorious, and continuous adverse possession of the Property since 11:59 PM on June 19, 2017 per settlement . . . signed by plaintiff."[112]  Mr. Blas further alleges that, per the settlement, he was "deemed to be trespasser on the property as of midnight 6/19/2017 which is seven years on midnight before 6/20/2024."[113]  In

---

[109] Docket 7 at 8.

[110] *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).

[111] *See United States v. Turkette*, 452 U.S. 576, 583 (1981) (To establish an enterprise under RICO, a plaintiff must present "evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit").

[112] Docket 7 at 8.

[113] Docket 7 at 8.

doing so, Mr. Blas suggests that he has not held title to the property since June 19, 2017. Under Alaska Law, "adverse possession claims are limited to cases where the claimant either has 'a good faith but mistaken belief that the real property lies within the boundaries of adjacent real property owned by the adverse claimant' or is asserting a claim under color of title."[114] Taking the allegations in the counterclaim as true, neither circumstance applies here and hence Mr. Blas's adverse possession counterclaim is DISMISSED.

b. Remaining Affirmative Defenses[115]

***Statute of Limitations.*** Mr. Blas asserts that the foreclosure is barred as untimely and quotes a September 1, 2022 order in which the Bankruptcy Court discussed the timeliness of one of BANA's previous non-judicial foreclosure attempts.[116] BANA responds that (1) the statute of limitations referenced by Mr. Blas, Alaska Stat. § 45.03.118(a), is inapplicable to foreclosure actions, (2) Mr. Blas waived any statute of limitations defense in a 2017 "cash for keys" settlement

---

[114] *Dault v. Shaw,* 322 P.3d 84, 92 (Alaska 2013); Alaska Stat. § 09.45.052 ("The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more, or the uninterrupted adverse notorious possession of real property for 10 years or more because of a good faith but mistaken belief that the real property lies within the boundaries of adjacent real property owned by the adverse claimant, is conclusively presumed to give title to the property except as against the state or the United States.").

[115] Of the 14 affirmative defenses in Mr. Blas's Answer, the Court has addressed seven along with their corresponding counterclaims, above. This section addresses the seven remaining affirmative defenses.

[116] Docket 7 at 4; *see Blas v. Bank of Am., N.A.*, Case No. 22-90003, Docket 48 at 2–3 (Bankr. D. Alaska Sept. 1, 2022) (granting in part BANA's motion to dismiss Chapter 7 adversarial proceedings).

which he references in his counterclaims, and (3) even if § 45.03.118(a) applies, and even if Mr. Blas hadn't waived his timeliness argument, that six-year statute of limitations would only bar certain individual payments, not the entire foreclosure.[117]  Here, as was the case before the Bankruptcy Court, there is "a serious question regarding the applicable statute of limitations."[118]  Although BANA contends that Alaska Stat. § 45.03.118(a) is inapplicable, BANA does not state which alternative statute of limitations it believes does apply.  The Court declines to determine the applicable statute of limitations in the absence of adequate briefing.  And the Court need not decide at this juncture which statute of limitations applies, because the questions of whether Mr. Blas waived his timeliness defense in a prior settlement agreement (which Mr. Blas references but does not quote or attach to his counterclaims) and, if a statute of limitations applies, which of Mr. Blas's missed payments fall outside the statutory limit, are both factual questions, and thus the Court will not dismiss Mr. Blas's affirmative defense of untimeliness.

***Res Judicata and Previous Rulings.*** Mr. Blas suggests that the present foreclosure is barred by res judicata because of the September 1, 2022 order of the Bankruptcy Court, which partially denied Bank of America's motion to dismiss

---

[117] Docket 23 at 11–12 (citing *Trustees for Alaska Laborers–Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512 (9th Cir. 1987)).

[118] *See Blas v. Bank of Am., N.A.*, Case No. 22-90003, Docket 48 at 2 (Bankr. D. Alaska Sept. 1, 2022)

Mr. Blas's Chapter 7 adversary proceeding.[119] Mr. Blas asserts that the September 1, 2022 order was a "prior judgment" and suggests that the Bankruptcy Court held that the foreclosure of the Chugiak property was time-barred.[120] But the Bankruptcy Court held no such thing; it found only that there were "questions surrounding the significance of the parties' 2017 settlement, and whether it affects the accrual of its current right to foreclose its secured debt," which could not be determined on a motion to dismiss.[121] In addition, res judicata, or claim preclusion, applies only when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."[122] The partial denial of BANA's motion to dismiss a Chapter 7 adversary proceeding was not a final judgment and so has no claim preclusive effect.[123] However, BANA acknowledges that there are other prior cases involving the same claims and parties, and hence res judicata may apply to some claims,[124] and the Court therefore declines to dismiss these affirmative defenses.

---

[119] Docket 7 at 5; *see Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 48 at *2–3 (Bankr. D. Alaska Sept. 1, 2022).

[120] Docket 7 at 5, 6.

[121] *Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 48 at *3 (Bankr. D. Alaska Sept. 1, 2022).

[122] *Id.* (internal quotations omitted).

[123] *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) ("[T]he denial of a motion to dismiss is ordinarily not a complete and final judgment.").

[124] The Court notes, however, that based on its review of prior decisions involving the parties, that res judicata (and the related doctrine of collateral estoppel, or issue preclusion) appears far more likely to apply in BANA's favor than in Mr. Blas's.

***Lack of Standing to Foreclose.*** Mr. Blas asserts that BANA, "as the lender, does not have standing to initiate foreclosure proceedings . . . . Only the Trustee has the authority to file for foreclosure against the borrower."[125] Mr. Blas is mistaken. Alaska law provides that BANA has standing to foreclose based on its status as holder of the Note;[126] further, the Alaska Supreme Court has expressly held that BANA "has authority to foreclose" on the Chugiak property as the beneficiary of the Deed of Trust.[127] Issue preclusion, also known as collateral estoppel, bars the relitigation of an issue where four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.[128] Because the parties litigated and the Alaska Supreme Court has decided this issue with respect to the same Deed of Trust as is at issue here,[129] issue preclusion applies and this affirmative defense is invalid as a matter of law. This affirmative defense

---

[125] Docket 7 at 5.

[126] Alaska Stat. § 45.03.301 ("A person entitled to enforce an instrument is the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument under AS 45.03.309 or 45.03.418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.").

[127] *Blas I*, 2017 WL 1379317, at *5.

[128] *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended* (May 3, 2012); *see also Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (reciting the four conditions).

[129] *See Blas I*, 2017 WL 1379317, at *1, 5; Docket 1-1.

is therefore DISMISSED.

**Unclean Hands.** Mr. Blas asserts that BANA "is acting with unclean hands in this matter and should be barred from obtaining relief through this court" because BANA entered into unspecified "consent judgments in 2012 with the Federal Reserve, OCC, FDIC, and all 50 state Attorneys General."[130] Although the Court will not dismiss this affirmative defense given the high bar for doing so, the Court notes that absent a connection between the alleged consent order and the present foreclosure action, this affirmative defense is unpersuasive.

**Ongoing Appeal.** Mr. Blas states that there "is a current appeal to the Ninth Circuit Court regarding the bankruptcy court's order lifting the stay dated January 16, 2024."[131] That appeal has since been resolved and this Court's dismissal affirmed.[132] Even if the appeal were still pending, as the Court discussed above, the pendency of a related appeal does not divest this Court of jurisdiction, and the Court denied Mr. Blas's motion for a stay based on the then-pending appeal at Docket 42. This affirmative defense is therefore DISMISSED.

**Improper Notarization.** Mr. Blas asserts that "[t]he Deed of Trust dated February 22, 2008, is not properly notarized, as the paragraph identifying the

---

[130] Docket 7 at 6.

[131] Docket 7 at 6.

[132] *See Blas v. Bank of Am., N.A.,* Case No. 24-5737, Docket 21.1 (9th Cir. Feb. 26, 2025).

signer is completely missing."[133] Mr. Blas does not cite any authority for "improper notarization" as a defense to a foreclosure action, or any authority to show that the signed and sealed notarization at page 16 of the Deed of Trust is deficient.[134] The authority located by the Court indicates that discrepancies not prohibited by § 44.50.062 do not constitute notary fraud and do not affect the legitimacy of the loan or the foreclosure process, especially where there is no reason to believe that the notary was not present.[135] This affirmative defense is therefore DISMISSED.

Mr. Blas raises additional arguments, not asserted in his answer, in his response in opposition to BANA's Motion to Dismiss Affirmative Defenses.[136] All but one of Mr. Blas's additional arguments are addressed above, in the Court's discussion of Mr. Blas's Motion to Dismiss Foreclosure Claims at Docket 22. Mr. Blas's one remaining argument is that this Court should abstain from hearing this case pursuant to *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976).[137] Mr. Blas's reliance on *Colorado River* is misplaced. The general rule is that federal courts should *not* abstain to avoid duplicative proceedings in state and federal courts;[138] *Colorado River* deference is a "narrow exception to the virtually

---

[133] Docket 7 at 6.

[134] Docket 1-1 at 16.

[135] *Espeland v. OneWest Bank, FSB*, 323 P.3d 2, 10 (Alaska 2014).

[136] *See* Docket 27.  Mr. Blas did not substantively respond to BANA's arguments.

[137] *See* Docket 27 at 2.

[138] See *Colo. River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the

unflagging obligation of the federal courts to exercise the jurisdiction given them," and applies only in "exceedingly rare" and "extraordinary circumstances."[139] Even then, *Colorado River* is not a basis for dismissal. In the Ninth Circuit, "district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*."[140] Therefore, to the extent Mr. Blas asserts *Colorado River* deference as an affirmative defense, the affirmative defense is DISMISSED.[141]

    4.    Mr. Blas's **Motion for Order to Show Cause at Docket 28** is DENIED. This motion is both procedurally improper[142] and is a re-filing of Mr. Blas's opposition, at Docket 27, to BANA's motion to dismiss Mr. Blas's counterclaims and affirmative defenses. As such, Mr. Blas's assertions in this

---

exception, not the rule.").

[139] *Smith v. Ctr. Ariz. Water Conservation Dist.,* 418 F.3d 1028, 1033 (9th Cir. 2005) (citing *Holder v. Holder,* 305 F.3d 854, 867 (9th Cir. 2002)) (internal quotation marks omitted).

[140] Coopers & Lybrand v. Sun-Diamond Growers of CA, 912 F.2d 1135, 1138 (9th Cir. 1990).

[141] The Court also declines to stay this action based on *Colorado River*. A stay pursuant to *Colorado River* is warranted only if the federal and state proceedings are parallel, meaning that resolution of one action will also resolve the other. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838–42 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024). If this threshold inquiry is met, then courts in the Ninth Circuit will consider eight factors. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). Only when the analysis demonstrates the "clearest of justifications" for the surrender of jurisdiction is a stay proper. *Id.* Here, Mr. Blas asserts only that "[t]here is an ongoing wrongful foreclosure action in state court involving the same property and the same parties, initiated in April 2024." Docket 27 at 2. He provides no more details that would support the conclusion that the state court proceeding is sufficiently parallel or to suggest that an analysis of the eight factors set out by the Ninth Circuit would warrant a stay.

[142] A motion for an order to show cause is not the proper procedure for seeking dispositive relief. Orders to show cause are typically entered in response to assertions that a party is in contempt of court. *See, e.g.*, *Koniag, Inc. v. Kanam*, Case No. 3:12-cv-00077-SLG, 2013 WL 12167556, at *1 (D. Alaska Sept. 25, 2013).

motion are addressed in the Court's discussion of Mr. Blas's Motion to Dismiss Foreclosure Claims at Docket 22 and of *Colorado River* deference, above.[143]

5.     Mr. Blas's second **Motion to Dismiss at Docket 32** is DENIED.  Mr. Blas does not articulate any basis for this motion, but the Court reads it as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim on which relief can be granted. All but one of Mr. Blas's arguments are repetitive of his assertions in prior motions in this case.[144]  Mr. Blas's sole new argument is that he "received a standard discharge in bankruptcy on May 31, 2019," which Mr. Blas contends "eliminated [his] personal liability for that debt, meaning there is no amount owed to [BANA] which means the debt is zero, which is less than $75,000 and therefore [BANA] lacks standing to pursue foreclosure action in this federal court against the defendant."[145]  This proposition is incorrect.  Mr. Blas's May 31, 2019 bankruptcy discharge was a Chapter 7 bankruptcy.[146] A Chapter 7 bankruptcy "discharge extinguishes only 'the personal liability of the debtor.' . . . [A] creditor's right to

---

[143] *See* Docket 27.

[144] Mr. Blas's asserted bases for dismissal 1, 2, 3, 4, 10, 11, 12, 13 and 14 all appear in Mr. Blas's first Motion to Dismiss at Docket 22; bases 1 and 2 appear in Mr. Blas's Motion for Summary Judgment at Docket 13; bases 6, 7, 8, and 9 appear in Mr. Blas's answer, counterclaims, and affirmative defenses and have been addressed by the Court in relation to BANA's Motion to Dismiss at Docket 23.

[145] Docket 32 at 3.

[146] *See In re Blas*, Case No. 17-00411-GS, Docket 221 at 1 (Bankr. D. Alaska May 31, 2019).

foreclose on the mortgage survives or passes through the bankruptcy."[147] Mr. Blas's bankruptcy discharge therefore does not affect BANA's authority to foreclose on the Chugiak property.

6. Mr. Blas's **Motion to Strike Complaint at Docket 34** is DENIED. In this motion, Mr. Blas moves to strike the Complaint "pursuant to Federal Rule of Civil Procedure 12(f), based on the res-judicata preclusive effect of the 2019 Alaska federal bankruptcy discharge, which eliminated any further claims on the mortgage debt."[148]

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But this rule "does not authorize a district court to dismiss a claim . . . on the basis that it is precluded as a matter of law."[149]

Here, Mr. Blas does not assert that BANA's Complaint is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous."[150] Instead, he asserts only that the foreclosure complaint is barred by his bankruptcy

---

[147] *Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991) (first quoting 11 U.S.C. § 524(a)(1); and then citing 11 U.S.C. § 522(c)(2)); *see also In re Reed*, 640 B.R. 932, 939 (Bankr. 9th Circ. 2022) (applying *Johnson* and reaffirming that a bankruptcy discharge "does not affect a creditor's in rem rights, such as a lien created by a deed of trust").

[148] Docket 34 at 1.

[149] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010).

[150] *Id.* at 973–74.

discharge—a matter of law "better suited for a Rule 12(b)(6) motion or Rule 56 motion, not a Rule 12(f) motion."[151]  Mr. Blas's motion to strike fails on that basis alone, but even if it did not, as explained above in relation to Mr. Blas's motion to dismiss at Docket 32, Mr. Blas's Chapter 7 discharge did not eliminate BANA's right to foreclose on the lien created by the Deed of Trust.

7.     Mr. Blas's **Motion to Identify the Plaintiff at Docket 36** is DENIED. Mr. Blas asserts that there is "ambiguity surrounding the identity of the plaintiff" because, according to Mr. Blas, BANA "admitted they sold the mortgage loan in 2008, per discovery . . . in the 2014 state case."[152]  Federal Rule of Civil Procedure 10 requires that, ordinarily, pleadings must identify the parties to a suit.  Here, BANA properly identified itself as the plaintiff in the Complaint[153]—there is no "ambiguity" as to the identity of the plaintiff in this case.  Even if BANA sold Mr. Blas's loan to an investor,[154] BANA remains the servicer and holder of the note, and its ability to foreclose on the Chugiak property has been fully and finally adjudicated before the Alaska Supreme Court,[155] and also before the Bankruptcy

---

[151] *Id.* at 974.

[152] Docket 36 at 1–2. Mr. Blas purports to cite "United States v. California, 507 F.2d 532 (9th 1974)" for the proposition that "all parties must be clearly identified in litigation to ensure fair proceedings." The Court has been unable to locate any case by this citation.

[153] Docket 1 at 1.

[154] BANA alleges that BANA's interest was assigned to BAC Home Loans Servicing, LP, but that BAC Home Loans Servicing, LP then merged into BANA. Docket 1 at ¶ 6–7.

[155] *See Blas I*, 2017 WL 1379317, at *5.

Court in the context of adjudicating Defendant's objections to Plaintiff's proof of claim in his first bankruptcy.[156]

8.     Mr. Blas's **Motion to Challenge Lawsuit for Lack of Jurisdiction at Docket 41** is DENIED.  In this motion, which the Court reads as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, Mr. Blas again raises his assertion that BANA lacks standing to pursue this foreclosure action.   Mr. Blas's primary contentions are, first, that BANA was not injured because the loan "was not properly funded,"[157] and second, that the Court lacks federal question jurisdiction.[158]   With respect to the first contention, Mr. Blas does not cite any factual or legal basis to show that the loan was not properly funded such that BANA lacks a cognizable injury. The case which Mr. Blas cites, *U.S. Bank Nat. Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011), is inapposite.   *Ibanez* is a Massachusetts state case, applying Massachusetts state law, and is inapplicable in this action arising under Alaska state law.  It is also factually distinguishable: In *Ibanez*, the Massachusetts state court affirmed the denial of two requests for declarations of clear title to two banks that were not the initial lenders because the banks had not

---

[156] *See In re Blas*, Case No. 17-00411, 2019 WL 7602219, at *3-4 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, Case No.19-CV-00324, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

[157] Docket 41 at 2–3.

[158] Docket 41 at 3.

yet been assigned the mortgages at the time of the foreclosure sales.[159] *Ibanez* is therefore dissimilar in many material respects to this judicial foreclosure initiated by the holder of the Note. Mr. Blas's second contention that "without a federal question, this court lacks jurisdiction" is incorrect.[160] Although federal courts are courts of limited jurisdiction, this Court's jurisdiction is not limited to federal questions. 28 U.S.C. § 1332(a)(1) provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." BANA alleges that it is a corporate citizen of North Carolina,[161] that Mr. Blas is a resident of Alaska,[162] and that the amount in controversy is "estimated at $504,468.72,"[163] making federal diversity jurisdiction proper.

9. Mr. Blas's **Motion Addressing Constitutional Matters of Deprivation of Civil Rights at Docket 47** is DENIED. In this motion, Mr. Blas suggests that this foreclosure action violates his Fifth and Fourteenth Amendment

---

[159] 941 N.E.2d at 51–53.

[160] Docket 41 at 3.

[161] *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); Docket 1 at ¶ 1 ("Plaintiff is a National Association with its main office in Charlotte, NC.").

[162] Docket 1 at ¶ 2.

[163] Docket 1 at ¶ 3.

due process rights, as well as the Thirteenth Amendment's prohibition on slavery and involuntary servitude.[164]

To the extent that Mr. Blas is asserting that BANA's prior non-judicial foreclosure proceedings violated the Due Process Clause, that assertion is incorrect. The Ninth Circuit has repeatedly held that non-judicial foreclosures do not involve state action and thus does not implicate constitutional due process protections.[165] And the Alaska Supreme Court has held with respect to at least one of the prior non-judicial foreclosure proceedings involving the Chugiak Property that the proceeding did not involve state action and so did not violate Mr. Blas's due process rights.[166]

Insofar as Mr. Blas is asserting that this judicial foreclosure action violates the Due Process Clause, he is incorrect because the procedures of this Court

---

[164] Docket 47 at 2.

[165] *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094–95 (9th Cir. 2003); *Charmicor v. Deaner*, 572 F.2d 694, 695 (9th Cir. 1978). A non-judicial foreclosure action may constitute state action if some state actor such as a sheriff or court clerk has some direct involvement in the sale. *Apao*, 324 F.3d at 1093–94, *Charmicor*, 572 F.2d at 695–96; *see also Anderson v. Alaska Hous. Fin. Corp.*, 462 P.3d 19, 27–33 (Alaska 2020) (holding that deed-holder Alaska Housing Finance Corporation, a state actor, violated the Alaska Constitution's due process clause by failing to provide the mortgagor with an opportunity to be heard prior to non-judicial foreclosure). But such state involvement in prior non-judicial foreclosure actions is neither alleged here nor has Mr. Blas cited any authority indicating that a deficiency in a prior non-judicial foreclosure would be a proper basis for dismissal of this judicial foreclosure action.

[166] *Blas III*, 2019 WL 5061383, at *2 ("If, as it appears from the record . . . , Fannie Mae was not involved in the decision to foreclose on Blas's home, then there was no state action and Blas has no claim that non-judicial foreclosure violates his due process rights. But even if Fannie Mae somehow were involved, current federal authority suggests that Fannie Mae should not be considered a state actor in foreclosure proceedings."); *see also Blas I*, 2017 WL 1379317, at *7 (holding that the superior court did not err by dismissing Mr. Blas's claim for "fourteenth amendment and due process violations" in non-judicial foreclosure action).

afford him the requisite process. The Fifth Amendment to the U.S. Constitution, in relevant part, prohibits the federal government from depriving "any person . . . of life, liberty, or property, without due process of law." Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[167] Mr. Blas received notice of this proceeding, has appeared in this Court, and has been afforded many opportunities to present his objections.[168] Therefore, this judicial foreclosure action does not violate Mr. Blas's due process rights.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States[.]"[169] Mr. Blas's novel assertion that "this system [which] forces the borrower into conditions where they owe ongoing payments" is a "form of illegal servitude" is without merit.[170] Mr. Blas has made no allegations that even remotely suggest that he has been incarcerated, enslaved, or otherwise subjected to involuntary servitude. BANA has alleged that Mr. Blas delivered a promissory note in the amount of $300,000 plus interest in 2008, which

---

[167] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

[168] *See*, *e.g.*, Docket 7.

[169] U.S. Const. Amend. XIII, § 1.

[170] Docket 47.

was secured by a Deed of Trust on the Chugiak Property, and that Mr. Blas has defaulted on his contractual obligations by making no payments on the Note and Deed of Trust since October 2012.[171] BANA's attempt to foreclose does not constitute any form of slavery of the type of economic coercion into labor that would rise to the level of involuntary servitude.[172]

Mr. Blas's additional assertions—namely, that this action is barred by res judicata and that his bankruptcy discharge bars the instant foreclosure action[173]—are addressed above, in connection with BANA's Motion to Dismiss Defendant's Affirmative Defenses and Counterclaims at Docket 23 and Mr. Blas's Motion to Dismiss at Docket 32, respectively.

10. Mr. Blas's **Supplemental Motion re Discrepancies and Inconsistencies Surrounding the Chain of Title at Docket 50** is DENIED. BANA's **Motion to Strike ECF 50 at Docket 56** is also DENIED.

In Mr. Blas's motion at Docket 50, he asserts that there is "a significant discrepancy . . . between the first note produced to the federal court by the Plaintiff via Aldridge Pite to the Federal Bankruptcy Court in Alaska on January 24, 2018, and the note produced by the Plaintiff via Aldridge Pite on August 21, 2024, to this

---

[171] Docket 1 at ¶¶ 11–12, 17.

[172] *See Butler v. Perry*, 240 U.S. 328, 332 (1916) ("[T]he term 'involuntary servitude' was intended to cover those forms of compulsory labor akin to African slavery."). The Court could not locate any case with the citation provided by Mr. Blas, *U.S. v. McVeigh*, 201 F. 370 (8th Cir. 1912). *See* Docket 47 at 2.

[173] Docket 47 at 2.

court."[174]  Specifically, Mr. Blas asserts that the note submitted to the Bankruptcy Court "lacks any endorsement," whereas "the 2024 version contains an undated, 'in-blank' Robosigned endorsement by BANA, 'without recourse.'"[175] Mr. Blas requests that the Court "[o]rder BANA to provide a clear and complete accounting of the chain of ownership of the note and mortgage" and "[d]ismiss this action with prejudice for lack of standing."[176]

In BANA's motion to strike at Docket 56, BANA requests that the Court strike and disregard the motion at Docket 50 pursuant to Federal Rule of Civil Procedure 12(f) because Mr. Blas "did not obtain leave of this Court to amend," "his right to amend his answer as a matter of course . . . expired well over three months" before the motion was filed, and because "this is [Mr. Blas's] fifth filing in less than one month, while discovery is ongoing and the pleadings settled."[177]

Rule 12(f) provides that court "may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[178]  A threshold question, therefore, is whether Mr. Blas's motion at Docket 50 is a "pleading."  Rule 7 defines pleadings as a complaint or third-party complaint, an

---

[174] Docket 50 at 2.

[175] Docket 50 at 2.

[176] Docket 50 at 3.

[177] Docket 56 at 1.

[178] Fed. R. Civ. P. 12(f) (emphasis added).

answer to a complaint, a third-party complaint, a counterclaim, a crossclaim, or a reply to an answer.

BANA appears to suggest that Mr. Blas's supplemental motion is effectively an effort by Mr. Blas to amend his answer to assert a defense based on alleged discrepancies between the promissory notes filed with the Bankruptcy Court and in this Court.[179] The Court, however, reads the motion at Docket 50 as challenging the authenticity of the promissory note filed with the Court. Because a challenge to a document's authenticity is not a defense that must be asserted in an answer or counterclaim or else waived,[180] the Court does not read the motion at Docket 50 as a pleading susceptible to being stricken under Rule 12(f).

Mr. Blas's motion at Docket 50 is nonetheless procedurally and substantively deficient. Mr. Blas cites no authority for his contention that because he has asserted, without supporting exhibits, a discrepancy between two promissory notes filed by BANA in two different actions, the Court should order extensive discovery into BANA's chain of title and/or dismiss this foreclosure action. Mr. Blas is entitled to discovery consistent with the federal discovery rules and this Court's Scheduling and Planning Order at Docket 14; the discovery process is to be led by the parties with the Court's involvement only as provided by the federal discovery rules, such as when disputes cannot be resolved without

---

[179] See generally Docket 56.

[180] *See* Fed. R. Civ. P. 8(b)–(c).

judicial intervention.[181]   If Mr. Blas seeks to challenge the authenticity of a document relied on by BANA in connection with a dispositive motion or at trial, he may do so in response to the motion or by evidentiary objection.

11.     Mr. Blas's **Supplemental Motion re Bank of America Status as a Section 25A Federal Reserve Edge Act Corporation at Docket 52** is DENIED. BANA's **Motion to Strike ECF 52 at Docket 57** is also DENIED.

In Mr. Blas's motion at Docket 52, he asserts that BANA "is admittedly operating as an Edge Act corporation," and thus "does not have the same level of ownership or control over their securitized mortgages as they would if they were a traditional banking institution," and thus "lack[s] standing to bring a debt collection action."[182]   BANA moves to strike Docket 52 for the same reasons it moved to strike Docket 50.[183]

The Court reads the motion at Docket 52 as a motion to dismiss for lack of standing.[184]   As a motion to dismiss, Docket 52 is not a pleading susceptible to being stricken under Rule 12(f).

Although standing is a jurisdictional issue that may be raised at any time,[185]

---

[181] *See e.g.*, Fed. R. Civ. P. 37.

[182] Docket 52.

[183] *Compare* Docket 57, *with* Docket 56.

[184] *See* Docket 52 at 1–3.

[185] *Renee v. Duncan*, 623 F.3d 787, 796 (9th Cir. 2010), *opinion supplemented on reh'g*, 686 F.3d 1002 (9th Cir. 2012).

Mr. Blas's assertion that BANA lacks standing because it is "admittedly operating as an Edge Act corporation" is without merit. Mr. Blas cites *Bank of America v. United States* for the proposition that BANA is an Edge Act corporation.[186] But the plaintiff in that case was not BANA; it was an Edge Act corporation subsidiary of Bank of America—a different corporate entity than the plaintiff here.[187] Mr. Blas's motion contains no reason for the Court to re-consider the conclusion, discussed above, that BANA has standing to bring an action to foreclose on the Chugiak property.

12.    BANA's **Motion to Strike ECF 53 at Docket 58** is GRANTED. Mr. Blas's **Supplemental Quantum Meruit Motion and Counterclaim at Docket 53** is STRIKEN.

In Mr. Blas's motion at Docket 53, Mr. Blas asserts various affirmative defenses and counterclaims, including lack of consideration, unconscionability, guantum meruit, fraud/misrepresentation, TILA violations, unjust enrichment, and quiet title. BANA moves to strike this motion on the same bases asserted in its motions at Dockets 51 and 52. Because Mr. Blas's "motion" is in fact comprised of counterclaims and affirmative defenses which must be stated in an answer,[188]

---

[186] 680 F.2d 142, 145 (Ct. Cl. 1982). An Edge Act corporation is national bank subsidiary organized under 12 U.S.C. §§ 611–14 and permitted to offer international banking services. *Id.* at 143. Edge Act corporations may only transact international business. *Id.*

[187] *Id.* at 143.

[188] *See* Fed. R. Civ. P. 8 (c)(1) (listing affirmative defenses which must be stated "in responding to a pleading").

the Court finds that the filing at Docket 53 is a pleading and therefore its contents may be stricken pursuant to Rule 12(f).

The Court finds that each of Mr. Blas's affirmative defenses and counterclaims raised in Docket 53 is either an insufficient defense or is redundant of his previously asserted affirmative defenses and counterclaims, addressed above in connection with BANA's motion at Docket 23. The new affirmative defenses and counterclaims are insufficient defenses because Mr. Blas's right to amend his answer without leave of court expired on December 13, 2024,[189] nearly two months before Mr. Blas filed his motion at Docket 53 on February 7, 2025.

13. Mr. Blas's **Motion to Compel Production of Evidence from Bank of America's Accounting System at Docket 59** is DENIED as moot. Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling another party to respond to discovery. The first step in the process is for the dissatisfied party to "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[190] If that effort fails, the dissatisfied party may file a motion to compel.[191]

Mr. Blas asserts that he served requests for production of documents related to BANA's loan accounting entries on January 10, 2025, and that BANA "failed to

---

[189] Docket 14 at 7.

[190] Fed. R. Civ. P. 37(a)(1).

[191] Fed. R. Civ. P. 37(a).

produce the requested documents and evidence in their discovery responses on 2/10/2025."[192]  In response, BANA's counsel avers that (1) Mr. Blas filed the motion to compel on February 14, 2025, without first conferring with BANA, and did not meaningfully engage with BANA's counsel's later attempts to confer and resolve the motion to compel; (2) BANA provided timely responses to Mr. Blas's discovery requests; and (3) BANA served verifications and responsive documents shortly thereafter.[193]  Mr. Blas did not file a reply and hence did not contest these assertions.  Although Mr. Blas's failure to confer in good faith with BANA and to include a certification that he had done so are independent bases for the Court to deny the motion to compel,[194] in light of BANA's representation that they have provided responsive documents, the Court finds the motion to compel is moot and denies it on that basis.

14.    Mr. Blas's **Motion for Plaintiff Lack of Minimal Contact and Lack of Disclosure of the Securitization Nature of Alleged Initial Transaction at Docket 62** is DENIED. BANA's **Motion to Strike ECF 62 at Docket 64** is also DENIED.

---

[192] Docket 59 at 2.

[193] *See* Docket 61 at 1–2.

[194] *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also* D. Alaska L. Civ. R 37.1 ("The certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion.")

In this motion to dismiss, Mr. Blas asserts BANA "lacks minimum contact with the State of Alaska, and therefore, this Court lacks personal jurisdiction over the Plaintiff."[195] BANA moves to strike the motion pursuant to Rule 12(f) for the same reasons asserted in each of its previous motions to strike.[196]

Here, the Court reads Mr. Blas's motion at Docket 62 as a motion to dismiss pursuant to Rule 12(b)(1)—not an answer or motion to amend the answer—and therefore will not strike the filing pursuant to Rule 12(f).

But Mr. Blas's motion fails on its merits. The premise that a plaintiff must have minimum contacts with the forum state is incorrect. The minimum contacts doctrine determines when a court in one state can assert personal jurisdiction over a *defendant*—not a plaintiff—from another state.[197] It asks whether the defendant's contacts with the state are strong enough to justify requiring them to defend the lawsuit in that state without violating principles of fair play and substantial justice.[198] The minimum contacts analysis does not apply to plaintiffs, who have their choice of forum. Here, Plaintiff BANA has subjected itself to this Court's jurisdiction by filing this suit in Alaska, and alleges that this Court has

---

[195] Docket 62 at 2.

[196] *See* Docket 64.

[197] International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

[198] Id.

personal jurisdiction over Mr. Blas.[199]  Even if personal jurisdiction were reasonably disputed in this case, Mr. Blas waived that defense by failing to assert it in his answer or first motion to dismiss.[200]   Mr. Blas's other contentions regarding standing, fraud, and constitutional violations are addressed by this Court above in connection with the motions at Docket 23 and Docket 47.

15.    Mr. Blas's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Conflict of Interest and Failure to Condition Precedent Notice at Docket 63** is DENIED.  BANA's **Motion to Strike ECF 63 at Docket 65** is also DENIED.

Because the motion to dismiss at Docket 63 is not a pleading, the Court will not strike the filing pursuant to Rule 12(f).

In the motion to dismiss, Mr. Blas first reiterates his assertion that he did "not receive[] the required written Notice of Default or Notice of Intent to Accelerate from [BANA] or [its counsel] before this action."[201]   The Court considered and rejected this assertion in connection with Mr. Blas's first motion to dismiss at Docket 22, above.  And Mr. Blas cites no authority for his second contention that Aldridge Pite's alleged representation of BANA in prior non-judicial foreclosure attempts warrants the Court's "examin[ation] of Aldridge Pite's role in this foreclosure action."

---

[199] *See* Docket 1 at ¶ 2.

[200] *See* Fed. R. Civ. P 12(g), 12(h)(1)(A).

[201] Docket 63 at 1.

16.     Mr. Blas's **Rooker-Feldman Preclusion Jurisdictional Motion at Docket 66** is DENIED. BANA's **Motion to Strike ECF 66 at Docket 67** is also DENIED.

The Court denies BANA's motion to strike for the same reasons it denies BANA's other motions to strike motions; motions are not generally pleadings, and BANA does not provide any reasons for the court to conclude that the motion at Docket 66 is a pleading that qualifies to be stricken pursuant to Rule 12(f).[202]

Mr. Blas asserts that "this lawsuit is barred by the Rooker-Feldman doctrine, which prohibits federal district courts from reviewing final state judgments."[203] Mr. Blas cites two "final judgments issued by the Alaska State Superior Court" in case numbers 3AN-14-04595I and 3AN-17-09098CI and the corresponding Alaska Supreme Court appeals.[204] Mr. Blas contends that BANA is "asking this Court to ignore the final rulings of the State Superior Court, which determined that Bank of America was only an agent for nonjudicial process and lacked independent foreclosure authority."[205]

Mr. Blas is correct that, under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgment of

---

[202] *See* Docket 67.

[203] Docket 66 at 1.

[204] Docket 66 at 1.

[205] Docket 66 at 1.

state courts."[206]  "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."[207]  Here, however, the Court has reviewed the Alaska Supreme Court decisions in Mr. Blas's cases and finds that this action is not a direct or de facto appeal of any of those decisions.[208]  BANA, as the plaintiff in this case, is not complaining of injury caused by a state court judgment—indeed, BANA was the prevailing party in each of the Alaska Supreme Court cases.[209]  In addition, all three Alaska Supreme Court decisions involved non-judicial foreclosure actions.  BANA seeks judicial foreclosure in this action.  Mr. Blas's misrepresentation of the state court decisions as holding that BANA "lacked independent foreclosure authority"—when the Alaska Supreme Court clearly held, and reiterated in each of Mr. Blas's subsequent appeals to that court, that BANA "has authority to foreclose on Blas's property"[210]—is not well-taken.  To the extent that collateral estoppel, or issue

---

[206] *Fowler v. Guerin,* 899 F.3d 1112, 1119 (9th Cir. 2018) (citation omitted).

[207] *Noel v.* Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

[208] The Court focuses its analysis on the Supreme Court's orders because the superior court orders were, as Mr. Blas points out, appealed to the Alaska Supreme Court and were rendered final when the Supreme Court affirmed the superior court's decisions. *See Blas I,* 2017 WL 1379317, at *7; *Blas II*, 2019 WL 1199170, at *2; *Blas III*, 2019 WL 5061383, at *3.

[209] *See Blas I,* 2017 WL 1379317, at *7; *Blas II*, 2019 WL 1199170, at *2; *Blas III*, 2019 WL 5061383, at *3.

[210] *Blas I*, 2017 WL 1379317, at *5; *see also Blas II*, 2019 WL 1199170, at *1; *Blas III*, 2019 WL 5061383, at *2.

preclusion, applies here (and Mr. Blas asserts that it does), it bars Mr. Blas from re-litigating the issue of whether BANA has foreclosure authority, because that issue has already been decided adversely to Mr. Blas by the Alaska Supreme Court.[211]

17.     Mr. Blas's combined **Motion for Summary Judgment, Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Request for Sanctions,** docketed **at Dockets 68, 69, and 70** is DENIED.[212]   The Court has rejected each of the arguments put forward by Mr. Blas in the combined motion. The Court has rejected Mr. Blas's first assertion that BANA does not have standing to foreclose on the Chugiak property as a matter of law in connection with BANA's Motion to Dismiss Defendant's Affirmative Defenses and Counterclaims at Docket 23, above.  The Court has rejected Mr. Blas's second assertion that the Court lacks subject matter jurisdiction in connection with Mr. Blas's Motion to Challenge Lawsuit for Lack of Jurisdiction at Docket 41.  The Court has rejected Mr. Blas's third assertion that his bankruptcy discharge means BANA may not bring this action for judicial foreclosure in connection with Mr. Blas's Motion to Dismiss at

---

[211] *Blas I, N.A.*, 2017 WL 1379317, at *5.

[212] At Docket 71, Mr. Blas filed a Supplemental Addendum to Motion for Summary Judgment "incorporating additional material facts and controlling legal authority."  Docket 71 at 1. Pursuant to Local Civil Rule 7.1(d), "supplementation of factual materials may occur only by motion for good cause" and new "pertinent and significant legal authorities" must be raised in a specific form of notice not to exceed 350 words. No motion for good cause was filed here, nor does Mr. Blas's supplemental addendum comply with the requirements for a notice of supplemental legal authority.  The Court therefore does consider the supplemental addendum.

Docket 32.  The Court has rejected Mr. Blas's fourth contention that the *Rooker-Feldman* doctrine bars this action in connection with Mr. Blas's Rooker-Feldman Preclusion Jurisdictional Motion at Docket 66. And the Court has denied Mr. Blas's Motion to Compel Production of Evidence from Bank of America's Accounting System at Docket 59 as moot, so there is no basis for the Court to award sanctions pursuant to Rule 37. Nor has the Court found that BANA or its counsel has violated Rule 11, which is a prerequisite for the award of sanctions under that rule.

18.    The Court will take no action on the **notices filed at Dockets 6, 12, 38, 39, 44, 48, 49, and 74**.  Notices are a type of filing that should be rarely used and only for administrative functions—e.g., to notify the court of a change of address or to inform the Court that an attorney is appearing to represent a client.[213]  Notices that do not comply with the procedural rules cannot be considered and should not be filed.  All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind—including judicial notice—must be in the form of a motion, with an appropriate caption designating the name of the motion.  Exhibits to motions must be attached to the motion to which they are related and not individually filed.[214]  Discovery requests and

---

[213] *See* D. Alaska L. Civ. R. 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); D. Alaska L. Civ. R. 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of a client).

[214] D. Alaska L. Civ. R. 5.1(f); D. Alaska L. Civ. R. 7.4(c).

responses are not routinely filed with the Court.[215]

## CONCLUSION

Based on the foregoing, IT IS ORDERED:

1.      Mr. Blas's **Motion for Summary Judgment at Docket 13** is DENIED. BANA may submit a fee affidavit within **14 days** of the date of this order for the fees and costs it incurred in responding to the motion at Docket 13, and Mr. Blas may file a response as to the reasonableness of the amount of fees sought within **14 days** thereafter.

2.      Mr. Blas's **Motion to Dismiss Foreclosure Claims at Docket 22** is DENIED.

3.      BANA's **Motion to Dismiss Defendant's Affirmative Defenses and Counterclaims at Docket 23** is GRANTED in part and DENIED in part as follows:

   a. GRANTED as to Mr. Blas's wrongful foreclosure counterclaim. Mr. Blas's wrongful foreclosure counterclaim is DISMISSED.

   b. GRANTED as to Mr. Blas's fraud counterclaim. Mr. Blas's fraud counterclaim is DISMISSED.

   c. GRANTED as to Mr. Blas's negligence counterclaim. Mr. Blas's negligence counterclaim is DISMISSED.

---

[215] *See* Fed. R. of Civ. P. 5(d)(1)(A) ("[T]he following discovery requests and responses *must not be filed until they are used in the proceeding or the court orders filing*: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." (emphasis added)).

d.  GRANTED as to Mr. Blas's RESPA counterclaim and DENIED as to Mr. Blas's RESPA affirmative defense.  Mr. Blas's RESPA counterclaim is DISMISSED.

e.  GRANTED in part and denied in part as to Mr. Blas's breach of contract counterclaim and affirmative defense.  Mr. Blas's breach of contract counterclaim and affirmative defense are DISMISSED insofar as they are based on lack of notice of default.  Mr. Blas may maintain his breach of contract counterclaim and affirmative defense based on the alleged lack of notice of acceleration at this stage.

f.  GRANTED as to Mr. Blas's FDCPA counterclaim. Mr. Blas's FDCPA counterclaim is DISMISSED.

g.  GRANTED as to Mr. Blas's legal misconduct counterclaim and related affirmative defenses. Mr. Blas's "Legal Misconduct" counterclaim is DISMISSED.  Mr. Blas's substantially similar affirmative defenses "Misconduct by Counsel" and "Misrepresentation by Attorney Shannon K Calt" are also DISMISSED.

h.  GRANTED as to Mr. Blas's RICO counterclaim. Mr. Blas's RICO counterclaim is DISMISSED.

i.  GRANTED as to Mr. Blas's adverse possession counterclaim. Mr. Blas's adverse possession counterclaim is DISMISSED.

j.  DENIED as to Mr. Blas's statute of limitations affirmative defense.

k. DENIED as to Mr. Blas's res judicata and previous rulings affirmative defenses.

l. GRANTED as to Mr. Blas's lack of standing affirmative defense. Mr. Blas's lack of standing affirmative defense is DISMISSED.

m. DENIED as to Mr. Blas's unclean hands affirmative defense.

n. GRANTED as to Mr. Blas's ongoing appeal affirmative defense. Mr. Blas's ongoing appeal affirmative defense is DISMISSED.

o. GRANTED as to Mr. Blas's improper notarization affirmative defense. Mr. Blas's improper notarization affirmative defense is DISMISSED.

p. To the extent it is asserted, Mr. Blas's *Colorado River* affirmative defense is DISMISSED.

4. Mr. Blas's **Motion for Order to Show Cause at Docket 28** is DENIED.

5. Mr. Blas's second **Motion to Dismiss at Docket 32** is DENIED.

6. Mr. Blas's **Motion to Strike Complaint at Docket 34** is DENIED.

7. Mr. Blas's **Motion to Identify the Plaintiff at Docket 36** is DENIED.

8. Mr. Blas's **Motion to Challenge Lawsuit for Lack of Jurisdiction at Docket 41** is DENIED.

9. Mr. Blas's **Motion Addressing Constitutional Matters of Deprivation of Civil Rights at Docket 47** is DENIED.

10. Mr. Blas's **Supplemental Motion re Discrepancies and**

Inconsistencies Surrounding the Chain of Title at Docket 50 is DENIED.

11. BANA's **Motion to Strike ECF 50 at Docket 56** is DENIED.

12. Mr. Blas's **Supplemental Motion re Bank of America Status as a Section 25A Federal Reserve Edge Act Corporation at Docket 52** is DENIED.

13. BANA's **Motion to Strike ECF 52 at Docket 57** is DENIED.

14. BANA's **Motion to Strike ECF 53 at Docket 58** is GRANTED. Mr. Blas's **Supplemental Quantum Meruit Motion and Counterclaim at Docket 53** is STRIKEN.

15. Mr. Blas's **Motion to Compel Production of Evidence from Bank of America's Accounting System at Docket 59** is DENIED as moot.

16. Mr. Blas's **Motion for Plaintiff Lack of Minimal Contact and Lack of Disclosure of the Securitization Nature of Alleged Initial Transaction at Docket 62** is DENIED.

17. BANA's **Motion to Strike ECF 62 at Docket 64** is DENIED.

18. Mr. Blas's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Conflict of Interest and Failure to Condition Precedent Notice at Docket 63** is DENIED.

19. BANA's **Motion to Strike ECF 63 at Docket 65** is DENIED.

20. Mr. Blas's **Rooker-Feldman Preclusion Jurisdictional Motion at Docket 66** is DENIED.

21. BANA's **Motion to Strike ECF 66 at Docket 67** is DENIED.

22.    Mr. Blas's combined **Motion for Summary Judgment, Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Request for Sanctions,** docketed **at Dockets 68, 69, and 70** is DENIED.

DATED this 20th day of May, 2025, at Anchorage, Alaska.


_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE