## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BANK OF AMERICA, N.A.,

                Plaintiff,

    v.

LIOR BLAS, *et al.*

                Defendants.

Case No. 3:24-cv-00183-SLG

LIOR BLAS,

                Counterclaimant,

    v.

BANK OF AMERICA, N.A.,

                Counterdefendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND OTHER PENDING MOTIONS

Twenty-one motions are pending before the Court in this case, all of which are resolved by this order:

- The primary motion is Plaintiff and Counterdefendant Bank of America, N.A.'s ("BANA") Motion for Summary Judgment at Docket 91. Defendant and Counterclaimant Lior Blas responded in opposition at Docket 101. Mr. Blas later filed a supplemental opposition at Docket 104, a second supplemental opposition at Docket 107, and an additional related document

at Docket 108.[1]  BANA filed replies at Dockets 109 and 110, and a Notice of Non-Opposition to Evidence Offered in Support of Motion for Summary Judgment at Docket 111.

- At Docket 72 is BANA's Motion for Discovery Sanctions, to Strike the Answer and Enter the Default of Defendant for Failure to Cooperate in Discovery. Mr. Blas responded in opposition at Docket 75.  BANA did not file a reply.

- At Docket 76 is Mr. Blas's Motion for Contempt and Sanctions Against Bank of America, N.A. for Violation of Discharge Injunction Under 11 U.S.C. § 524. BANA moved to strike the motion in an omnibus motion at Docket 87.  After the Court issued the order at Docket 90, in which it denied some of BANA's previous motions to strike Mr. Blas's filings, BANA filed a late response to the motion as part of an omnibus opposition at Docket 99. Mr. Blas replied at Docket 102.

- At Docket 77 is Mr. Blas's Motion in Limine #1 to Exclude Mischaracterization and Preclude Production of Instrument as Article 3 Negotiable Note.  BANA moved to strike the motion in an omnibus motion

---

[1] The Court exercises its discretion to consider Mr. Blas's supplemental oppositions and BANA's corresponding replies. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) ("[A]cceptance or rejection of argumentative briefs, memoranda, and other supplementary material is within the sound discretion of the court.").  The Court notes, however, that Mr. Blas filed the supplemental material in violation of Local Civil Rule 7.1, and much of the supplemental material is not responsive to BANA's Motion for Summary Judgment. *See* Dockets 107; Docket 108.  BANA's replies in support of its Motion for Summary Judgment were late-filed based on the date of Mr. Blas's first response in opposition, but were filed within 14 days of Mr. Blas's second supplemental opposition, and are accepted as filed.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 2 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 2 of 44

at Docket 87.  After the Court issued the order at Docket 90, in which it denied some of BANA's previous motions to strike Mr. Blas's filings, BANA filed a late response to the motion as part of an omnibus opposition at Docket 99.  Mr. Blas did not file a reply.

- At Docket 81 is BANA's Motion to Strike ECF 68, 69, 70, and 71; or, in the Alternative, Motion for a More Definite Statement.  Mr. Blas responded in opposition at Docket 89. BANA did not file a reply.

- At Docket 82 is Mr. Blas's Motion for Entry of Summary Judgment. BANA moved to strike the motion in an omnibus motion at Docket 87, but did not otherwise respond to the motion.

- At Docket 83 is Mr. Blas's Motion to Stay or Deny Summary Judgment as Premature (Fed. R. Civ. P. 56(d)), to which BANA did not file a response.

- At Docket 84 is Mr. Blas's Request for Judicial Notice. BANA moved to strike the motion in an omnibus motion at Docket 87, but did not otherwise respond to the motion.

- At Docket 86 is Mr. Blas's Motion to Dismiss and Jurisdictional Challenge. BANA moved to strike the motion in an omnibus motion at Docket 87.  After the Court issued the order at Docket 90, in which it denied some of BANA's previous motions to strike Mr. Blas's filings, BANA filed a late response to the motion as part of an omnibus opposition at Docket 99.  Mr. Blas did not file a reply.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 3 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 3 of 44

- At Docket 87 is BANA's omnibus Motion to Strike ECF 76, 77, 82, 83, 84, and 86; Or, in the Alternative, Motion for a More Definite Statement. Mr. Blas filed an omnibus opposition to BANA's motions to strike at Docket 89. BANA did not file a reply.

- At Docket 88 is Mr. Blas's Request for Judicial Notice Related to Docket #s 83 & 86. BANA did not file a response.

- At Docket 95 is BANA's Motion to File Confidential Settlement Agreements Under Seal, to which Mr. Blas did not file a response.

- At Docket 98 is Mr. Blas's Motion to Strike Plaintiff's Motion for Summary Judgment. BANA responded in opposition at Docket 105, and Mr. Blas replied at Docket 106.

- At Docket 112 is Mr. Blas's Motion to Strike Plaintiff's Untimely Improper Reply Filings on 6/30/2025 to Defendant's Opposition to MSJ. BANA responded in an omnibus opposition at Docket 115. Mr. Blas did not file a reply.

- At Docket 113 is Mr. Blas's Motion of Notice of Submission and Proposed Sur-Reply in connection with BANA's Motion for Summary Judgment. BANA responded in an omnibus opposition at Docket 115. Mr. Blas did not file a reply.

- At Docket 114 is Mr. Blas's Motion to Join Fannie Mae as a Necessary Party Under Rules 20 and 19. BANA responded in opposition at Docket 121. Mr.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 4 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 4 of 44

Blas replied at Docket 122.

- At Docket 116 is Mr. Blas's Motion in Limine to Exclude Inadmissible Evidence Per Trial Schedule. BANA did not file a response.

- At Docket 117 is Mr. Blas's Motion for Judicial Notice. BANA's did not file a response.

- At Docket 119 is Mr. Blas's Cross-Motion for Summary Judgment and Memorandum of Points and Authorities. BANA filed a response in opposition at Docket 130. Mr. Blas did not file a reply.

- At Docket 120 is Mr. Blas's Motion to/for Pacer Fees Waiver. BANA filed a response in opposition at Docket 127. Mr. Blas did not file a reply.

- At Docket 123 is BANA's Motion in Limine to Exclude Nondisclosed Evidence. Mr. Blas filed a response in opposition at Docket 125. BANA did not file a reply.

Oral argument was not requested on any of the pending motions and was not necessary to the Court's determinations.

For the reasons set forth below, the Court: (1) DENIES Mr. Blas's Rule 56(d) Motion at Docket 83; (2) GRANTS Mr. Blas's Motion of Notice of Submission and Proposed Sur-Reply at Docket 113; (3) GRANTS BANA's Motion for Summary Judgment at Docket 91, except as to the amount due to BANA; (4) GRANTS BANA's Motion to Seal at Docket 95; and (5) DENIES the remaining pending motions for the reasons set forth in this order.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 5 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 5 of 44

# BACKGROUND

The factual background of this case and a summary of the extensive history of litigation between the parties are set out in the Court's prior order at Docket 90. The facts relevant to BANA's Motion for Summary Judgment are as follows: On or about February 22, 2008, Mr. Blas obtained a $300,000 mortgage loan from BANA, which was memorialized by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust") against property located at 24245 Temple Drive, Chugiak, AK, 99567 (the "Property").[2] The Deed of Trust was recorded on February 27, 2008 in the official records of the Anchorage Recording District as instrument number 2008-010225-0.[3] The Deed of Trust identified the borrower as Lior Blas and the lender as BANA.[4] BANA is the current holder of the Note and the beneficiary of the Deed of Trust.[5] The original Note is in the possession of BANA in Denver, Colorado.[6]

After defaulting on the Note, Mr. Blas sought and received a loan modification in 2011.[7] The loan modification was made as part of a formal settlement between Mr. Blas and BANA, which waived all then-existing claims by

---

[2] Docket 94 (BANA Aff.) at ¶ 10; Docket 94-1 (Note).

[3] Docket 94 at ¶ 10; Docket 92-2 (Recorded Deed of Trust).

[4] Docket 92-2.

[5] Docket 94 at ¶ 10; Docket 92-2.

[6] Docket 94 at ¶¶ 10–11.

[7] Docket 94 at ¶ 12, Docket 94-2.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 6 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 6 of 44

Mr. Blas.[8] Mr. Blas resumed payments after executing the loan modification, but defaulted on the loan again in or about October 2012.[9]

BANA issued a Notice of Intent to Accelerate the loan on July 5, 2013.[10] BANA subsequently recorded a Notice of Default and Election to Sell Under Deed of Trust ("2013 NOD") against the Property in the Anchorage public records on December 11, 2013, formally accelerating the loan for the first time.[11]

In January 2014, Mr. Blas sued BANA in Alaska Superior Court in an attempt to stop BANA's effort to non-judicially foreclose on the Property.[12] The Superior Court entered summary judgment in favor of BANA on all claims and dismissed the case with prejudice.[13] Mr. Blas appealed, and the Alaska Supreme Court affirmed the dismissal.[14]

In April 2017, Mr. Blas entered into a second settlement agreement with BANA, in which Mr. Blas agreed to vacate the Property and not to contest

---

[8] Docket 94 at ¶ 12, Docket 96-1 (SEALED) at 2 (January 2012 Settlement Agreement).

[9] Docket 94 ¶ 15; *see* Docket 94-4 (Notice of Intent to Accelerate).

[10] Docket 94 ¶ 15; *see* Docket 94-4.

[11] Docket 94 ¶ 15; *see* Docket 94-4.

[12] *See* Docket 92-16 at 1–3 (Complaint, *Blas v. Bank of America, N.A.*, Case No. 3AN-14-04595CI (Alaska Super. Ct. Jan. 23, 2014)).

[13] *See Blas v. Bank of Am., N.A.*, Case No. S-16174, 2017 WL 1379317, at *1–2 (Alaska Apr. 12, 2017); Docket 92-16 at 4–5 (Final Judgment, *Blas v. Bank of America, N.A.*, Case No. 3AN-14-04595CI (Alaska Super. Ct. Sept. 28, 2015)).

[14] *Blas*, 2017 WL 1379317, at *7.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 7 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 7 of 44

foreclosure.[15] But Mr. Blas did not vacate the property as agreed and kept the consideration paid by BANA for the settlement.[16]

On August 31, 2017, a Termination Notice withdrawing the 2013 NOD was recorded in the Anchorage public records.[17] That same day, a new Notice of Default and Election to Sell Under Deed of Trust ("2017 NOD") was recorded against the Property, reaccelerating the debt.[18]

On November 30, 2017, Mr. Blas filed for Chapter 13 bankruptcy.[19] This caused an automatic stay under 11 U.S.C. § 362(c) to enter, thereby preventing any foreclosure action against the Property from proceeding. In July 2018, BANA filed a Proof of Claim in the bankruptcy case.[20] Mr. Blas filed an objection to that Proof of Claim.[21] The Bankruptcy Court denied Mr. Blas's objection to the Proof of Claim and determined that the Note provided to the court was authentic.[22] BANA

---

[15] Docket 94 at ¶ 18; Docket 96-2 (SEALED) (April 2017 Settlement Agreement).

[16] Docket 94 at ¶ 18.

[17] Docket 94 at ¶ 20.

[18] Docket 94 at ¶ 20.

[19] Docket 94 at ¶ 21; *see In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska).

[20] Docket 94 at ¶ 22; *In re Blas*, Case No. 17-00411-GS, 2018 WL 3343490, at *3 (Bankr. D. Alaska July 5, 2018).

[21] Docket 94 at ¶ 22; Memorandum Decision On Debtor's Remaining Objections To Proof of Claim at 3–5, *In re Blas*, Case No. 17-00411-GS, (Bankr. D. Alaska Dec. 17, 2019), Docket 233.

[22] Docket 94 at ¶ 23; *In re Blas*, No. 17-00411-GS, 2019 WL 7602219, at *4 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, Case No. 3:19-CV-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 8 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 8 of 44

also moved for relief from the automatic stay to be able to proceed with a foreclosure against the Property; the Bankruptcy Court granted that relief on December 19, 2019.[23]

Three months later, the COVID pandemic struck. In response, Congress enacted a moratorium on foreclosures against all "[f]ederally backed mortgage loans," effective March 18, 2020.[24] The moratorium remained in effect through July 31, 2021.[25] On May 6, 2022, a Termination Notice removing the 2017 NOD and a new Notice of Default and Election to Sell Under Deed of Trust ("2022 NOD") were recorded against the Property, again reaccelerating the debt.[26]

On August 15, 2022, Mr. Blas filed another Chapter 13 bankruptcy case.[27] This caused a new automatic stay under 11 U.S.C. § 362(c) to enter. BANA moved for and was ultimately granted relief from the new automatic stay on January 16, 2024.[28] On March 11, 2024, a new Notice of Default and Election to Sell Under

---

[23] Docket 94 at ¶ 24.

[24] 15 U.S.C. § 9056(c)(2).

[25] *See* U.S. Dep't of Housing & Urban Dev., Mortgagee Letter 2021-19 (July 30, 2021) ("HUD's foreclosure moratorium is set to expire on July 31, 2021"), *available at* https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-19hsgml.pdf; *see also Kremenchutsky v. Citizens Bank N.A.*, Case No. 24-cv-01615, 2025 WL 1249623, *8 (E.D.N.Y. Apr. 30, 2025) (reciting history of federal foreclosure moratorium, but incorrectly stating the moratorium was extended to July 31, 2022, rather than 2021).

[26] Docket 94 at ¶ 26.

[27] Docket 94 at ¶ 27; *see In re Lior Blas*, Case No. 22-00100-GS (Bankr. D. Alaska).

[28] Docket 94 at ¶ 28.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 9 of 44

Deed of Trust ("2024 NOD") was recorded in the Anchorage public records.[29] On May 30, 2024, a Termination Notice withdrawing the 2024 NOD was recorded prior to the initiation of this judicial foreclosure complaint.[30]

On August 21, 2024, BANA filed this action for judicial foreclosure.[31] Mr. Blas filed an answer with affirmative defenses and counterclaims.[32] Since then, the parties have exchanged written discovery and engaged in extensive motion practice.[33] On May 20, 2025, the Court issued an order addressing 25 then-pending motions.[34] There, the Court denied Mr. Blas's Motion for Summary Judgment and awarded BANA the attorney's fees it had incurred in responding to Mr. Blas's motion because Mr. Blas's "repetitive motion practice"—including 16 separate dispositive motions as of May 20, 2025—"[could] only reasonably be viewed as [an] attempt to harass BANA and to multiply the proceedings in bad faith."[35] The Court denied Mr. Blas's other dispositive motions, and dismissed most, but not all, of Mr. Blas's affirmative defenses and counterclaims with

---

[29] Docket 94 at ¶ 30; Docket 92-12 (2024 NOD).

[30] Docket 94 at ¶ 31.

[31] Docket 1.

[32] Docket 7.

[33] BANA has filed a motion for sanctions based on Mr. Blas's failure to cooperate with discovery at Docket 72. BANA did not file a motion to compel before seeking sanctions.

[34] Docket 90.

[35] Docket 90 at 16–17. The Court notes that BANA did not file a fee affidavit within the time allowed by the May 20, 2025 order. *See* Docket 90 at 58.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 10 of 44

prejudice.[36]

BANA now moves for summary judgment on its foreclosure claim and on Mr. Blas's remaining counterclaim for breach of contract.[37] In connection with the motion for summary judgment, BANA also moves to file under seal the confidential settlement agreements between Mr. Blas and BANA,[38] and Mr. Blas moves to defer consideration of the Motion for Summary Judgment.[39] The parties have also filed numerous other motions, some related and some unrelated to the Motion for Summary Judgment.

## JURISDICTION

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1322 because the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states.

## LEGAL STANDARDS

### I.  Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "The party moving

---

[36] Docket 90 at 58–62; *see also* Docket 97 (Supplement to Order on Pending Motions) (clarifying that the dismissals of Mr. Blas's counterclaims and affirmative defenses, as ordered by the Court at Docket 90, are with prejudice and without leave to amend).

[37] Docket 91.

[38] Docket 95

[39] Docket 83.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 11 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 11 of 44

for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial."[40] However, "[w]hen the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'"[41]

If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[42] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[43]

In deciding a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[44] However, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling

---

[40] *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[41] *Id.* (quoting *Celotex Corp.*, 477 U.S. at 325).

[42] *Celotex Corp.*, 477 at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[43] *Anderson*, 477 U.S. at 248–49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[44] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 12 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 12 of 44

on a motion for summary judgment.'"[45]  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."[46]

## II.    Motion to Defer Summary Judgment

Rule 56(d) permits a court to deny or defer consideration of a motion for summary judgment if the non-moving party demonstrates that he cannot present facts essential to his opposition to the motion for summary judgment and further discovery is necessary to allow the non-moving party to obtain the necessary information.  A party requesting a Rule 56(d) continuance must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[47]  This rule is designed to ensure that parties are not unfairly prejudiced by summary judgment motions filed before they have had a reasonable opportunity to conduct discovery.

---

[45] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[46] *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)); *see also Oakley, Inc. v. McWilliams*, 584 Fed. App'x 528, 529 (9th Cir. 2014) (stating that party's "own self-serving and uncorroborated declarations . . . are insufficient to avert summary judgment").

[47] *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).  When *Family Home & Finance Center* was  decided, Rule 56(d) was enumerated as 56(f) in the Federal Rules of Civil Procedure.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 13 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 13 of 44

### III.    Motion to Seal

There is "a general right to inspect . . . public records and documents, including judicial records and documents."[48]   Unless a particular court record is one that has been "traditionally kept secret," "a strong presumption in favor of [public] access is the starting point."[49]  The Ninth Circuit has explained that judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[50] This "compelling reasons" standard applies to the dispositive motion briefing in this case.

## DISCUSSION

### I.    Mr. Blas's Motion to Stay or Deny Summary Judgment as Premature (Fed. R. Civ. P. 56(d))

As an initial matter, Mr. Blas moves to stay or deny BANA's Motion for Summary Judgment under Rule 56(d).  In this motion—which Mr. Blas filed before BANA moved for summary judgment—Mr. Blas contends that he lacks discovery necessary to respond to BANA's forthcoming summary judgment motion because

---

[48] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[49] *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In *Kamakana*, the Ninth Circuit identified two categories of documents that fall in the category of those traditionally kept secret: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. 447 F. 3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

[50] *Kamakana*, 447 F.3d at 1180 (quoting *Foltz,* 331 F.3d at 1136).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 14 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 14 of 44

he had moved to compel production of "critical evidence of accounting records and Calt's deposition to prove [BANA]'s lack of standing, fraud, and TILA default."[51]

This argument is not persuasive. In its May 20, 2025 order, the Court denied Mr. Blas's motion to compel.[52] In addition, the Court rejected Mr. Blas's contention that BANA lacked standing to pursue this action,[53] dismissed Mr. Blas's counterclaims for fraud and "legal misconduct," dismissed Mr. Blas's affirmative defenses for "misconduct by counsel" for "submitting fraudulent documentation regarding the assignment" and "misrepresentation by attorney Shannon K Calt" as invalid as a matter of law,[54] and struck Mr. Blas's supplemental counterclaim for TILA violations.[55] Mr. Blas has not shown that yet-unproduced facts exist and are essential to his opposition to BANA's Motion for Summary Judgment as to the remaining claims and counterclaims.

Mr. Blas raises three additional points in his Rule 56(d) motion, none of which establish the elements required for a Rule 56(d) continuance. Mr. Blas asserts that "[s]ummary judgment is premature until jurisdiction, standing, and

---

[51] Docket 83 at 2.

[52] The Court denied the motion to compel as moot in light of BANA's representation that it provided responsive documents, which Mr. Blas did not contest. Docket 90 at 50. The Court also noted that Mr. Blas filed his motion to compel without first conferring with BANA and did not meaningfully engage with BANA's counsel's later attempts to confer and resolve the motion. Docket 90 at 50–51.

[53] Docket 90 at 34.

[54] Docket 90 at 24, 28–29.

[55] Docket 90 at 49–50.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 15 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 15 of 44

time-bar issues are resolved."[56]  The Court addressed these issues in its May 20, 2025 order;[57] and, in any event, Mr. Blas does not explain how these "threshold issues" prevent him from presenting facts essential to his opposition to BANA's Motion for Summary Judgment.[58]  Next, Mr. Blas contends that "material disputes of fact exist" and preclude summary judgment.[59]  This is an argument against granting summary judgment; it does not support postponing consideration of a summary judgment motion.[60]  And finally, Mr. Blas asserts that Bank of America has obstructed discovery in bad faith.[61]  This assertion is unsupported.

Accordingly, Mr. Blas's Motion to Stay or Deny Summary Judgment as Premature (Fed. R. Civ. P. 56(d)) is DENIED.  The Court will not defer consideration of BANA's Motion for Summary Judgment.

## II.  BANA's Motion for Summary Judgment

BANA asserts that it is entitled to summary judgment on its cause of action for judicial foreclosure and on Mr. Blas's remaining counterclaim for breach of contract based on alleged lack of notice of acceleration.  As to its judicial

---

[56] Docket 83 at 4.

[57] Docket 90 at 18–20, 31–32, 34–35.

[58] Docket 83 at 4.

[59] Docket 83 at 4.

[60] As addressed *infra* Section II, Mr. Blas fails to establish that material disputes of fact exist in connection with BANA's Motion for Summary Judgment, except as to the dollar amount due to BANA.

[61] Docket 83 at 4–5.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 16 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 16 of 44

foreclosure claim, BANA maintains that there is no genuine dispute that Mr. Blas executed the Note, the Note was secured by the Deed of Trust, the Deed of Trust was recorded, and Mr. Blas defaulted under the terms of the Deed of Trust.[62]  And BANA contends that Mr. Blas's breach of contract counterclaim is refuted by the factual record, which includes a Notice of Intent to Accelerate dated July 5, 2013.[63]  In support of its motion, BANA filed a notarized "Affidavit of Bank of America, N.A.," signed by Vice President Amy Bernal, which describes the history of Mr. Blas's mortgage and BANA's attempts to collect on the debt, and lays foundation for exhibits including copies of the Note, a Loan Modification Agreement, two settlement agreements between BANA and Mr. Blas, the Notice of Intent to Accelerate, and a "Payoff Statement" listing the amount due on the Note through May 7, 2025.[64]  BANA also requests that the Court take judicial notice of a number of recorded deeds of trust and similar instruments, as well as court filings in Mr. Blas's state court and bankruptcy cases.[65]

In response, Mr. Blas asserts that the affidavit of Amy Bernal is inadmissible and disputes the amount due on the Note, which he supports by attaching as an

---

[62] Docket 91 at 9–10.

[63] Docket 91 at 5, 20.

[64] Docket 94 ¶¶ 10, 12, 13, 15, 18, 34; Dockets 94-1—94-6.

[65] Docket 92.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 17 of 44

exhibit to his opposition a May 16, 2025 statement from BANA.[66]  Mr. Blas does

not otherwise contest the evidence put forward by BANA in support of its motion.[67]

Rather, Mr. Blas asserts that the Court's May 20, 2025 order "identified triable

issues of material fact."[68]  Mr. Blas also asserts that BANA lacks standing to

enforce the Note, violated TILA and RESPA, improperly accelerated the debt,

failed to "reissue[] new Section 22 Notices as required by the Deed of Trust."[69]  He

further contends that the judicial forfeiture is time-barred, and disputes

"unauthorized legal fees."[70]  To the extent that Mr. Blas's arguments were fully

addressed in the Court's May 20, 2025 order or constitute new legal theories not

previously raised, the Court does not address them here.[71]

### A. Judicial Notice

Mr. Blas does not object to BANA's request that that Court take judicial

notice of recorded documents and court filings in Mr. Blas's state court and

bankruptcy cases.  The documents are official records of the Anchorage Recording

---

[66] Docket 101 at 6; Docket 104; *see* Docket 101-1.

[67] *See* Docket 101; Docket 104; Docket 107; Docket 113.

[68] Docket 101 at 2.

[69] Docket 101 at 3–4.  Section 22 is the mortgage provision that governs "Acceleration; Remedies" in the standard form mortgage contract for single family residences developed by the Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac) and in the Deed of Trust in issue in this case. *See* Docket 92-2 at 14.

[70] Docket 101 at 4.

[71] *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1079–80 (9th Cir. 2008) (holding courts need not consider claims and legal theories raised for the first time at the summary judgment stage).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 18 of 44

District, the Alaska State Courts, and the United States Courts.[72] They are therefore "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and "not subject to reasonable dispute."[73] Accordingly, the Court takes judicial notice of the documents filed at Dockets 92-1 through 92-16.

### B. Judicial Foreclosure Claim

Alaska state law governs the claims that remain in this action.[74] Under Alaska law, absent an agreement to the contrary, a secured creditor has three choices of remedy when a borrower defaults: (1) judicial foreclosure; (2) suing on the note secured by the deed of trust; or (3) non-judicial foreclosure.[75] Alaska Statute § 09.45.170 provides the option of judicial foreclosure, which BANA elected by filing this action.[76]

---

[72] *See* Docket 92 at 2–3.

[73] Fed. R. Evid. 201(b); *see Western Fed. Savings & Loan Ass'n v. Heflin*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of state court records and documents recorded in the county public record, including deeds of trust).

[74] "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[75] *Moening v. Alaska Mut. Bank*, 751 P.2d 5, 8 (Alaska 1988).

[76] Alaska Statute § 09.45.170 provides:

A person having a lien upon real property, other than that of a judgment, whether created by mortgage or otherwise, to secure a debt or other obligation may bring an action to foreclose the lien. In the action, the court may direct the sale of the encumbered property or a portion of it and the application of the proceeds of the sale to the payment of costs, expenses of sale, and the amount due the plaintiff. The judgment shall also determine the personal liability of a defendant for the payment of the debt secured by the lien and be entered accordingly.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 19 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 19 of 44

The Alaska Supreme Court has not clearly defined the elements of a claim for judicial foreclosure. It has, however, adopted the reasoning of an Alaska Superior Court decision which described the court's task in a judicial foreclosure action as follows: "If the court finds the debt valid, and in default, it will issue judgment for the total amount owed including the costs of the foreclosure process, and a court-ordered foreclosure sale will follow."[77] By statute, "the court may direct the sale of the encumbered property . . . and the application of the proceeds of the sale to the payment of costs, expenses of sale, and the amount due the plaintiff."[78] Pursuant to the judgment of foreclosure and the order of sale, a court issues a writ of execution against the secured property.[79] A court may "also determine the personal liability" of the debtor for the amount due on the underlying note,[80] and, upon sale of the foreclosed property, the lender may obtain a deficiency judgment against the borrower for amounts still owed after the sale.[81] In this case, however, BANA "is not seeking to recover a deficiency judgment against Mr. Blas

_____

[77] *Kuretich v. Alaska Tr., LLC*, 287 P.3d 87, 91 (Alaska 2012).

[78] Alaska Stat. § 09.45.170

[79] *See* Alaska Stat. §§ 09.45.170, 09.35.010.

[80] *See* Alaska Stat. §§ 09.45.170, 09.35.010.

[81] Alaska Stat. §§ 09.45.180; 09.35.030; *Dikeman v. Jewel Gold Mining Co.,* 7 Alaska 361, 364 (1925), *aff'd*, 13 F.2d 118 (9th Cir. 1926). A creditor is not entitled to a deficiency judgment, or any action to recover a deficiency, following a nonjudicial foreclosure sale. See Alaska Stat. § 34.20.100; *Suber v. Alaska State Bond Committee,* 414 P.2d 546, 555 (Alaska 1966).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 20 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 20 of 44

individually"[82] because "Mr. Blas received a discharge of his individual obligation for this debt as part of his first bankruptcy."[83]  BANA therefore requests that "[a]ny order of judgment should make clear than relief is granted solely *in rem* for purposes of allowing BANA to foreclose on its security interest in the Property."[84]  If a lender pursues judicial foreclosure, it "may not exercise the non-judicial remedies."[85]  After a judicial foreclosure, a defaulting borrower has a statutory right to redeem the property by paying the amount of the purchase money, plus interest at the rate of eight percent a year from the date of sale, and costs incurred in the sale, within 12 months from the entry of an order of confirmation of the sale.[86]

Here, BANA has shown that there is no genuine dispute that the debt claimed by BANA is valid and that Mr. Blas is in default.  The Court first notes that it need not credit Ms. Bernal's affidavit to so conclude.  Mr. Blas, in his opposition, correctly identifies a deficiency in the affidavit: although there is a notary signature below Ms. Bernal's signature, Ms. Bernal does not attest that the contents of the

---

[82] Docket 91 at 21 n.13.

[83] Docket 91 at 8 n.6 (emphasis omitted) (first citing Docket 94 at ¶ 21; and then citing *Garske v. Arcadia Fin., Ltd. (In re Garske)*, 287 B.R. 537, 542 (B.A.P. 9th Cir. 2002) ("[I]n cases where the creditor holds a secured interest in property subject to a scheduled debt, a discharge extinguishes only the personal liability of the debtor. Notwithstanding the discharge, the secured creditor's right to proceed against the debtor *in rem* survived the Chapter 7 liquidation.") (brackets, quotation marks, and citation omitted)).

[84] Docket 91 at 21 n. 13.

[85] Alaska Stat. § 34.20.070(a).

[86] Alaska Stat. § 09.35.250.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 21 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 21 of 44

affidavit are true and correct nor that the facts therein are stated under penalty of perjury.[87]  These omissions cast doubt on the sufficiency of the affidavit to support BANA's motion for summary judgment.[88]  The Court notes, however, that Mr. Blas does not dispute any of the facts set out in the affidavit except for the calculation of the amount due to BANA.[89]

The Court does not reach the issue of whether BANA's deficient affidavit can support summary judgment, because the Court finds that BANA has shown by other evidence that there is no dispute of material fact as to its judicial foreclosure claim. The Court may consider the exhibits attached to Ms. Bernal's affidavit as evidence in support of BANA's motion for summary judgment without crediting the affidavit itself.[90]  "Rule 56 was amended in 2010 to eliminate the unequivocal requirement that evidence submitted at summary judgment must be

---

[87] *See* Docket 94.

[88] *See Davenport v. Bd. of Trs. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009) (rejecting affidavit that contained no attestation to the truth even though a notary acknowledged the identity of the person signing); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988) (same).  Mr. Blas's argument that the affidavit does not comport with 28 U.S.C. § 1746 is unavailing because § 1746 applies only to unsworn declarations and is therefore not applicable to a notarized affidavit.

[89] *See* Docket 101; Docket 104; Docket 107; Docket 113.

[90]  *See Sagdai v. Travelers Home & Marine Ins. Co.*, 639 F. Supp. 3d 1091, 1101 (W.D. Wash. 2022) (admitting documents attached to excluded declaration because, "[a]lthough the documents are not properly authenticated now, they could be authenticated and presented in admissible form at trial."); *Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 923 (D. Nev. 2019) (declining, based on the 2010 amendments to Federal Rule of Civil Procedure 56, to "disregard all exhibits for lack of proper authentication because their substance could be admissible at trial").  *Tagle v. Nevada,* Case No. 215CV01402JADVCF, 2019 WL 507450, at *2 n.10  (D. Nev. Feb. 7, 2019) (same) : *Koga-Smith v. MetLife*, Case No. C-12-4050 EMC, 2013 WL 971468, at *1 (N.D. Cal. Mar. 12, 2013) (same).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 22 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 22 of 44

authenticated."[91]    The exhibits attached to the affidavit of Ms. Bernal are documents in the record—an evidentiary source upon which Rule 56(c)(1) allows a moving party to rely.  Rule 56(c)(2) permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  The only objection raised by Mr. Blas, however, is as to the amount due to BANA.  On that issue, Mr. Blas contends that "Plaintiff has not produced any admissible evidence of the amount due, application of payments from sales, securitization, arrearages, or reinstatement amount."[92]    Mr. Blas disputes the payment calculation in the  "Payoff Statement" attached to Ms. Bernal's affidavit at Docket 94-6, which states the total amount due as of May 7, 2025 is $565,069.29.[93]  Mr. Blas files a statement from BANA which purports to show the amount due on the loan is $314,432.08 as of May 16, 2025, as well as a charge of $5,874 in attorney's fees that Mr. Blas contends should not be included in the amount due.[94]

The Court therefore finds that Mr. Blas has raised a material dispute as to

---

[91] *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016).

[92] Docket 113-1 at 2.

[93] This amount includes the "Principal Balance as of 04/17/2025," interest, a "County Recording Fee," "Uncollected Fees Due," "Additional Fees and Costs," and the "Escrow Balance Due." Docket 94-6 at 1.

[94] Docket 101-1 at 1 -2.  The Court notes that the document at Docket 101-1 is not accompanied by an affidavit or declaration and is not authenticated. The Court nonetheless considers the document for the same reason it considers BANA's exhibits: it is not disputed that it can be presented in a form that is admissible at trial.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 23 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 23 of 44

the amount currently due on the Note; but there is no genuine dispute of material fact as to the validity of the Note itself. Nor is there any genuine dispute as to the contents of the Note at Docket 94-1, the Loan Modification Agreement at Docket 94-2, or the settlement agreements at Dockets 94-3 and 94-5.[95] And while Mr. Blas raises a legal issue as to the sufficiency of the Notice of Acceleration at Docket 94-4, there is no genuine dispute that the exhibit is authentic and could be presented in a form that is admissible at trial.[96] Therefore, the Court will consider each of these documents in connection with BANA's motion for summary judgment.[97] The Court also relies on the recorded Deed of Trust, which BANA cites and the Court takes judicial notice of.[98] Moreover, Mr. Blas does not dispute that he defaulted on the Note; Mr. Blas acknowledges, in arguing that BANA's claim is time barred, that he last made a payment on the loan more than a decade ago, on October 30, 2012.[99] Because there is no genuine dispute of material fact as to the validity of Note as secured by the Deed of Trust,[100] nor is there any

---

[95] The settlement agreements are filed under seal at Docket 96-1 (SEALED) and Docket 96-2 (SEALED).

[96] *See* Docket 101 at 4 (contending that BANA materially breached the contract by not "reissuing new Section 22 notices").

[97] *See, e.g.*, *Sagdai*, 639 F. Supp. 3d at 1101; *Dinkins*, 362 F. Supp. 3d at 923.

[98] Docket 92-2 at 14.

[99] *See* Docket 101 at 4. The Court further notes that the 2017 settlement agreement between BANA and Mr. Blas contains an acknowledgement by Mr. Blas "that he defaulted under the terms and conditions of the Note or Security Instrument." Docket 96-2 at 4 (SEALED).

[100] Although the Court will determine the amount owed to BANA at trial, the Court notes that interest is provided by the Note, and thus the Court will not entertain any argument at trial that the

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 24 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 24 of 44

genuine dispute of material fact as to Mr. Blas's default, BANA is entitled to an order of sale of the Property on its judicial foreclosure claim, with the amount owing to BANA to be determined at trial.

## C. Affirmative Defenses and Breach of Contract Counterclaim

The Court finds that Mr. Blas's affirmative defenses and counterclaim do not preclude summary judgment for BANA. In its May 20, 2025 order, the Court dismissed seven of Mr. Blas's affirmative defenses in full.[101] The Court also dismissed Mr. Blas's breach of contract counterclaim and affirmative defense insofar as they were based on a lack of notice of default, because Mr. Blas's allegation to that effect was contravened by documents subject to judicial notice.[102] Five affirmative defenses—RESPA, breach of contract based on alleged lack of notice of acceleration, untimeliness, res judicata, and unclean hands—and one counterclaim—breach of contract based on alleged lack of notice of acceleration—remain.[103]

In his opposition to BANA's Motion for Summary Judgment, Mr. Blas appears to equate the Court's decision not to dismiss these affirmative defenses at the motion to dismiss stage with a finding that there are triable issues of fact as

interest provided for in the Note is not properly included in the amount owed to BANA. *See* Docket 94-1 at 1–3.

[101] Docket 90 at 26–37; *see* Docket 97 at 2.

[102] Docket 90 at 26.

[103] Docket 90 at 23–37.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 25 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 25 of 44

to these defenses.[104]  This is incorrect.  As the Court explained in its prior order, the bar for an affirmative defense to survive a motion to dismiss is low; the Court dismissed only Mr. Blas's affirmative defenses that were "invalid as a matter of law."[105]  At the summary judgment stage, Mr. Blas's burden is higher: Because Mr. Blas has the burden of proving his affirmative defenses at trial, BANA "need only point out that there is an absence of evidence" for the affirmative defense to trigger Mr. Blas's obligation to show a genuine dispute exists and precludes summary judgment.[106]  The same is true for Mr. Blas's remaining counterclaim.[107]  The Court addresses each of Mr. Blas's remaining affirmative defenses and his related breach of contract counterclaim.

*RESPA.* The Court agrees with BANA that Mr. Blas's RESPA affirmative defense, based on BANA's alleged failures to fulfill certain loss mitigation obligations,[108] is precluded by collateral estoppel based on Mr. Blas's prior state court litigation.

Under Alaska law, collateral estoppel, or issue preclusion, "applies where a

---

[104] Docket 101 at 6; *see also* Docket 104.  Mr. Blas relies on the same mistaken assertion in his Motion to Strike Plaintiff's Motion for Summary Judgment at Docket 98.

[105] Docket 90 at 22–23, 25–37.

[106] *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (internal quotation marks and citation omitted).

[107] *See id.*

[108] Docket 7 at 7.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 26 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 26 of 44

court has decisively adjudicated a particular factual or legal issue."[109]  Four elements must be met:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved by the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[110]

In a prior action brought by Mr. Blas seeking to stop BANA's attempt to non-judicially foreclose on the Chugiak property, the Alaska Superior Court granted summary judgment on Mr. Blas's RESPA claim in BANA's favor.[111]  That decision was appealed by Mr. Blas, was upheld by the Alaska Supreme Court, and is a final judgment on the merits.[112]  BANA has therefore shown that the elements of collateral estoppel are met—Mr. Blas alleged RESPA violations in a prior action concerning BANA's entitlement to foreclose on the Chugiak property under the same Note and Deed of Trust at issue here, and the RESPA issue was decided adversely to Mr. Blas.  Mr. Blas does not explain how his RESPA defense here differs from the RESPA claim actually decided in the state court action. Collateral

---

[109] *Matter of Sasha J.*, 563 P.3d 602, 609 (Alaska 2025) (quotation marks and footnote omitted). The Court applies Alaska law concerning claim preclusion to the Alaska judgment. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).

[110] *Matter of Sasha J.*, 563 P.3d at 609.

[111] *Blas v. Bank of Am., N.A.*, Case No. S-16174, 2017 WL 1379317, at *7 & n.35 (Alaska Apr. 12, 2017).

[112] *Id.*

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 27 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 27 of 44

estoppel therefore prevents Mr. Blas from relitigating BANA's alleged RESPA violation in this action.[113]

***Breach of Contract.*** The Court previously declined to dismiss Mr. Blas's breach of contract counterclaim and affirmative defense based on an alleged lack of notice of acceleration at the motion to dismiss stage. Although BANA filed a Notice of Intent to Accelerate as an exhibit to BANA's counsel's declaration in support of the motion to dismiss, BANA did not provide any authority for the Court to take judicial notice of the exhibit.[114] And because the Court was deciding a motion to dismiss, the Court's review was limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[115] The Court therefore did not consider the Notice of Intent to Accelerate and found that "Mr. Blas may maintain his breach of contract counterclaim and affirmative defense based on the alleged lack of notice of acceleration *at this stage*."[116]

---

[113] The Court notes that there appear to be multiple other bases on which the Court could conclude that Mr. Blas's RESPA affirmative defense does not raise a genuine dispute of material fact as to BANA's foreclosure claim. Courts have consistently held that RESPA violations are not a legal basis to prevent foreclosure. *See Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012). Instead, RESPA violations may give rise to claims for damages if the borrower can demonstrate actual harm caused by the violation. *See* 12 U.S.C. § 2605(f)(1). Further, Mr. Blas has twice entered into settlement agreements with BANA and breached them. *See* Docket 94-3; Docket 94-5. As a matter of law, no further mitigation efforts are needed. See 12 C.F.R. § 1024.41(f)(1)(i); 12 C.F.R. §§ 1024.41(f)(2)(iii) & (g)(3)).

[114] Docket 90 at 27.

[115] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

[116] Docket 90 at 27 (emphasis added).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 28 of 44

On summary judgment, the Court is not limited to the pleadings and matters subject to judicial notice.[117]  BANA has introduced the Note, Loan Modification Agreement, and Deed of Trust containing the contractual provisions that require advance notice of acceleration, as well as a Notice of Intent to Accelerate dated July 5, 2013.[118]  Mr. Blas responds by asserting that "acceleration was improper" based on the date of default, and that BANA failed to issue new notices of acceleration after abandoning previous notices.[119]  Mr. Blas cites one case that the Court could locate, *Boren v. U.S. National Bank Association*, in which the Fifth Circuit applied Texas law (which is not applicable here), addressed the effect of abandoning a notice of intent to accelerate on the running of the statute of limitations period, and affirmed summary judgment for U.S. Bank on its foreclosure claim upon holding that the claim was not time-barred.[120]  *Boren* did not hold, contrary to Mr. Blas's assertion, that any "[s]ubsequent foreclosure efforts are contractually and legally invalid."[121]

Here, the Notice of Intent to Accelerate dated July 5, 2013 shows that BANA

---

[117] *See* Fed. R. Civ. P. 56(c) (describing acceptable forms of support for and against summary judgment).

[118] Docket 92-2 at 14; Docket 94-1 at 5, Docket 94-2 at 4; Docket 94-4 (Notice of Intent to Accelerate).

[119] Docket 101 at 3–4.

[120] 807 F.3d 99, 104–06 (5th Cir. 2015).  Mr. Blas also purports to cite "*Meachum v. Bank of Am. N.A.*, No. 4:16-cv-00628-O (N.D. Tex. 2018)."  The Court could not locate any relevant authority at this citation.

[121] Docket 101 at 4.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 29 of 44

satisfied its contractual obligations to provide notice of its intent to accelerate the debt before doing so.[122]  Mr. Blas has not shown that there is a genuine dispute with respect to this issue.  The Court therefore finds in BANA's favor on both Mr. Blas's breach of contract counterclaim based on lack of notice of acceleration and the corresponding affirmative defense.

**Statute of Limitations.**  Mr. Blas claims that the six-year statute of limitations for enforcing a note under Alaska Statute § 45.03.118(a) expired before BANA filed this judicial foreclosure action.[123]  Mr. Blas maintains that his last payment was October 30, 2012, the cure period expired November 29, 2012, and therefore the limitations period expired on November 29, 2018.[124]

Mr. Blas's calculation, however, fails to consider both (1) that the Note is properly classified as an installment contract and (2) the various periods during which the statute of limitations was tolled.  The Note here required monthly

---

[122] Docket 94-4; *see* Docket 92-2 at 14; Docket 94-1 at 5; Docket 94-2 at 4.  The Court further notes that Alaska law does not appear to require notice of acceleration before initiating a judicial foreclosure. The statute does not expressly require it. Alaska Stat. § 09.45.170.  In a non-judicial foreclosure, due process requires notice of default and acceleration before a sale can occur; but in a judicial foreclosure action, service of the complaint constitutes notice of foreclosure.  One law review article has commented that "Alaska does not require notice of default and acceleration before filing an action for judicial foreclosure; the only notice the debtor need receive is the filing of the complaint."  Joseph E. Gotch Jr., *Creditors' vs. Debtors' Rights Under Alaska Foreclosure Law: Which Way Does the Balance Swing?*, 14 Alaska L. Rev. 77, 96 (1997).

[123] Docket 7 at 4–5.  The parties appear to agree that Alaska Statute § 45.03.118(a) provides the applicable limitations period. *See* Docket 109 at 5 n.10 (BANA noting the parties' apparent agreement but reserving the right to the right to argue and present evidence at trial showing that its foreclosure claim is also not time barred under an alternative statute of limitations, Alaska Stat. § 09.10.053). The Court limits its timeliness analysis to Alaska Statute § 45.03.118(a).

[124] Docket 101 at 4.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 30 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 30 of 44

payments.[125]  As a result, a new right to pursue foreclosure accrued each month, thereby starting a new limitations period, until the debt was fully accelerated.[126] BANA did not accelerate the Note until it recorded the 2013 NOD in the local property records on December 11, 2013.[127]  Thus, the actual start date for the running of the limitations period for filing a judicial foreclosure action was December 11, 2013.[128]

Under Alaska law, state limitations periods are tolled when a party is legally barred from filing an action. Alaska Statute § 09.10.170 provides:

> When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition is not a part of the time limited for the commencement of the action.

The Alaska Supreme Court has held that § 09.10.170 suspends the limitations period for an action to foreclose a deed of trust when, as here, the debtors' bankruptcy filing triggers an automatic stay.[129]

The Court also finds that Alaska Statute § 09.10.170 operates to toll the statute of limitations during the period when the federal foreclosure moratorium

---

[125] Docket 94-1 at 1–2.

[126] *See Madden v. Alaska Mortg. Grp.*, 54 P.3d 265, 267 (Alaska 2002).

[127] Docket 94-4; Docket 92-12.

[128] *Madden*, 54 P.3d at 267; *see Boyd v. MTC Fin. Inc.,* Case No. 16-cv-00040, 2017 WL 6945581, *1 (D. Alaska July 19, 2017) ("the statute of limitations runs from each failure to make a debt payment and not from the date of the initial breach").

[129] *Osbourne v. Buckman*, 993 P.2d 409, 412 (Alaska 1999).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 31 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 31 of 44

was in effect.  On March 28, 2020, in response to the COVID-19 pandemic, the federal government instituted a moratorium on foreclosures of federally backed mortgages.[130]  While originally for sixty days, the federal foreclosure moratorium was extended multiple times and ultimately remained in effect through July 31, 2021.[131]  Mr. Blas does not dispute that the mortgage on the Property was federally backed and that BANA was therefore prohibited from initiating foreclosure proceedings during this period.  The federal foreclosure moratorium was a statutory provision which stayed the commencement of a foreclosure action on the Property. Therefore, applying the plain text of Alaska Statute § 09.10.170, the time during which the federal moratorium was in effect shall not be part of the limitations period.[132]

As a result, BANA correctly calculated the running of the statute of limitations

---

[130] *See* 15 U.S.C. § 9056(c)(2) ("a servicer of a Federally backed mortgage loan may not initiate any judicial or non-judicial foreclosure process . . . or execute a . . . foreclosure sale for not less than the 60-day period beginning on March 18, 2020.").

[131] *See* U.S. Dep't of Housing & Urban Dev., Mortgagee Letter 2021-19 (July 30, 2021) ("HUD's foreclosure moratorium is set to expire on July 31, 2021."), *available at* https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-19hsgml.pdf; *see Kremenchutsky*, 2025 WL 1249623, at *8; *United States v. Battle*, Case No. 20-cv-00082, 2022 WL 2437034, *1 n.1 (W.D.N.Y. July 5, 2022) ("In March 2020, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act which included a moratorium on foreclosures of certain federally backed mortgages. That moratorium was extended numerous times . . . and as a result, this action was in a holding pattern for much of 2020 and 2021.").

[132] Courts in other states with statutes comparable to Alaska Statute § 09.10.170 have held that state and federal foreclosure moratoriums in effect during the COVID-19 pandemic tolled the statute of limitations for foreclosure actions. *See Bartelamia v. U.S. Bank Nat'l Ass'n as trustee for RMAC Tr., Series 2016-CTT*, Case No. 3:23-cv-00877-AN, 2024 WL 3696621, at *9 (D. Or. Aug. 6, 2024); *Trento 67, LLC v. OneWest Bank, N.A.*, 230 A.D.3d 1, 10 (2024) (collecting New York cases).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 32 of 44

in its Motion for Summary Judgment.[133]  Six years is at least 2,190 days.[134]  BANA first accelerated the debt on December 11, 2013. From that date, 1,450 days passed between the date of acceleration and when Mr. Blas first filed for bankruptcy on November 30, 2017, thereby commencing tolling under Alaska Statute § 09.10.170.  There were then 740 days left in the limitations period.  The limitations period then began running again on December 17, 2019, when the Bankruptcy Court lifted the stay in Mr. Blas's first bankruptcy case.[135]  92 days then passed between December 17, 2019 and March 18, 2020, when the federal foreclosure moratorium due to the COVID-19 pandemic commenced and began another stay of the limitations period.[136]  The foreclosure moratorium remained in effect through July 31, 2021.  380 days then passed before Mr. Blas commenced his second bankruptcy action, staying the limitations period again until the automatic stay was lifted on January 16, 2024.  Between January 16 and August 21, 2024, when this action was filed, 218 days passed. There were therefore at least 50 days remaining for BANA to commence an action under the six-year

---

[133] Docket 91 at 15–18.

[134] Alaska Statute § 01.10.080, which governs the computation of limitations periods, does not provide any special rules for the treatment of leap years, and the Alaska Supreme Court does not appear to have addressed leap years specifically in the context of statutes of limitation.

[135] *See* Memorandum Decision On Motion For Relief From Automatic Stay at 13, *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska Dec. 16, 2017), Docket 235.

[136] 15 U.S.C. § 9056(c)(2) ("a servicer of a Federally backed mortgage loan may not initiate any judicial or nonjudicial foreclosure process . . . or execute a . . . foreclosure sale for not less than the 60-day period beginning on March 18, 2020").

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 33 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 33 of 44

limitations period of Alaska Statute § 45.03.118(a) at the time of filing, and this action is timely.

**Res Judicata and Unclean Hands.** As BANA points out in its reply, Mr. Blas fails to cite any material or offer any argument in support of his res judicata and unclean hands affirmative defenses.[137] As a result, summary judgment is properly entered in BANA's favor on these defenses.[138]

For the foregoing reasons, summary judgment is GRANTED to BANA on its judicial foreclosure claim, except on the issue of the amount due to BANA. Summary judgment is also GRANTED to BANA on Mr. Blas's breach of contract counterclaim. BANA is entitled to judicial foreclosure of the Property, with the amount to due to BANA to be determined at trial.

## III. BANA's Motion to Seal

BANA moves to file two prior settlement agreements between Mr. Blas and BANA because the agreements include confidentiality provisions.[139] Mr. Blas did not file a response to the motion to seal.

---

[137] Docket 109 at 2; *see* Docket 104.

[138] *See Deirmenjian v. Deutsche Bank, A.G.*, Case No. CV 06-00774, 2010 WL 3034060, at *7 & n.110 (C.D. Cal. July 30, 2010) (collecting cases holding that a party abandons claims or affirmative defenses where party advances no evidence or argument in support of them in response to opponent's competently supported summary judgment motion), *aff'd* 548 F. App'x 461 (9th Cir. 2013).

[139] BANA represents in the title of the motion that it is "Unopposed." However, in the body of the motion, BANA states that Mr. Blas "has indicated he is opposed to any use of these settlement agreement[s]." Docket 95 at 4. The settlement agreements have been filed under seal in Mr. Blas's prior cases. *E.g.*, Case No. 17-00411-GS (Bankr. D. Alaska), Docket 124.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 34 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 34 of 44

The Court agrees with BANA that the inclusion of confidentiality provisions in the two settlement agreements is a "compelling reason" warranting their filing under seal. The Ninth Circuit has recognized that courts may enter protective orders to preserve the secrecy of confidential settlement agreements.[140] The settlement agreements at issue provide that their terms are to remain confidential,[141] and there is strong public interest in maintaining parties' expectations of confidentiality with respect to settlement agreements.[142] The settlement agreements have been filed under seal in Mr. Blas's prior cases.[143] Accordingly, the motion to seal is GRANTED.

## IV.    Other Pending Motions

The Court addresses the remaining pending motions as follows:

**A.**    Mr. Blas's Motion in Limine #1 to Exclude Mischaracterization and Preclude Production of Instrument as Article 3 Negotiable Note at Docket 77 is

---

[140] *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *see also Shinn v. Baxa Corp.,* Case No. 2:07-cv-01648, 2008 WL 2704712, *1 (D. Nev. July 7, 2008) (noting that the court permitted parties to file under seal settlement agreement that was the subject of motion to determine good faith settlement); *Prosurance Group, Inc.*, Case No. 10-cv-02600-LHK, 2011 WL 704456, at *1 (finding good cause to permit the parties to file under seal documents that discuss or disclose the terms of the parties' settlement agreement).

[141] Docket 96-1 (SEALED) at 4; Docket 96-2 (SEALED) at 5–6.

[142] *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("Public interest also seeks to protect the finality of prior suits and the secrecy of settlements when desired by the settling parties.").

[143] *See e.g.*, Confidential Settlement Agreement [Under Seal], *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska, Aug. 9, 2018), Docket 124. It appears that BANA inadvertently filed copies of the confidential settlement agreements on the public docket in connection with the affidavit of Ms. Bernal. The exhibits at Dockets 92-3 and 92-5 have been locked by the Clerk's Office.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 35 of 44

**DENIED.** In this motion in limine, Mr. Blas seeks an order precluding BANA "from introducing argument, testimony, or documentary evidence that . . . mischaracterizes the financial instrument at issue as a negotiable bearer note under Article 3 of the Uniform Commercial Code (UCC)."[144] Mr. Blas contends that exclusion of such evidence is warranted under Federal Rule of Evidence 403, which gives courts discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[145]

Mr. Blas's motion is without merit. As discussed above, the only remaining issue for trial in this case is the amount due to BANA. The Court also notes that the trial in this action will be a bench trial.[146] "[I]in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial."[147] Further, the exclusion under Rule 403 of relevant evidence because of the possibility of undue prejudice has limited application in a bench trial.[148] Because the trial will be a bench trial, the Court

---

[144] Docket 77 at 1.

[145] Docket 77 at 1; Fed. R. Evid. 403.

[146] Docket 14 at 8; Docket 16 at 1.

[147] *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994).

[148] *United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995) ("There is nothing in the record to suggest that the probative value of the theft conviction to the magistrate judge evaluating Caudle's credibility was outweighed by such prejudice, and it would be most surprising if such potential

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 36 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 36 of 44

intends to take a more relaxed approach to the Rules of Evidence when evaluating any objections to the admissibility of the opposing party's evidence at trial.[149]

**B.** Mr. Blas's Motion to Dismiss and Jurisdictional Challenge at Docket 86 is **DENIED**. The Court has already rejected the bases for dismissal asserted in this motion in a prior order.[150]

**C.** BANA's omnibus Motion to Strike ECF 76, 77, 82, 83, 84, and 86; Or, in the Alternative, Motion for a More Definite Statement at Docket 87 is **DENIED**. As this Court has noted in prior orders, Federal Rule of Civil Procedure 12(f) provides that a court "may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[151] The filings that BANA seeks to strike in the motion are not pleadings.

**D.** Mr. Blas's Request for Judicial Notice Related to Docket #s 83 & 86 at Docket 88 is **DENIED**. Mr. Blas requests that the Court take judicial notice of (1) a screenshot of "Fannie Mae Loan Lookup Results" and (2) a letter filed in a

---

prejudice had any significance in a bench trial.").

[149] *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("'The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.'" (quoting *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004))); *United States v. 1291.83 Acres of Land*, 411 F.2d 1081, 1087 (6th Cir. 1969) ("While it is settled law that the trial judge has considerable discretion as to what evidence should be admitted, the federal rules and practice favor admission of evidence rather than exclusion if the proffered evidence has any probative value. In particular, rules of admissibility should not be applied with the same strictness where the case is tried before the court without a jury.")

[150] *See* Docket 90 at 3, 18, 24–25, 38, 41, 52, 56.

[151] Emphasis added.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 37 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 37 of 44

case in the U.S. Court of Appeals for the First Circuit.[152]  The Court finds that that the screenshot of "Fannie Mae Loan Lookup Results" filed at Docket 88-1 is not subject to judicial notice.[153]  "[A] document is [not] judicially noticeable simply because it appears on a publicly available website."[154]  And although the Court may take judicial notice of the existence of the First Circuit's case records, it "cannot take judicial notice of disputed facts contained in such public records."[155]  The mere existence of the letter and the fact that it was filed in the First Circuit have no relevance to the Court's disposition of the motions at Dockets 83 and 86.[156]  Further, Mr. Blas does not appear to seek judicial notice of the existence of the two documents—rather Mr. Blas appears to ask the Court to draw specific inferences from the contents of the documents.  This falls outside the scope of judicial notice.  "The purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute."[157]

**E.**    Mr. Blas's Motion to Strike Plaintiff's Motion for Summary Judgment

---

[152] Docket 88 at 1.

[153] *See* Fed. R. Evid. 201.

[154] *Rollins v. Dignity Health,* 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018).

[155] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F. 3d 988, 999 (9th Cir. 2018).

[156] *See Santa Monica Nativity Scenes Cmte. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying requests for judicial notice "on the grounds that the documents to be noticed are irrelevant"); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014) (denying request for judicial notice where it "would not change [the Court's] analysis").

[157] *Rollins,* 338 F. Supp. 3d at 1032.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 38 of 44

at Docket 98 **is DENIED**. This motion is premised on Mr. Blas's apparent belief that the Court, in its May 20, 2025 order, made a "clear determination that material factual disputes exist."[158] As discussed above, this belief is incorrect; the Court's partial denial of BANA's motion to dismiss does not preclude entry of summary judgment for BANA as to the remaining claims. In addition, BANA's motion for summary judgment is not a pleading susceptible to being stricken under Rule 12(f).

    **F.**    Mr. Blas's Motion to Strike Plaintiff's Untimely Improper Reply Filings on 6/30/2025 to Defendant's Opposition to MSJ at Docket 112 is **DENIED**. In this motion, Mr. Blas moves to strike BANA's reply briefs and an accompanying notice in support of its motion for summary judgment. Mr. Blas cites this district's Local Civil Rule 7, a subsection of which provides time limits for reply memoranda.[159] Mr. Blas contends that BANA's filings were untimely, because they were submitted more than seven days after service of Defendant's opposition.[160] However, Local Civil Rule 7.2(b)(2) provides fourteen, not seven, days following service of the opposition to file a reply memoranda in support of a motion brought under Federal Rule of Civil Procedure 12(b), 12(c), or 56. Here, Mr. Blas's motion acknowledges that BANA's replies in support of its Rule 56 motion for summary judgment were

---

[158] Docket 98 at 2. The Court notes that Mr. Blas also repeatedly misquotes and misrepresents the May 20, 2025 order.

[159] Mr. Blas incorrectly cites Local Civil Rule 7.1(c)(2). Docket 112 at 2. Local Civil Rule 7.2(b)(2) provides the time limits for reply memoranda.

[160] Docket 112 at 2.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 39 of 44

filed fourteen days of the oppositions to which they responded.[161]   The Court

further notes that Mr. Blas violated the local rules in connection with his summary

judgment briefing by filing multiple supplemental briefs without leave of court,

including a second supplemental brief that was not submitted within 21 days of

service of the Rule 56 motion as required by Local Civil Rule 7.2.[162]

   **G.**   Mr. Blas's Motion of Notice of Submission and Proposed Sur-Reply in

connection with BANA's Motion for Summary Judgment at Docket 113 is

**GRANTED**.   Mr. Blas's sur-reply at Docket 113-1 is accepted as filed, and its

arguments were considered in the Court's determination of BANA's Motion for

Summary Judgment.

   **H.**   Mr. Blas's Motion to Join Fannie Mae as a Necessary Party Under

Rules 20 and 19 at Docket 114 is **DENIED**.   The motion is untimely; under the

Scheduling and Planning Order in this case, any motions to add parties were to be

filed by December 17, 2024.[163]   Mr. Blas's motion was not filed until July 11,

2025.[164]   The Alaska Supreme Court has also rejected Mr. Blas's argument "that

---

[161] *See* Docket 112 at 2 (contending that the disputed filings "were submitted seven days" after the alleged seven-day deadline expired); *see also supra* note 1 (noting that "BANA's replies in support of its Motion for Summary Judgment were late-filed based on the date of Mr. Blas's first response in opposition, but were filed within 14 days of Mr. Blas's second supplemental opposition, and are accepted as filed")

[162] *Supra* note 1; *see* Docket 104; Docket 107.

[163] Docket 14 at 7 (setting deadline for motions to add parties "within 60 days of the date of this order," which was dated October 18, 2024).

[164] Docket 114.

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 40 of 44

Case 3:24-cv-00183-SLG    Document 142    Filed 08/28/25    Page 40 of 44

Bank of America does not have authority to foreclose on his home because Fannie Mae is his loan's 'investor[ ] or owner' and Bank of America is only the 'servicer,'" and this Court is bound by that determination.[165]

**I.** Mr. Blas's Motion in Limine to Exclude Inadmissible Evidence Per Trial Schedule at Docket 116 is **DENIED**. Mr. Blas moves to exclude seven categories of evidence that he contends BANA "may seek to introduce at trial."[166] Motions in limine seeking the exclusion of broad categories of evidence are disfavored.[167] The Court further notes that no evidence has been admitted as trial has not yet commenced, and finds that it will be better situated to assess the admissibility and value of the evidence during trial. The sole evidence presented at trial shall be that which is relevant to the determination of the amount owed to BANA.

**J.** Mr. Blas's Motion for Judicial Notice at Docket 117 is **DENIED**. Mr. Blas moves the Court to take judicial notice of a letter from himself to the Clerk of the Alaska Supreme Court, in which he contends that there is an "urgent jurisidictional conflict . . . between the Alaska Superior Court and the United States District Court" because this action and another wrongful foreclosure case filed by Mr. Blas in Anchorage Superior Court, Case No. 3AN-24-05974CI, both relate to

---

[165] *See Blas*, 2017 WL 1379317 at *5; Docket 90 at 34 (discussing application of issue preclusion to Mr. Blas's standing-related arguments).

[166] Docket 116 at 1.

[167] *See Sperberg v. Goodyear Tire and Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 41 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 41 of 44

the Property and are both open and pending.[168]  Mr. Blas provides no authority for the Court to take judicial notice of the letter. In addition, the premise of the letter—that there are two open, conflicting cases exercising *in rem* jurisdiction over the Property—is incorrect; a search of Alaska Superior Court records shows that Case No. 3AN-24-05974CI was dismissed and closed on December 13, 2024.[169]

K.      Mr. Blas's Cross-Motion for Summary Judgment and Memorandum of Points and Authorities at Docket 119 is **DENIED**.  Mr. Blas's arguments that BANA lacks authority to foreclose on the Property, failed to provide notice of its intent to accelerate, and that this Court lacks jurisdiction because it conflicts with Alaska Superior Court Case No. 3AN-24-05974CI have already been rejected by the Court in this and prior orders.  However, as discussed in connection with BANA's motion for summary judgment, the Court finds that there are disputes of material fact as to the amount due to BANA. The Court therefore does not grant summary judgment to either BANA or Mr. Blas on the amount due to BANA and will proceed to trial solely on that one issue.

L.      Mr. Blas's Motion to/for Pacer Fees Waiver at Docket 120 is **DENIED.** PACER user fees are governed by 28 U.S.C. § 1914.   The Electronic Public

---

[168] Docket 117-1.

[169] The Court takes judicial notice of the docket in *Blas v. Clear Recon Corp*, Case No. 3AN-24-05974CI (Alaska Super. Ct.). Courts may take judicial notice of court dockets in state and federal courts. Fed. R. Evid. 201(b); *see Porter v. Ollison,* 620 F.3d 952, 955 n. 1 ( 9th Cir.2010) (taking judicial notice of a court docket in state court proceedings).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 42 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 42 of 44

Access Fee Schedule provides that courts "should not . . . exempt individuals or groups that have the ability to pay the statutorily established access fee."[170]  Mr. Blas has not filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, as required for any fee waiver pursuant to Local Civil Rule 3.1(c).  The Court notes that access to PACER through the terminal located in the Clerk's Office is without charge. A fee is charged for printing copies of documents.[171]

    **M.**    The remaining pending motions at Dockets 72, 76, 81, 82, 84, and 123 are **DENIED as moot**.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED:

(1) Mr. Blas's Rule 56(d) Motion at Docket 83 is **DENIED**;

(2) Mr. Blas's Motion of Notice of Submission and Proposed Sur-Reply in connection with BANA's Motion for Summary Judgment at Docket 113 is **GRANTED**;

(3) BANA's Motion for Summary Judgment at Docket 91 is **GRANTED except as to the amount due to BANA, which shall be determined at trial**;

(4) BANA's Motion to Seal at Docket 95 is **GRANTED**;

(5) The remaining pending motions at Dockets 72, 76, 77, 81, 82, 84, 86,

---

[170] 28 U.S.C. § 1914.

[171] *See* Local Civil Rule 79.2(b).

Case No. 3:24-cv-00183-SLG, *Bank of America, N.A. v. Blas*
Order on Motion for Summary Judgment and Other Pending Motions
Page 43 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 43 of 44

87, 88, 98, 112, 114, 116, 117, 119, 120, and 123 are **DENIED**.

DATED this 28th day of August, 2025, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00183-SLG, _Bank of America, N.A. v. Blas_
Order on Motion for Summary Judgment and Other Pending Motions
Page 44 of 44

Case 3:24-cv-00183-SLG     Document 142     Filed 08/28/25     Page 44 of 44