**Leo Blas**
24245 Temple Dr.
Chugiak, AK 99567
907-350-5369
leoblas@gmail.com



MAY 04 2026

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

**BANK OF AMERICA, N.A.,**
**Plaintiff,**
v.                                    **Case No.: 3:24-CV-00183-SLG**
**LEO BLAS,**                         **Trial Date: September 18, 2025**
**Defendant.**

---

## MOTION FOR ADVERSE INFERENCE
## AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT

---

## I. INTRODUCTION

Plaintiff bears the burden of proving, by a preponderance of the evidence, both the amount due and the existence of a valid, enforceable lien. (Dkt. 177 at 4–5). Despite repeated Court orders, Plaintiff has not produced foundational documents necessary to establish a continuous chain of title or proper satisfaction and reconveyance of the prior lien.

Because these materials are within Plaintiff's exclusive control and go directly to the elements of its claim, an adverse inference is warranted under Federal Rule of Civil Procedure 37 and the Court's inherent authority.

## II. THE MISSING AUDIT TRAIL AND THE 35-DAY TITLE GAP

A party seeking judicial foreclosure must establish a valid and enforceable security interest supported by a complete chain of title. The Deed of Trust requires reconveyance of any prior lien upon full satisfaction of the underlying obligation. (Deed of Trust Sec.23).

The public record reflects:

a. Plaintiff recorded its Deed of Trust on **February 27, 2008** (Instrument No. 2008-010225-0)
b. The prior IndyMac Deed of Trust was not reconveyed until **April 3, 2008** (Instruments 2008-018317-0 and 2008-018318-0)

creating a **35-day gap**.

In a standard refinance transaction, the prior lien is satisfied and reconveyed contemporaneously with, or prior to, the recording of the new security instrument. Plaintiff has not produced evidence explaining this gap, including:

1

a. HUD-1 or closing statement for the February 2008 transaction;
b. Payoff confirmation or wire records demonstrating satisfaction of the IndyMac loan;
c. Documentation establishing the authority of the entity executing the April 3, 2008 reconveyance;
d. Records establishing the chain of ownership of the IndyMac note during the February–April 2008 period.

These documents are essential to establish that the 2008 Deed of Trust created a valid first-position lien. Their absence leaves a material gap in Plaintiff's proof.

## III. <u>REPEATED NON-COMPLIANCE WITH COURT ORDERS</u>

This Court directed Plaintiff to provide supporting documentation on multiple occasions, including:

- **May 20, 2025 Order;**
- **September 18, 2025 Trial Proceedings**; and
- **March 6, 2026 Order** (Dkt. 177), requiring supplemental documentation within 21 days for specific unproven payoff categories.

Plaintiff did not produce the required foundational documents. Instead, **Plaintiff filed a pre-mature motion under Rule 54 (Dkt. 180) supported only by internal AldridgePite billing records** while continuing to omit the underlying loan file materials necessary to establish its claim.

The record reflects that Plaintiff is very capable of producing detailed documentation when it supports its position, yet has not produced the materials required by the Court's orders to establish lien validity and amount due.

## IV. <u>LEGAL BASIS FOR ADVERSE INFERENCE</u>

Under **Federal Rule of Civil Procedure 37(b),** a court may impose sanctions when a party fails to comply with a discovery order, including:

- directing that designated facts be taken as established;
- prohibiting the disobedient party from supporting designated claims;
- or dismissing the action in whole or in part.

Courts possess inherent authority to draw adverse inferences where a party with exclusive control over relevant evidence fails to produce it when:

- The requested materials are within Plaintiff's exclusive control;
- The Court ordered production;
- Plaintiff did not comply;
- The missing documents go directly to the core elements of Plaintiff's claim.

Under these circumstances, it is appropriate to infer that the withheld evidence would be unfavorable to Plaintiff.

## V. <u>APPROPRIATE INFERENCES</u>

Based on Plaintiff's non-compliance and the absence of essential documentation, the Court should draw the following inferences:

1. **Lien Validity and Continuity**
   The February 2008 transaction <u>is not supported by evidence demonstrating contemporaneous satisfaction and reconveyance of the prior IndyMac lien sufficient to establish a continuous first-position lien</u>, and non-compliance with Alaska Spousal Joinder Statute <u>AS 34.15.010</u>.
2. **Failure of Proof**
   Plaintiff has not established a complete chain of title or a valid, enforceable security interest as required for foreclosure.
3. **Authority to Enforce (Limited Inference)**
   <u>The record does not establish that Plaintiff is the party entitled to enforce the lien at all relevant times</u>, based on the absence of supporting documentation.

These inferences are based solely on Plaintiff's failure to produce evidence required by Court orders and necessary to meet its burden of proof.

## VI. <u>RELATION TO PLAINTIFF'S PENDING MOTION FOR JUDGMENT</u>

The issues raised in this motion directly affect Plaintiff's purported Motion for General Judgment (Dkt. 180) filed by self-terminated counsel. Without the foundational documents described above, Plaintiff cannot establish:

- the validity of its lien;
- the continuity of its security interest; or
- the accuracy of the amount claimed.

Accordingly, the requested adverse inference supports denial of Plaintiff's motion.

## VII. <u>CONCLUSION AND REQUEST FOR RELIEF</u>

Plaintiff has not complied with multiple Court orders and has failed to produce the foundational documents necessary to establish a valid and enforceable lien. <u>The completely un-addressed 35-day gap in the title record</u> and the absence of supporting documentation are material to Plaintiff's burden of proof.

Defendant respectfully requests that the Court:

- **Grant Defendant's Motion for Adverse Inference;**
- **Preclude Plaintiff from relying on unproduced documents** to establish lien validity or amount due;
- **Find that Plaintiff has failed to establish a valid and enforceable security interest;**
- **Deny Plaintiff's Motion for General Judgment (Dkt. 180);** and
- Grant such other relief as the Court deems just and proper.

3

Respectfully submitted,

Leo Blas
5/4/2026

4