**Leo Blas**
24245 Temple Dr.
Chugiak, AK 99567
907-350-5369
leoblas@gmail.com

RECEIVED
SEP 28 2026
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

**BANK OF AMERICA, N.A.,**
Plaintiff,
v.
**LIOR BLAS,**
Defendant.

**Case No.: 3:24-CV-00183-SLG**
**Trial Date: September 18, 2025**

---

## DEFENDANT'S NOTICE REGARDING PLAINTIFF REQUEST FOR RULING

---

Defendant Leo Blas submits this brief Notice in response to Plaintiff's Request for Ruling (Dkt. 189), filed September 25, 2026.

Plaintiff's Request states there is "very limited utility in additional briefing" on the pending motions "until this Court rules." But, in Dkt. 189 at #2 Plaintiff's own footnote in that same filing identifies seven separate oppositions, sur-replies, and supplemental filings submitted by Defendant on these same issues (Dkts. 179, 182, 183, 184, 185, 186, and 187) which responded to positions the Plaintiff itself raised across multiple, sequential filings on timeliness and fees.

Defendant files this Notice only to observe that Plaintiff's characterization of the briefing as complete and requiring no further comment is difficult to reconcile with Plaintiff's own litigation conduct over the same period.

Defendant further notes that a substantial portion of the post-trial briefing Plaintiff now characterizes as unnecessary **concerns issues and fee proposals Plaintiff itself introduced only after the trial** concluded on September 18, 2025, including a revised total figure superseding the payoff statement presented at trial, **new matters tied to the prior bankruptcy proceedings**, and the attorney fee and cost figures underlying Plaintiff's Motion for Fees and Judgment (Dkt. 180).

Defendant had no opportunity to cross-examine any witness on these post-trial issues or figures, since no further evidentiary hearing was held after they were raised. Defendant's post-trial filings responding to these new matters are accordingly not properly characterized as redundant reiteration by the Plaintiff.

Defendant further notes that the fee documentation underlying Plaintiff's Motion for Fees and Judgment (Dkt. 180) includes a declaration from Stephen Rynerson of Bryan Cave Leighton Paisner, who has not appeared of record in this case, seeking $61,225.50 in fees. In that declaration, **Mr. Rynerson clearly states that the subject loan is a federally backed mortgage that was securitized by Fannie Mae** (not just a private contract matter).

This admission bears directly on issues Defendant has raised throughout this case regarding the real-party-in-interest and Plaintiff's status as a servicer rather than the beneficial owner of the loan, and is not a matter raised for the first time or repetitively without basis. The plaintiff is not the current-beneficiary-of-record per the state publicly available land records.

Defendant takes no position in this Notice beyond these observations and does not request any relief.

Respectfully submitted,

Leo Blas

September 28, 2026