IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

BANK OF AMERICA, N.A.,

Plaintiff,

v.

LIOR BLAS, *et al.*

Defendants.

Case No. 3:24-cv-00183-SLG

**ORDER CERTIFYING QUESTIONS TO THE ALASKA SUPREME COURT AND STAYING DISTRICT COURT PROCEEDINGS**

Plaintiff Bank of America, N.A. ("BANA") has been trying to foreclose on Defendant Lior Blas's residence since 2013. BANA initiated this judicial foreclosure action in 2024. After a one-day bench trial in late 2025, the Court issued Findings of Fact and Conclusions of Law in March 2026. But it remains unclear whether BANA timely initiated this action, and the Court's March 2026 findings were conditioned on a determination that the judicial foreclosure action was timely initiated.

Pursuant to Rule 407 of the Alaska Rules of Appellate Procedure, the District Court respectfully requests the Alaska Supreme Court to answer the following certified questions of Alaska law:

1) Which statute of limitations governs an action seeking judicial foreclosure of a deed of trust: the three-year limitations period in AS § 09.10.053 or the six-year limitations period in AS § 45.03.118(a)?

2) Does a beneficiary's timely commencement of a nonjudicial foreclosure under AS § 34.20.070 equitably toll the limitations period applicable to a later judicial foreclosure action arising from the same default?

3) Does the debtor's initiation of a state court action seeking to halt the nonjudicial foreclosure equitably toll the limitations period applicable to a later judicial foreclosure action arising from the same default?

Because this case involves questions of law "as to which . . . there is no controlling precedent in the decisions of the supreme court of this state," and the answer to these questions "may be determinative of the cause [now] pending" in this Court,[1] this Court respectfully asks the Alaska Supreme Court to exercise its discretion to decide the certified questions set forth above. The Court acknowledges the Alaska Supreme Court's discretion to reformulate the questions if it decides to consider the certified questions.[2]

## BACKGROUND

In 2008, Mr. Blas obtained a $300,000 mortgage loan from BANA, which was memorialized by a promissory note (the "Note"), and secured by a deed of trust (the "Deed of Trust") against property located at 24245 Temple Drive, Chugiak, AK, 99567-6287 (the "Property").[3] After defaulting on the Note, Mr. Blas

[1] Alaska R. App. P. 407.

[2] *See Victor v. State Farm Fire & Cas. Co.*, 908 P.2d 1043, 1044 n.2 (Alaska 1996).

[3] Docket 177 at 2.

received a loan modification in 2011.[4] Mr. Blas resumed payments after executing the loan modification but defaulted on the loan again in or around October 2012.[5]

BANA issued a Notice of Intent to Accelerate the loan on July 5, 2013.[6] BANA subsequently recorded a Notice of Default and Election to Sell Under Deed of Trust (the "2013 Notice") against the Property in the Anchorage public records on December 11, 2013, formally accelerating the loan.[7]

In January 2014, Mr. Blas sued BANA in Anchorage Superior Court seeking to enjoin BANA's effort to nonjudicially foreclose on the Property.[8] The Superior Court entered summary judgment in favor of BANA on all claims and dismissed

---

[4] Docket 177 at 2.

[5] Docket 177 at 2.

[6] Docket 94-4.

[7] Docket 94 ¶ 15; Docket 94-4; Docket 178 at 3.

[8] *See* Docket 92-16 at 1-3 (Compl., *Blas v. Bank of Am., N.A.*, Case No. 3AN-14-04595CI (Alaska Super. Ct. Jan. 23, 2014)).

the case with prejudice.[9] Mr. Blas appealed, and in April 2017, the Alaska Supreme Court affirmed the dismissal.[10]

On August 31, 2017, BANA withdrew the 2013 Notice and recorded a new Notice of Default and Election to Sell Under Deed of Trust (the "2017 Notice"), reaccelerating the debt.[11]

On September 12, 2017, Mr. Blas filed a new state court action against BANA in Anchorage Superior Court seeking to stop BANA's second nonjudicial foreclosure.[12] The Superior Court ultimately granted summary judgment for BANA.[13] Mr. Blas appealed, and in October 2019, the Alaska Supreme Court affirmed the Superior Court's grant of summary judgment to BANA.[14]

On November 30, 2017, Mr. Blas filed for Chapter 13 bankruptcy ("First Bankruptcy Case"),[15] triggering an automatic stay under 11 U.S.C. § 362(a).

---

[9] *See Blas v. Bank of Am., N.A.*, Case No. S-16174, 2017 WL 1379317, at *1-2 (Alaska Apr. 12, 2017); Docket 92-16 at 4-5 (Final J., *Blas v. Bank of Am., N.A.*, Case No. 3AN-14-04595CI (Alaska Super. Ct. Sep. 28, 2015)).

[10] *Blas*, 2017 WL 1379317, at *7.

[11] Docket 94 ¶ 20.

[12] *Blas v. Bank of Am., N.A.*, Case No. S-17253, 2019 WL 5061383, at *1 (Alaska Oct. 9, 2019).

[13] *Id.*

[14] *Id.* at *3.

[15] Chapter 13 Voluntary Petition, *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska Nov. 30, 2017), Docket 1.

BANA filed a Proof of Claim on February 12, 2018; Mr. Blas filed an objection on the same day,[16] and the Bankruptcy Court ultimately denied Mr. Blas's objection.[17]

On September 10, 2018, Mr. Blas filed an adversary case ("First Adversary Case") against BANA in the First Bankruptcy Case bringing a quiet title claim and alleging that the Note and Deed of Trust were unenforceable.[18]

On February 13, 2019, Mr. Blas converted his First Bankruptcy Case to a Chapter 7 liquidation.[19] On May 31, 2019, a Discharge Order was entered in the First Bankruptcy Case.[20] In December 2019, the Bankruptcy Court granted BANA relief from the automatic stay.[21]

In March 2020, as a result of the COVID-19 pandemic, Congress enacted a moratorium on foreclosures against all "[f]ederally backed mortgage loans,"

[16] Objection to Improper Proof of Claim, *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska Feb. 12, 2018), Docket 40.

[17] *In re Blas*, Case No. 17-00411-GS, 2019 WL 7602219, at *4 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am., N.A.*, Case No. 3:19-CV-00324-RRB, 2020 WL 10319361, at *3 (D. Alaska Aug. 17, 2020).

[18] Quiet Title Adversary Action, *Blas v. Bank of Am., N.A.*, Adv. Case No. 18-90028-GS (Bankr. D. Alaska Sep. 10, 2018), Docket 1.

[19] Order Converting Case from Chapter 13 to Chapter 7, *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska Feb. 13, 2019), Docket 183.

[20] Docket 92-5.

[21] Mem. Decision on Mot. for Relief from Automatic Stay, *In re Blas*, Case No. 17-00411-GS (Bankr. D. Alaska Dec. 17, 2019), Docket 235.

effective March 18, 2020.[22] The moratorium remained in effect through July 31, 2021.[23]

On May 6, 2022, a Termination Notice removing the 2017 Notice and a new Notice of Default and Election to Sell Under Deed of Trust ("2022 NOD") were recorded against the Property, again reaccelerating the debt and commencing another nonjudicial foreclosure.[24]

On May 12, 2022, Mr. Blas filed a new adversary case in the First Bankruptcy Case seeking to enjoin the nonjudicial foreclosure (the "Second Adversary Case").[25] The Bankruptcy Court eventually dismissed the Second Adversary Case.[26]

On August 15, 2022, Mr. Blas filed another Chapter 13 bankruptcy case ("Second Bankruptcy Case"), which triggered another automatic stay under 11

---

[22] 15 U.S.C. § 9056(c)(2).

[23] *See* U.S. Dep't of Housing & Urban Dev., Mortgagee Letter 2021-19 (July 30, 2021), *available at* https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-19hsgml.pdf (last visited Sep. 30, 2026).

[24] Docket 94 ¶ 26.

[25] Compl., *Blas v. Bank of Am., N.A.*, Adv. Case No. 22-90003-GS (Bankr. D. Alaska May 12, 2022), Docket 1.

[26] Order Dismissing Adversary Proceeding, *Blas v. Bank of Am., N.A.*, Adv. Case No. 22-90003-GS (Bankr. D. Alaska Mar. 1, 2023), Docket 80.

U.S.C. § 362(a).[27] BANA moved for and was ultimately granted relief from the new automatic stay in January 2024.[28]

On March 11, 2024, a new Notice of Default and Election to Sell Under Deed of Trust ("2024 NOD") was recorded in the Anchorage public records, which initiated another nonjudicial foreclosure.[29]

On May 28, 2024, Mr. Blas filed another adversary case ("Third Adversary Case") in the First Bankruptcy Case against BANA.[30] On May 30, 2024, a Termination Notice withdrawing the 2024 NOD was recorded.[31] On June 11, 2024, the Bankruptcy Court dismissed the Third Adversary Case sua sponte.[32]

On August 21, 2024, BANA filed this action for judicial foreclosure.[33] Mr. Blas filed an answer with affirmative defenses and counterclaims.[34] On May 20, 2025, the Court issued an order addressing 25 then-pending motions, in which it denied Mr. Blas's dispositive motions and dismissed most, but not all, of Mr. Blas's

---

[27] Chapter 13 Voluntary Pet., *In re Lior Blas*, Case No. 22-00100-GS (Bankr. D. Alaska Aug. 15, 2022), Docket 1.

[28] Order, *In re Lior Blas*, Case No. 22-00100-GS (Bankr. D. Alaska Jan. 16, 2024), Docket 138.

[29] Docket 92-12 (2024 Notice).

[30] Compl., *Blas v. Bank of Am., N.A.*, Adv. Case No. 24-90003-GS (Bankr. D. Alaska May 28, 2024), Docket 1.

[31] Docket 94 ¶ 31.

[32] Order Dismissing Adversary Proceeding, *Blas v. Bank of Am., N.A.*, Adv. Case No. 24-90003-GS (Bankr. D. Alaska June 11, 2024), Docket 11.

[33] Docket 1.

[34] Docket 7.

affirmative defenses and counterclaims with prejudice.[35] The Court did not dismiss Mr. Blas's affirmative statute of limitations defense.[36]

On August 28, 2025, the Court issued another order addressing 21 then-pending motions.[37] There, the Court granted BANA summary judgment on its judicial foreclosure claim, except on the issue of the amount due to BANA, and dismissed Mr. Blas's remaining affirmative defenses.[38] In dismissing Mr. Blas's statute of limitations defense, the Court found that BANA's judicial foreclosure action was timely filed under the six-year limitations period in Alaska Statute § 45.03.118(a), which was the limitations period both parties had maintained was applicable.[39]

On September 18, 2025, the Court held a one-day bench trial to determine the amount that BANA may credit bid at a judicial foreclosure sale of the Property.[40]

---

[35] Docket 90 at 58-62; *see also* Docket 97 at 5 (Supplement to Order on Pending Motions) (clarifying that the dismissals of Mr. Blas's counterclaims and affirmative defenses, as ordered by the Court at Docket 90, are with prejudice and without leave to amend).

[36] Docket 90 at 32.

[37] Docket 142.

[38] Docket 142 at 34.

[39] Docket 142 at 30-34.

[40] Docket 157.

At trial, the Court stated that it may reconsider the statute of limitations issue, which led to supplemental briefing by both parties.[41]

On March 6, 2026, the Court issued its Findings of Fact, Conclusions of Law and Order.[42] There, the Court found that "the three-year limitation in AS § 09.10.053 and not the six-year limitation in AS § 45.03.118(a) applies to BANA's judicial foreclosure claim."[43] The Court also granted BANA's request to "reopen summary judgment briefing on a limited basis to permit BANA to enter evidence in the record concerning why its foreclosure claim is also not time barred under Alaska Stat. § 09.10.053."[44]

On March 20, 2026, BANA filed its Supplemental Memorandum Re: Timeliness of Action Under AS § 09.10.053.[45] BANA contends that its judicial foreclosure claim against Mr. Blas is timely because statutory and equitable tolling and equitable estoppel prevented the limitations period from expiring.[46] BANA also asks the Court to certify to the Alaska Supreme Court "whether the Alaska non-judicial foreclosure process under Alaska Stat. § 34.20.070 qualifies as a sufficient

---

[41] Docket 161; Docket 167; Docket 169.

[42] Docket 177.

[43] Docket 177 at 8.

[44] Docket 177 at 10-11 (quoting Docket 161 at 2).

[45] Docket 178.

[46] Docket 178 at 13-17. BANA also argues that an April 2027 settlement agreement between Mr. Blas and BANA and/or a stipulated resolution between BANA and the Chapter 7 Trustee in the First Adversary Case created a new right to foreclose. *See* Docket 178 at 9-13. However, neither of those agreements were recorded. *See* Alaska Stat. § 09.10.200.

vehicle to trigger equitable tolling."[47] Mr. Blas responded to BANA's memorandum on March 23, 2026, asserting that BANA's foreclosure claim accrued no later than December 11, 2013, expired three years later in December 2016 pursuant to AS § 09.10.053, and was neither revived by any later agreements nor rendered timely by tolling or estoppel.[48]

## LEGAL STANDARD

If state law permits, a district court may exercise its discretion to certify questions to the state's highest court.[49] Under Alaska Rule of Appellate Procedure 407, the Alaska Supreme Court may answer questions of law certified to it by a United States District Court if the question "may be determinative of the cause" pending before the court and there appears to be "no controlling precedent in the decisions" of the Alaska Supreme Court.[50] "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court."[51]

## DISCUSSION

This Court respectfully submits that three questions of Alaska law are appropriate for certification because no controlling Alaska Supreme Court

---

[47] Docket 181 at 10 & n.4.

[48] Docket 179 at 2-7.

[49] *See Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 665 (9th Cir. 2020); *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

[50] Alaska R. App. P. 407.

[51] *Eckard Brandes, Inc.*, 338 F.3d at 1087 (quoting *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985)).

precedent resolves them and their answers may determine whether BANA's judicial foreclosure action is timely.

## I. Governing Limitations Period

The first question is which of two Alaska statutes provides the limitations period for BANA's judicial foreclosure claim. AS § 09.10.053 generally provides a three-year limitations period for "an action upon a contract or liability, express or implied." AS § 45.03.118(a), part of Alaska's Uniform Commercial Code, provides that an action "to enforce the obligation of a party to pay a note payable at a definite time" must be commenced within six years after the stated or accelerated due date.

The Alaska Supreme Court has long treated "[t]he statute of limitations for foreclosing a deed of trust [as] the same as that for the underlying debt."[52] In *Dworkin v. First National Bank of Fairbanks*, the Alaska Supreme Court explained that "in the absence of a controlling statute the foreclosure action is subject to the same period of limitations as the underlying debt."[53] At that time, AS § 09.10.050 provided a six-year limitations period for actions "upon a contract or liability, express or implied," and Alaska courts accordingly applied that period to foreclosure actions.[54] However, in 1997, AS § 09.10.050 was substantially amended to eliminate the provisions relevant to contract-based claims, and AS §

[52] *Osbourne v. Buckman*, 993 P.2d 409, 412 (Alaska 1999).

[53] 444 P.2d 777, 782 (Alaska 1968).

[54] *See Osbourne*, 993 P.2d at 411 & n.3 (applying the six-year statute of limitations provided by AS § 09.10.050 to a foreclosure claim that arose before 1997); *Madden v. Alaska Mortg. Grp.*, 54 P.3d 265, 267-68 (Alaska 2002) (same).

09.10.053 was enacted, establishing a three-year limitations period for "an action upon a contract or liability, express or implied, except as provided in AS § 09.10.040, or as otherwise provided by law, or, except if the provisions of this section are waived by contract."[55]

Before the Court's March 6, 2026 order, the parties' briefing in this Court and in the bankruptcy proceedings largely proceeded on the premise that the six-year provision in AS § 45.03.118(a) governed.[56] This Court initially applied the six-year period in AS § 45.03.118(a),[57] but later reconsidered that determination and concluded that the three-year period in AS § 09.10.053 governed.[58]

The Court now concludes that the governing limitations period for a judicial foreclosure proceeding remains unsettled under Alaska law. This Court is unaware of any controlling Alaska decision that addresses whether AS § 09.10.053 and AS § 45.03.118(a) applies when a creditor seeks judicial foreclosure of a deed of trust securing a negotiable promissory note. If the three-year period applies, the limitations period presumptively expired in December 2016 unless tolling or another recognized exception applies. If the six-year period applies, the

---

[55] *See* 1997 Alaska Sess. Laws ch. 26, § 3; 1997 Alaska Sess. Laws ch. 32, § 8.

[56] *See, e.g.*, Docket 7 at 4-5; Docket 101 at 4; Docket 109 at 5 n.10 (BANA noting the parties' apparent agreement that the six-year statute is applicable but reserving the right to argue and present evidence at trial showing that its foreclosure claim is also not time barred under the three-year statute in Alaska Stat. § 09.10.053).

[57] Docket 142 at 34.

[58] Docket 177 at 8.

bankruptcy stays and federal foreclosure moratorium identified by BANA would apply to exclude enough time to make this action timely. The first question therefore may determine the outcome of this proceeding and warrants certification.

## II. Equitable Tolling

The second two questions arise only if the three-year limitations provision in AS § 09.10.053 supplies the governing period. BANA asserts that the nonjudicial foreclosure process it commenced in December 2013 constituted an alternative remedy that equitably tolled the limitations period.[59] That issue turns on whether Alaska's statutory trustee sale process constitutes pursuit of an alternative remedy sufficient to invoke equitable tolling.

In *Gudenau & Co. v. Sweeney Insurance, Inc.*, the Alaska Supreme Court adopted the doctrine of equitable tolling, holding that "when a plaintiff has multiple legal remedies available to him[,] [c]ourts will not force a plaintiff to simultaneously pursue two separate and duplicative remedies."[60] The court held that equitable tolling applies when: (1) pursuit of the initial remedy "[gave] the defendant notice of the existence of a legal claim against it;" (2) "the defendant [was] not . . . prejudiced in its ability to gather evidence by the bringing of the second claim;" and (3) "the plaintiff . . . acted in good faith."[61] The Court ultimately declined to apply

---

[59] Docket 178 at 13-15.

[60] 736 P.2d 763, 768 (Alaska 1987).

[61] *Id.*

equitable tolling in *Gudenau,* because the plaintiff's private complaints failed to satisfy the first element of notice.[62] The Alaska Supreme Court held that "the statute of limitations is tolled only for those who initially pursue their rights in a judicial or quasi-judicial governmental forum" because "[t]he pursuit of non-judicial remedies rarely gives the defendant adequate notice of the existence of a legal claim against it."[63]

By contrast, in *Dayhoff v. Temsco Helicopters, Inc.*, the Alaska Supreme Court held that filing a wage claim with the Department of Labor constituted pursuit of an alternative remedy in a quasi-judicial forum.[64] The Court reasoned that the agency had "the power to conduct investigations, issue subpoenas, and hold hearings subject to appeal to the superior court," and those powers were "similar to those of other adjudicative agencies and approximate those of a court or arbitrator."[65]

A trustee conducting a nonjudicial foreclosure performs a different statutory role. Under AS §§ 34.20.070 and 34.20.080, the trustee's role is to "execute the trust by sale of the property,"[66] "record . . . a notice of default,"[67] "deliver to the

---

[62] *Id.*

[63] *Id.*

[64] 772 P.2d 1085, 1087-88 (Alaska 1989).

[65] *Id.*

[66] AS § 34.20.070(a).

[67] AS § 34.20.070(b).

purchaser a deed to the property sold,"[68] and "distribute any cash proceeds of the sale."[69] The Alaska Supreme Court has held that "the duties of a trustee under a deed of trust are usually quite narrow: to conduct a fair sale in the event of the trustor's default."[70]

Nevertheless, several features of Alaska's trustee sale process could be sufficient to invoke equitable tolling. Unlike an informal private complaint, recording a notice of default is a formal step prescribed by statute for pursuing a nonjudicial foreclosure.[71] By recording its Notice of Default in December 2013, BANA timely invoked this statutory remedy to enforce the same lien, against the same property, based on the same default at issue here, and formally notified Mr. Blas of that effort.[72] Mr. Blas then commenced a state court action challenging BANA's ability to complete the sale, placing the same foreclosure dispute before a judicial forum while the limitations period was running.[73] Thus, although BANA did not initiate a judicial proceeding in 2013 and the trustee exercised no adjudicative authority, the process arguably implicated the notice, prejudice, and good faith considerations underlying equitable tolling.[74]

---

[68] AS § 34.20.080(b).

[69] AS § 34.20.080(f).

[70] *Madden*, 54 P.3d at 270.

[71] *See* AS § 34.20.070(b)-(c). *Cf. Gudenau & Co.*, 736 P.2d at 768.

[72] AS § 34.20.070(b)-(c); Docket 94-4; Docket 178 at 9-10.

[73] *See* Docket 92-16 at 1-3.

[74] *See Solomon v. Interior Reg'l Hous. Auth.*, 140 P.3d 882, 884-85 (Alaska 2006); *Gudenau &*

The Alaska Supreme Court has not decided whether timely pursuit of a nonjudicial foreclosure under AS § 34.20.070—particularly when the debtor initiates a lawsuit seeking to halt the foreclosure sale—satisfies Alaska's equitable tolling doctrine for a later judicial foreclosure arising from the same default. Because the answer to these questions may determine whether the limitations period expired before the later bankruptcy stays and foreclosure moratorium began, the second and third questions also warrant certification.

Therefore, pursuant to Rule 407 of the Alaska Rules of Appellate Procedure, the Court respectfully requests the Alaska Supreme Court to answer the certified questions of Alaska law presented above. The Court will abide by the Alaska Supreme Court's answers to these certified questions, which "shall be res judicata as to the parties and have the same precedential force as any other appellate decision of the supreme court."[75]

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Court's March 6, 2026 order at Docket 177 is **VACATED** only to the extent it conclusively determined that AS § 09.10.053 governs BANA's judicial foreclosure claim.

---

*Co.*, 736 P.2d at 768.

[75] Alaska R. App. P. 407(f).

2. The Court **CERTIFIES** the three questions stated above to the Alaska Supreme Court. This matter is **STAYED** pending proceedings in the Alaska Supreme Court.

3. In light of the stay of proceedings, BANA's Motion for Attorneys' Fees at Docket 180 and Mr. Blas's Motion for Adverse Inference and Statement of Points and Authorities at Docket 186 are each **DENIED** without prejudice to renewal upon the lifting of the stay.

4. The parties shall notify this Court whether the Alaska Supreme Court agrees to answer the certified questions in a status report to be filed within **seven days** of that Court's decision. If the Alaska Supreme Court accepts the certified questions, the parties shall each file a status report with this Court **six months** after the date of such acceptance and every **six months** thereafter.

5. The Clerk of Court shall transmit to the Alaska Supreme Court a signed copy of this order under the official seal of the U.S. District Court for the District of Alaska. Upon request of the Alaska Supreme Court, the Clerk of Court shall also provide the Alaska Supreme Court with a copy of the record in this case.

DATED this 1st day of October 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE